Ronald Van Hook
515 S. 11th St. #3
Payette, ID  83661
(208) 982-0164

U.S. COURTS
MAY 08 2019
Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES DISTRICT COURT FOR
THE FOURTH JUDICIAL DISTRICT OF IDAHO SOUTHERN DIVISION

| | |
|---|---|
| Ronald Van Hook  - Pro Se<br>Gabriel Van Hook and Nathan Van Hook<br><br>Plaintiffs<br><br>vs.<br><br>State of Idaho<br>Idaho Bar Association<br>Steven Fisher and Fisher law firm<br>Mary Grant, Kimberli Stretch and Idaho Legal Aid<br>Virginia Bond and Bond Law Chartered<br>Christopher D. Boyd and/or Adams County Idaho<br>John Doe(s) 1-100<br>Unknown Agents (of Idaho Third Judicial District)<br><br>Defendants | Case No. 1:19·CV·170·BLW<br><br>CIVIL ACTION<br><br>COMPLAINT FOR VIOLATIONS OF:<br><br>(1) 42 U.S.C. § 1983 - Civil Rights Violations<br><br>(2) 18 USC Chapter 96 - Racketeering<br><br>(3) 15 USC Chapter 1 - Monopolies<br><br>DEMAND FOR JURY TRIAL |



FEE PAID
R# 24219

COMPLAINT FOR DAMAGES
and
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, RONALD VAN HOOK, (Hereinafter "VAN HOOK") and VAN HOOK for and

on behalf of his minor sons Gabriel Van Hook (DOB 2-24-2004) (Hereinafter "Gabriel") and

Nathan Van Hook (DOB 8-10-2007) (Hereinafter "Nathan") Complains against Defendants.

1

## INTRODUCTION

1. This action is pursuant to 42 U.S.C. § 1983 for deprivation of Civil Rights under Color of Law.

2. This action Challenges the State of Idaho and any laws or rules by which The State of Idaho, and/or any of the Defendants, who as an Actor for the State of Idaho and/or Under Color of Law denies Parental Rights, denies the Right to Petition for Redress of Grievances, Denies Due Process, Fails to guarantee Equal Protection under the Law, Inflicts Cruel and Unusual Punishment, subjects to Involuntary Servitude, Deprives of Life, Liberty and Property, and Covers-Up numerous Crimes committed. *(Listing of more specific violations to follow)*

3. This action complains that the Idaho Bar Association is in violation of the public Trust and is a Monopoly. (Idaho Code 48-603 (7), (9), (17), & (18)… Idaho Code 48-603C (2) (a)… and 15 USC Chapter 1)

4. This action complains that the defendants are involved in Ongoing Racketeering Activities. (Idaho Code 18-7803 … and 18 USC Chapter 96)

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 42 USC § 1983 in that Actors for the State of Idaho have violated the Civil Rights of the Plaintiffs Under Color of Law.

6. This Court also has Jurisdiction as the State of Idaho refuses to hear any complaints of the Plaintiffs after having declared VAN HOOK a Vexatious Litigant… Furthermore, the complaints of VAN HOOK not only relate to damages resulting from violations of Idaho State Law, but are also Violations of United States Federal Law(s), giving this court jurisdiction over those matters.

PLAINTIFFS

7. Plaintiff VAN HOOK is 49 years of age and a Citizen of the State of Idaho, Residing in Payette County since 2018. Prior to that, VAN HOOK resided in Owyhee County Idaho from 2014 to 2018... and prior to that VAN HOOK resided in Canyon County, Idaho since 2005.

8. Plaintiff Gabriel is 15 years of age, born in Washington Missouri on 02-24-2004, and resided in Canyon County Idaho from 2005 to 2014 with both his Mother (Dawn Renee Cannon f.k.a. Van Hook) and VAN HOOK. From 2014 to 2018, Gabriel resided with his Mother and with Lloyd and Karen Elderedge in Canyon, Valley and Adams Counties in Idaho. In 2018, Gabriel returned to live with VAN HOOK and has resided with him since.

9. Plaintiff Nathan is 11 years of age, born in Boise Idaho on 08-10-2007 and resided in Canyon County Idaho from his birth to 2014 with both his Mother (Dawn Renee Cannon f.k.a. Van Hook) and VAN HOOK. From 2014 to 2018, Nathan resided with his Mother and with Lloyd and Karen Elderedge in Canyon, Valley and Adams Counties in Idaho. As of this date, Nathans whereabouts are unknown.

10. In 2014, VAN HOOK was awarded sole legal custody of Gabriel and Nathan in Canyon County CV-2014-7409. Dawn Renee Cannon was then awarded custody of Gabriel and Nathan in Adams County CV-2014-3311. Adams County CV-2014-3311 became consolidated with Canyon County CV-2014-7409 where Dawn Renee Cannon was awarded sole legal custody of Gabriel and Nathan.

11. The Order of the Court in CV-2014-3311 forbid Dawn Renee Cannon from allowing Gabriel or Nathan from having any contact whatsoever with Lloyd and Karen Elderedge... however, the Court in CV-2014-7409 refused to hear any matter that pertained to CV-2014-3311 despite those cases being consolidated. CV-2014-7409 was decided in 2015, giving Dawn

Renee Cannon full legal custody of Gabriel and Nathan, and allowing contact again with Lloyd and Karen Elderedge and also allowing Dawn Renee Cannon to terminate any relationship between VAN HOOK with Gabriel and Nathan as the Order in CV-2014-7409 was tantamount to the termination of the parental rights of VAN HOOK.

## DEFENDANT - the STATE of IDAHO

12. The State of Idaho, without sovereign immunity, has failed to protect the Plaintiffs as required by the United States Constitution 14th Amendment.

13. Idaho has waived sovereign immunity as per Idaho Constitution Article I Section 3 - "The state of Idaho is an inseparable part of the American Union, and the Constitution of the United States is the supreme law of the land."

14. Idaho has waived sovereign immunity as it has accepted funding by the United States through the Social Security Act Title IV.

15. The State of Idaho has Damaged each of the Plaintiffs in excess of $75,000.00.

## DEFENDANT - IDAHO BAR ASSOCIATION

16. PLAINTIFFs accuse Defendant IDAHO BAR ASSOCIATION, a self governed organization, of Anti-Trust and/or Monopoly Practices per Idaho Codes 48-603 (7), (9), (17), & (18), and 48-603C (2) (a)

17. Senior Members of the Idaho Bar Association are also Members of the Idaho Judicial Council (an arm of the Idaho State Government). The Idaho Bar Association failed to act on complaints submitted by VAN HOOK regarding the activities of STEVEN FISHER, MARY GRANT, KIMBERLI STRETCH, and VIRGINIA BOND. The Idaho Judicial Council

4

failed to act on complaints submitted by VAN HOOK regarding the activities of Magistrate Judge Gary DeMeyer. Members of the Idaho Supreme Court are also members of the Idaho Judicial Council.

18. The Idaho Bar Association has Vicarious Liability for its members and their failures to represent the interests of their clients and abide by the Idaho rules of Professional Conduct.

### DEFENDANT - STEVEN FISHER
### and Fisher Law Office, PLLC

19. PLAINTIFFs accuse Defendant STEVEN FISHER (hereinafter "FISHER"), Actor for the State of Idaho, of Conspiring with Defendant MARY GRANT and Magistrate Judge Gary DeMeyer, to violate the Civil Rights of PLAINTIFFs, and by acting to effect that conspiracy.

20. FISHER failed in the Fiduciary Duties he owed to VAN HOOK as are clearly laid out in the Idaho Rules of Professional Conduct.

21. FISHER was a party to Fraud on the Court in Canyon County CV-2014-7409.

22. FISHER damaged each of the PLAINTIFFs in excess of $75,000.00.

### DEFENDANT MARY GRANT
### and Idaho Legal Aid Services Inc.

23. PLAINTIFFs accuse Defendant MARY GRANT (hereinafter "GRANT"), Actor for the State of Idaho, of Conspiring with Defendant FISHER and Magistrate Judge Gary DeMeyer, to violate the Civil Rights of PLAINTIFFs, and by acting to effect that conspiracy. GRANT was also a party to Fraud on the Court in Canyon County CV-2014-7409.

24. GRANT damaged each of the PLAINTIFFs in excess of $75,000.00.

## DEFENDANT KIMBERLI STRETCH
### and Idaho Legal Aid Services Inc.

25. PLAINTIFFs accuse Defendant KIMBERLI STRETCH (hereinafter "STRETCH"), Actor for the State of Idaho, of Conspiring with Defendant GRANT and Magistrate Judge Gary DeMeyer, to violate the Civil Rights of PLAINTIFFs, and by acting to effect that conspiracy.

26. PLAINTIFFs accuse Defendant STRETCH, Actor for the State of Idaho, of Conspiring with Defendant VIRGINIA BOND and Magistrate Judge Gary DeMeyer, to violate the Civil Rights of PLAINTIFFs, and by acting to effect that conspiracy.

27. PLAINTIFFs accuse STRETCH of committing Fraud on the Court in Canyon County CV-2014-7409.

28. STRETCH damaged each of the Plaintiffs in excess of $75,000.00.

## DEFENDANT VIRGINIA BOND
### and Bond Law Chartered

29. PLAINTIFFs accuse Defendant VIRGINIA BOND (hereinafter "BOND"), Actor for the State of Idaho, of Conspiring with Defendant STRETCH and Magistrate Judge Gary DeMeyer, to violate the Civil Rights of PLAINTIFFs, and by acting to effect that conspiracy.

30. BOND failed in the Fiduciary Duties she owed to VAN HOOK as are clearly laid out in the Idaho Rules of Professional Conduct. Furthermore, STRETCH was a party to a Fraud on the Court in Canyon County CV-2014-7409.

31. BOND damaged each of the Plaintiffs in excess of $75,000.00.

### DEFENDANT CHRISTOPHER D. BOYD
Adams County Prosecutor and/or Adams County Idaho

32. PLAINTIFF VAN HOOK accuses DEFENDANT CHRISTOPHER D. BOYD (hereinafter "BOYD") of false arrest and incarceration. BOYD, in his official capacity as Adams County Prosecutor, had the Adams County Sheriff's Department arrest and incarcerate VAN HOOK in Adams County CR02-18-020358 for felony witness intimidation, misdemeanor Disturbing the Peace, and misdemeanor Contempt of Court. VAN HOOK was deprived of all civil Rights for a period of over 26 Hours. All charges against VAN HOOK were dismissed.

33. BOYD was party to failing to send all Court documents in CV-2014-3311 to Canyon County when cases were consolidated in CV-2014-7409 in Canyon County.

34. BOYD Damaged VAN HOOK for false arrest and incarceration in excess of $75,000.00.

35. BOYD damaged each of the Plaintiffs in withholding documents in the case consolidation (referenced in paragraph 33) in excess of $75,000.00.

### CIVIL RIGHTS VIOLATIONS

36. PLAINTIFFs accuse all DEFENDANTs of having conspired to violate, and acting on those conspiracies to violate the following Civil Rights of PLAINTIFFs:

Amendment 1 - Free Speech and Right to Petition for Redress of Grievances

Amendment 5 - Deprived of Life, Liberty and Property without Due Process

Amendment 8 - Cruel and Unusual Punishment

Amendment 9 - (as decided in Wise v. Bravo)

> "The Ninth Amendment acknowledged the prior existence of fundamental rights with it: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The United States Supreme Court in a long line of decisions, has recognized that matters involving

7

> marriage, procreation, and the parent-child relationship are among those fundamental "Liberty" interests protected by the Constitution. Thus, the decision in Roe V. Wade, 410 US 113; 93 S Ct 705; 35 L Ed 2d 147, (1973), was recently described by the Supreme Court as founded on the "Constitutional underpinning of ... a recognition that the "liberty" protected by the Due Process Clause of the 14th Amendment includes not only the freedoms explicitly mentioned in the Bill of Rights, but also a freedom of personal choice in certain matters of marriage and family life." The non-custodial divorced parent has no way to implement the constitutionally protected right to maintain a parental relationship with his child except through visitation. To acknowledge the protected relationship as the majority does, and yet deny protection under section 1983, to visitation, which is the exclusive means of effecting that right, is to negate the right completely. Wise v. Bravo, 666 F 2d 1328, (1981)"

Amendment 13 Involuntary Servitude

Amendment 14 Due Process and Equal Protection under the Law

US Constitution Article 1, Section 9, Clause 8 forbidding Titles of Nobility:

> No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it. United States v. Lee, 106 U.S.196, 220, 1 S.Ct. 240, 27 L.Ed. 171 (1882)
> Buckles v. King County 191 F.3d 1127, *1133 (C.A.9( Wash.), 1999)

## RACKRTEERING

37. PLAINTIFFs accuse the DEFENDANTS of being Racketeers who have caused damage to the PLAINTIFFs per Idaho Code 18-7803 - with crimes pursuant thereto and other Criminal Acts in violation of Idaho Code(s) as follows:

    18-2403 theft
    18-2407 (1) Grand Theft (b) 1. Value in excess of $1000
    18-4501 2. Kidnapping
    18-4015 Assault with intent to murder
    18-5401 Perjury

38. Criminal acts by Actors for the State, that did harm the PLAINTIFFs:

    18-1701 Conspiracy
    18-2403 Extortion
    18-2603 Destruction, Alteration or Concealment of Evidence

8

       18-2901 False Imprisonment
       18-3201, 3202, and/or 3203 Stealing or Falsifying Records
       18-3601 or 18-3602 Forgery
       18-5410 subordination of perjury
       18-5413 Providing False Information to Law Enforcement Officers, Government Agencies, or specified Professionals.
       18-5414 intentionally making False Statements

39. Other criminal acts by Dawn Renee Cannon (f.k.a. Van Hook) and/or Lloyd and Karen Elderedge that have been covered-up by the DEFENDANTs, Actors for the State, with intent to prevent prosecution of the perpetrator(s), while showing favoritism to Dawn Renee Cannon, while Dawn Renee Cannon knowingly exploits this favoritism, to prevent PLAINTIFFs from raising issues that are harmful to Gabriel and Nathan:

       18-909 Assault with intent to commit murder
       18-910 Assault with the intent to commit a serious felony
       18-911 Battery with the intent to commit a serious felony
       18-905 (b) Aggravated Assault
       18-1101 Polygamy
       18-1501 (1) Injury to Children
       18-1506 (1) (b) and/or (1) (d) Sexual Abuse
       18-1509 (1) (a) Enticing of Children
       18-1801. 4. Contempt
       18-4501 Kidnapping
       18-4506 1. (a) and/or (b) Custodial Interference
       18-6601 Adultery
       23-603 - Alcoholic Beverages - giving to minors

40. Racketeering activities are also in violation of 18 USC Chapter 96.

## MONOPOLY and ANTITRUST

41. DEFENDANT Idaho Bar Association, a Monopoly and in violation of Trust has harmed PLAINTIFFs per Idaho Codes 48-603 (7), (9), (17), & (18) and 48-603C (2) (a).

42. Monopoly and Antitrust activities are also in violation of 15 USC Chapter 1.

## CONTRACTUAL ISSUES

9

43. DEFENDANTS FISHER and BOND remain contractually obliged to VAN HOOK, as they have not lawfully taken leave from representation of VAN HOOK, and as FISHER also has a remaining motion unsatisfied in CV-2014-6865. FISHER and BOND have both breached their contracts with PLAINTIFF and with Gross Negligence have harmed all PLAINTIFFs.

> Implied in Fact Contract - Baltimore & Ohio Railroad Co. v. U.S. (21 U.S. 592 (1923))
> An implied in fact contract consists of obligations arising from a mutual agreement and intent to promise where the agreement and promise have not been expressed in words.

## OTHER DAMAGES

44. DEFENDANTS have caused PLAINTIFFs Damaging Emotional Distress.

45. PLAINTIFFs seeks Punitive Damages Per Idaho Code 6-1604

## INTENT TO SUBMIT EVIDENCE

46. PLAINTIFFs intend to submit into evidence, among other things, the following Idaho Court Cases... which is to include every single document filed, every affidavit, every decision, every note taken, every word spoken, every argument made, every appeal to the District Court. Etc. Everything pertaining to the following cases:

Canyon County Cases:

> CV-2014-6865 (CPO granted)
> CV-2014-8801 (CPO denied)
> CV-2014-9041 (CPO denied)
> CV-2014-11708 (CPO denied)
> CV-2014-7409 (Divorce and Custody (consolidated with Adams County CV-2014-3311))
> CV-2016-5044 (Mandamus and Habeas Corpus - case bifurcated and sent to Adams County)
> CV-2016-11807 (Civil Complaint - Dismissed)
> CV-2017-3444 Vexatious Litigant Order
> CV14-18-5576 (Request for leave to bring civil complaint - Dismissed)

Adams County Cases:

    CV-2014-3311 (CPO - Consolidated with Canyon County CV-2014-7409)
    CV-2017-3664 (Habeas Corpus from bifurcated Canyon County CV-2016-5044 - Dismissed)
    CR02-18-020358   (Gabriels case)
    CR02-18-020358 (Van Hook criminal case - dismissed)

Owyhee County case:

    CV-2015-0678 (Petition for Restraining Order - Denied)

Idaho Supreme Court Cases:

    Docket Number 44989
    Docket Number 45459-2017 and associated Motion for Expedited Hearing and Petitions for Writ of Certiorari and Writ of Habeas Corpus.

## SUMMARY OF EVENTS LEADING TO THIS SUIT

47. PLAINTIFFs will submit a First Declaration, that is forthcoming, which will further clarify events that have led to this Complaint, and will be more specific in describing the activities of the DEFENDANTs that PLAINTIFFs complain of.

48. There may be others named in this suit, currently named as John Doe(s) 1-100 and Unknown Agents (of Idaho Third Judicial District), subject to Leave being granted by this Court if that becomes necessary, should any of the Defendants deny responsibility and accuse another of having fault in these Travesties of Justice.

## PRO SE LITIGANT

49. Pro Se litigants' Court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers.  If the Court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence structure, or litigant's unfamiliarity with rule requirements.

Boag v. MacDougall, 454 U.S. 364, 102 S.Ct.700, 70 L.Ed.2d 551 (1982); Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30, L.Ed.2d (1972); McDowell v. Delaware State Police, 88 F.3d 188, 189 (3rd Cir. 1996); United States v. Day, 969 F.2d 39, 42 (3rd Cir. 1992) (holding pro se petition cannot be held to same standard as pleadings drafted by attorneys); Then v. I.N.S., 58 F.Supp.2d 422, 429 (D.N.J. 1999)

50. PLAINTIFF VAN HOOK states that he is bringing this suit Pro Se without the aid of an attorney as there is no attorney that he can find that is willing to take the case. VAN HOOK further states that numerous attorneys have identified many of the issues presented in this case as being illegal and/or unethical, yet they still refuse to have anything to do with this case or any of the subject matter in any court forum.

Dated this ____8th____ day of ____May____, 20__19__.

Respectfully Submitted;

_____
Ronald Van Hook

## CERTIFICATE OF SERVICE

I hereby certify that on the _8th_ day of _May_, _2019_,

I caused a true and correct copy of the foregoing

_Civil Action & 1st Declaration & Rule 5.1 Motion_

to be served on the following person(s) in the manner indicated as follows:

By _Certified Mail_ to:

State of Idaho - Attn. Attorney General
Honorable Mr. Lawrence G. Wasden
Office of the Attorney General
700 W. Jefferson Street
Suite 210
P.O. Box 83720
Boise, Idaho   83720-0010

Idaho Bar Association
Attn: Executive Director - Diane Minnich
525 W. Jefferson St.
Boise, ID   83702

Unknown Agents (of Idaho Third Judicial District)
Serve Administrative District Court Judge
Honorable Judge Susan Wiebe
1115 Albany St.
Caldwell, ID   83605

Christopher D. Boyd
Adams County Prosecutor
P.O. Box 604
Council, ID   83612

Steven Fisher
Fisher Law Office, PLLC
1859 S. Topaz Way #200
Meridian, ID   83642

Mary Grant
Huntley Law Firm, PLLC
950 W. Bannock St. #600
Boise, ID   83702

Kimberli Stretch
Idaho Legal Aid Services Inc.
1447 Tyrell Ln.
Boise, ID   83706

Virginia Bond
Bond Law Chartered
1511 N. Whitley Drive
Fruitland, ID   83619

_[signature]_

Signature