respondent, the order dismissing is void.

> Under Federal Law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)

> "The judgments were based on orders which were void because the court exceeded its jurisdiction in entering them. Where a court, after acquiring jurisdiction of a subject matter, as here, transcends the limits of the jurisdiction conferred, its judgment is void. Armstrong v Obucino

The court's order dismissing CV-2014-8801 remains void per Maxims of Jurisprudence,

'Time does not confirm a void act' … Furthermore, 'No man is responsible for that which no

man can control' … and … 'For every wrong there is a remedy'.

4. (see also 3) Previous arguments also apply to the dismissal of CV-2014-9041. The court in

CV-2014-9041 also stated that it was required to file an appropriate report to the department of

Health and Welfare, which apparently it did not do… another Due Process violation which

showed favoritism to the Defendant in 7409.

5. Evidence and testimony in both 3311 and 7409 demonstrate CANNON knew of, but failed to

disclose, pending issues in 7409. All officers of the court in both 3311 and 7409 were aware of

this issue but failed to take any action. It is apparent that CANNON obtained the CPO in 3311 to

gain an unfair advantage in 7409, and gained that advantage with direct assistance from

MEIENHOFFER in 3311 and DEMEYER in 7409.

6. The issues disclosed by the PLAINTIFF at the Default Hearing are of a criminal nature and a

violation of Idaho Code(s), including but not limited to:

> 18-905 (b) Aggravated Assault
> 18-910 Assault with the intent to commit a serious felony
> 18-911 Battery with the intent to commit a serious felony

18-1501 (1) Injury to Children
18-1506 (1) (b) and/or (1) (d)  Sexual Abuse
18-1509 (1) (a) Enticing of Children
18-4015 Assault with intent to murder
18-4501 2. Kidnapping
18-4506  1. (a) and/or (b) Custodial Interference
23-603 - Alcoholic Beverages - giving to minors

These issues were found by the court in 7409 to be true, yet there was no action taken.

7.  (see also 29 A)  As pro se litigants are required to abide by the same rules as lawyers, lawyers should be required to abide by the same requirements as a pro se litigant.  If not, then there is no equal protection.  FISHER had not filed a notice of appearance in 3311 at the onset, yet the IRCP requires filing said notice of appearance before appearing before the court, and FISHER was allowed to continue without having filed this notice of appearance.  Should one argue that different courts get to make different rules, then that would be a clear violation if Idaho Constitution Article V Section 26 that requires uniformity in rules amongst courts. Both PLAINTIFF and CANNON were present at the 3311 court on 9-18-14, and the scheduled hearing should have been heard and decided that day in the absence of a Notice of Appearance by FISHER.

8.  The Doctrine of *Res Judicata* applied and 6404 should have been inadmissible as it was clearly dismissed by CANNON in 2012.  CANNONS claim that " '5 guys' had stood over her in the court intimidating her" was without a single witness (in fact, numerous witnesses testified that this was untrue)...FISHER also attempted to  present as evidence the actual audio of the hearing in 2012 where there is absolutely no reference to anyone standing over CANNON intimidating her.  Per Judicial Cannons, a judge is to maintain order and decorum in the court room.  Were CANNONs claim to be true, then the presiding judge in 6404 would have ordered persons standing over a witness to take their seats.  Back to 3311... If CANNON wasn't afraid

for her own safety as she testified, then there's absolutely no reason for a CPO, and the case should have been dismissed at that point. Furthermore, that CANNONs admittance that she fled with the children and deliberately kept them away from the PLAINTIFF is an admission to custodial interference. CANNONs claim that Rose Advocates advised her not to file a CPO sooner is to implement Rose Advocates in the crimes of CANNON. (This Rose Advocate worker will be found in Discovery, and if CANNONs statement is true, this person is identified as a John Doe at this point.) WOOD who assisted CANNON in fleeing with the children and keeping them hidden away from PLAINTIFF has also aided CANNON in crimes... especially when WOOD was duty bound to serve on CANNON court documents pending in Canyon County that assigned to PLAINTIFF full custody of the Van Hook children. CANNON, who testified in 3311 to being aware of Sex Offenses against ELDREDGE,had little to no concern about the safety of the Van Hook children. "If I ever thought you was cheating on me I'd (sound) and he stopped with the K word". (This 'K word sound' is something that can only be demonstrated with the Audio of this hearing) CANNON also accused PLAINTIFF of being an intravenous drug user who 'Shoots up in the arm', yet could not offer any further evidence pertaining to the accused drug type, or present any witness to this accusation.

9. As PLAINTIFF had lawful custody over the Van Hook children per 7409, the court in 3311 was in error (deliberate error) for refusing to interview Gabriel and Nathan, while knowingly interviewing Renee only. When MEIENHOFFERs analysis stated he believed Renee had been coached, it would seem reasonable that for the truth to be obtained, a witness that was not coached, or that was not as susceptible to coaching, would be appropriate to interview as well. The testimony of Renee also further reinforces 'Fact 8' where WOOD assisted in the commission of crimes by CANNON.

10. After the consolidation of 3311 with 7409, many of these documents are missing from the record. This is fully supported by the Supreme Court Record Docket 44989 that is supposed to be complete, but isn't, and comparing it with facts 10, 16 and 21 listing exhibits from 3311. On numerous occasions PLAINTIFF demanded production of these missing records from Canyon County... and Canyon County claimed the records had not been sent to them from Adams County. When asking Adams County for the records, Adams County stated Canyon County had them. This went on numerous times... Canyon County blaming Adams County and Adams County blaming Canyon County. PLAINTIFF intends to seek in Discovery from Court Clerks from Canyon and Adams County an answer to who the responsible party is, and that person who failed to produce these records for the trial in 7409 is identified as a John Doe.

11. MEIENHOFFER in 3311 put the greatest consideration on the testimony of Ms. Johnson, who was the most independent of all the witnesses presented. PLAINTIFF did not call Ms. Johnson as a witness in 7409, as she had already testified in 3311 that had been consolidated with 7409. It was not until the trial was underway in 7409 that DEMEYER said he would not consider anything from 3311, and by then it was too late to call her as a witness.

12. CANNONS statement to Frank O'Leary, regarding her threat to kill the family, was in essence an admission, yet the Courts in 3311 and 7409 didn't consider it. CANNONS statement in 6404 of "I'm just going to do this again" (which was testified to by others, and never denied by CANNON) on departure from the court room, demonstrates CANNON had had a plan to take the children from PLAINTIFF through false claims, and to use the judicial system to get what she wanted. (See also Fact 22 and the Courts concern about CANNONS methodology).

13. This is proof (accompanied by Fact 21 and fact 6) that the Court in 3311 (as well as the Court in 7409) and all officers of those courts, were aware of CANNONs knowledge of Lloyd ELDEREDGE being a sex offender. Accompanied by the spontaneous utterance of CANNON

Detailed in 'Affidavit of Ronald Van Hook pertaining to issues involving Steven Fisher' Paragraph 10. (see fact 51) (See also Fact 30) Fraud on the Court by GRANT and DEMEYER is evident when GRANT referenced a Certified Copy from court in Malheur County Oregon for conviction of Lloyd Elderedge (Exhibit 11) as hearsay evidence.

14. This was the first instance when a court ordered CANNON to allow no contact of the Van Hook Children with the ELDREDGEs

15. CANNON had a Buzz Haircut and had clearly re-dyed her hair after the Drug testing order. PLAINTIFF suspects CANNON altered her hair to give a false reading in a drug test. It is also noteworthy to say that Adams County paid for CANNONs drug testing and required PLAINTIFF to pay for his own, and that even though this is a less that vital issue, clearly demonstrates the lack of equality in this case.

16. Not all of these are in the record in 7409. (ref: Supreme Court Record in Docket 44989)

17. This demonstrates that FISHER knowingly prevented the introduction of witnesses that were vital to this case. It also shows that FISHER knowingly prevented the acquisition and admission of Adams County Sheriff's Department Records which appear to have concealed wrong doings of WOOD.

18. Here's another example of testimony of Law Enforcement involvement prior to CANNON filing 3311. As such is the case, PLAINTIFF continues to assert that WOOD (who is law enforcement and was testified to as having helped CANNON) clearly aided CANNON in the commission of crimes while WOOD was duty bound to serve upon CANNON copies of the legal proceedings in Canyon County, including the CPO PLAINTIFF had against CANNON to protect the Van Hook children from CANNON and the ELDREDGEs.

4-E Expert is assumed to mean Title IV Section E of the 'Social Security Act" (Money is always a motivating factor in criminal wrongdoing)

EASTEPPE was clearly negligent in her failure to take any photographs, as any logical person would conclude photos are a necessary part of any investigation of this type.

From CV 2016-5044-C - Amended Motion for Writ(s) of Mandamus Notice of Application Hearing... *[From Exhibit 1, follow path (folder) Court Documents ... to ... (folder) canyon 2016-5044 adams 17-3664 ... to... (pdf) 20160527 - 16-5044 (original mandamus and HC) venue changed to Adams County 17-3664]* Page 15 Paragraph (2) as follows:

"During the Court Ordered Health and Welfare Investigation, Ms. Easteppes actions failed to comply with IRCP 85 J that requires an evaluator to be impartial; Furthermore, the final report was wrongfully submitted to the court as a document that implied that the report had been completed with unbiased accuracy and truthful findings, However, the report misrepresented and/or disregarded pertinent issues, thereby committing a fraud upon the court."

*Note: IRCP 85 J was the applicable rule at the time of this filing, however, in 2015 the IRCP underwent a change.  Now the applicable rule is IRCP 76 (h).*

EASTEPPEs own testimony in 3311 clearly demonstrates favoritism to CANNON.   As EASTEPPE was operating directly under order of the Court in 3311, Required to abide by the IRCP 85 J, and her findings were submitted without contestation, EASTEPPE is an Actor for the State of Idaho.

Stalking is defined in ID 18-7905 and/or 18-7906, and PLAINTIFFs actions in no way constitute such an allegation as was made by EASTEPPE and CANNON, and then propagated by GRANT, STRETCH and FORD, without any contestation by MEIENHOFFER, DEMEYER, FISHER or BOND.  PLAINTIFFs actions were completely acknowledged and condoned by Lt. Donia Ballard who testified in 7409  To this day, it has been stated numerous times that PLAINTIFF is Guilty of Stalking CANNON.  Stalking is a crime, and PLAINTIFF would be entitled to a Trial by Jury before Guilt could ever be established.  I DEMAND this go to trial by Jury before any further word claiming PLAINTIFF is a Stalker is allowed to continue.  As it has been stated as being a fact by FORD (in vexatious litigant proceedings) this issue cannot in any

way be denied.  Not only is this a violation of PLAINTIFFs right to trial by jury, the presumption

of innocence until proven guilty beyond a reasonable doubt, the Right to Due Process and Equal

Protection, the Right to being free from Cruel and Unusual Punishment... But this is without a

Doubt Libel and the cause of Emotional Distress.  All involved are Principals to violations of  ID

18-5413 and/or ID 5414.

19.  Fact 19, clearly shows EASTEPPE was really 'going out on a limb' in trying to find

something to accuse PLAINTIFF of.  PLAINTIFF argues that EASTEPPE was either biased or

completely incompetent in her investigation and report... Either way, EASTEPPE is an Actor for

the State of Idaho.  Furthermore, any competent attorney would have brought a motion to throw

out the investigation; yet FISHER did not.  Furthermore, MEIENHOFFER stood by and allowed

this fraudulent report to go through.

20.  See fact 12 and other testimony stating Cannon said "I'm just going to do it again" in 6404.

21.  Exhibits 9, 10, and 11

22.  MEIENHOFFER will need to be a bit more clear about what he was specifically concerned

about with CANNONs methodologies... and if he was so concerned, why he did nothing about

it.  MEIENHOFFER stated "this should have been litigated down in Caldwell". Then why

didn't MEIENHOFFER send the case to Canyon County in the first place???  PLAINTIFF will

also point out that MEIENHOFFER didn't order the ELDREDGEs to do anything... Instead he

ordered CANNON.  This set the stage for DEMEYER to say that the ELDREDGEs were not a

party to the action in 7409, and this went without objection by FISHER.  MEIENHOFFER also

said that PLAINTIFF was angry, and that it was legitimate.  A reasonable person would

conclude PLAINTIFF did nothing wrong when anger was "Legitimate".  Had wrongs been done,

anger would not be legitimate.

MEIENHOFFER also stated PLAINTIFF was "Gruff...", and PLAINTIFF questions where the wrong is in being gruff...

Gruff defined - (of a voice) rough and low in pitch... abrupt or taciturn in manner.

Taciturn defined - (of a person) reserved or uncommunicative in speech; saying little.

Seems to PLAINTIFF that MEIENHOFFER was really stretching things to try and come up with a reason (excuse) to violate an existing court order in Canyon County 7409, and try to make it look like there was a legitimate reason.

23. MEIENHOFFERs order, did NOT apply to the Van Hook children, which clearly indicates MEIENHOFFER was in the complete lack of jurisdiction in 3311 to do anything that pertained to the children.

> "When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes depriving him of jurisdiction, judicial immunity is lost."
> Rankin v. Howard, (1980) 633 F.2d 844, cert.den. Zeller v. Rankin, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326.

> A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.
> Bradbury v. Dennis, 310 F.2d 73 (10th Cir. 1962)

24. The Courts failure to hear PLAINTIFFS motion for CPO, which was filed *pro se*, appears to be a continued effort to prevent the ELDREDGEs from being made parties to the action, prevent PLAINTIFF from calling the witnesses that PLAINTIFF had demanded FISHER call but that FISHER refused to call (Ballard and Arp), and prevented PLAINTIFF from obtaining records from the Adams County Sheriffs Department relating to WOOD and his involvement in protecting CANNON and the ELDREDGEs.   This is another demonstration of FISHER conspiring with MEIENHOFFER.  MEIENHOFFER did not report FISHER... FISHER did not report MEIENHOFFER... GRANT just stood by and said nothing, and the outcome was beneficial to her client CANNON.

A lawyer is required to report known misconduct of another lawyer or a judge per Idaho Rules of Professional Conduct (IRPC) 1.0 (f) defining "Knows" and IRPC 8.3 (a) and (b).

Idaho Code of Judicial Conduct (ICJC) Canon 2.15 (A), (B), (C), (D) a judge with knowledge, or who receives information indicating a substantial likelihood, that a lawyer or another judge has questionable honesty, trustworthiness or fitness SHALL inform the appropriate authority.

The Idaho Supreme Court has original jurisdiction in matters pertaining to the Discipline actions involving the actions of attorneys.

25. A transcript of the Decision and Order from the Court in 3311 can be found in the Appellants Reply Brief, a copy of which is located in the Supreme Court Record for Docket #44989. (on pages 1170-1173)

26. A transcript for CV-2014-11708 available   *[From Exhibit 1, follow path (folder) Court Documents ... to (folder) 2014-11708 ... to (pdf) 20141114 - Transcript - CV-2014-11708 CPO Hearing Transcript]*

DEMEYER failed to maintain a fair and even temperament during the hearing in CV-2014-11708, which is clearly demonstrated in the Audio File for the Hearing on this case.

*[From Exhibit 1, follow path (folder) Audios and Notes from hearings... to (folder) 5. CV-2014-11708 x ... to (Audio File) 2014 - 11708]*

At the time 11708 was dismissed, PLAINTIFF still had a valid Default Order in 7409 that gave him Full Custody of the Van Hook children. 2014 - 11708 was filed and dismissed on 11/14/14, and the Order to set aside the default judgment was on 11/19/14.

Furthermore, as DEMEYER unlawfully dismissed CV-2014-11708, and was a trespasser of the law, DEMEYER then lost subject matter jurisdiction over 7409, which he clearly

demonstrated he had full knowledge of, and made his decision in CV-2014-11708 stating the

PLAINTIFF would have to await the Divorce proceedings (in 7409) to make any arguments for

the custody of the Van Hook Children.

Elliot v. Piersol (as previously cited in argument 3)

Armstrong v Obucino (as previously cited in argument 3)

Note: By law, a judge is a state officer. The judge then acts not as a judge, but as a
private individual (in his person). When a judge acts as a trespasser of the law, when a
judge does not follow the law, the Judge looses subject-matter jurisdiction and the judges'
orders are not voidable, but VOID, and of no legal force or effect.
The U.S. Supreme Court stated that "when a state officer acts under a state law in a
manner violate of the Federal Constitution, he comes into conflict with the superior
authority of that Constitution, and he is in that case stripped of his official or
representative character and is subjected in his person to the consequences of his
individual conduct. The State has no power to impart to him any immunity from
responsibility to the supreme authority of the United States."
Scheuer v. Rhodes, 416 U.S. 232, 94, S.Ct. 1683, 1687 (1974).

FISHERs new motion, that remains unheard, is found in Exhibit 1 following path

*[From Exhibit 1, follow path (folder) Court Documents ... to (folder) 2014-6865... to
(pdf) 20141114 - cv-2014-6865 - petition to reinstate cpo]*

27. FISHER had plenty of excuses for failing to file objections... one of which was a death in

the family... another was a claim that one of motions had been filed exparte by CANNON, when

it had been filed requesting a decision without a hearing... but that's not exparte.   Another

objection had been completed, but wasn't submitted in a timely manner, so wasn't considered.

FISHER was in violation of the Idaho Rules of Professional Conduct requiring Diligence in Rule

1.3 [1], [3] and [5] among other violations.  Both DEMEYER and GRANT were fully aware of

the violations committed by FISHER, but made no report as required.

28. GRANT was fully aware of the inconsistencies between the Order issued in 3311 and the

new set of Temporary Orders she wrote and was preparing to submit to the court in 7409.  This

should fully demonstrate that the submission of temporary orders in 7409 were knowingly

submitted while they were inconsistent with the orders from 3311. (see fact 29)

29.  GRANTs claim that the temporary orders she submitted to the court in 7409 were consistent with the previous orders from 3311 was false.  FISHER knew this as well, and sat there during the hearing and said nothing.  DEMEYER knew this as well as the cases were consolidated.  The Court prevented PLAINTIFF from speaking against this fraud by threatening PLAINTIFF with incarceration.  None of the officers of the court reported any of the others. This submission of inconsistent orders was a fraud on the court and had a detrimental effect on the outcome of 7409. It gave CANNON an unfair advantage in the case, and ultimately ended in an Order in 7409 that completely eliminated the ELDREDGEs from any legal equation.  This was done under Color of Law, and all officers of the Court involved are principals to numerous crimes, including the violation of the civil rights of the PLAINTIFF and the Van Hook Children, among other criminal and moral wrongs.

FISHER was in violation of the Idaho Rules of Professional Conduct requiring certain actions be taken or avoided before taking leave from a case in Rule 1.16 (b) (1) and (b) (5) among other violations.

PLAINTIFF argues that FISHER, after conspiring with DEMEYER to violate due process and equal protection, deliberately created and/or allowed the creation of a situation in 7409 that wrongfully favored CANNON.  PLAINTIFF will also testify and present witness to FISHER having agreed to take payments for any fees due to him should the total cost of his services exceed the initial retainer fee PLAINTIFF paid, which was in excess of $8,000.

An Affidavit is submitted further detailing the facts of FISHERs involvement in 7409, 3311 and 6865.

29 A. (inserted) The same rule that was required of PLAINTIFF, to file a written notice of

appearance, was not required of FISHER in 3311. (See also fact 7) Clearly a Violation of Article V Section 26 of the Idaho Constitution.

30. GRANT, in her written objection to PLAINTIFFs Motion to Amend Temporary Orders for Custody and Visitation, stated the Order in 3311 that prohibited CANNON from allowing the Van Hook children from having any contact whatsoever with the ELDREDGEs was "based on hearsay evidence". PLAINTIFF asserts this to be a fraud on the court, and/or the furtherance of an earlier fraud when GRANT knowingly submitted an order that was inconsistent with the previous order from 3311, yet answered in the affirmative when the Court specifically asked if the new temporary orders were consistent with the earlier orders from 3311. As cases 3311 and 7409 were consolidated, DEMEYER was a party to this/these fraud(s).

31. Dr. BOOK failed to comply with IRCP 16 (q)(6)(c)(iv) and IRFLP 719 F.3.d. which require each factor in ID 32-717 be addressed, as well as other relevant factors. ID 32-717 requires an evaluator to consider "the character and circumstances of all individuals involved." Dr. BOOK conducted his investigation while the Order from the Court in 3311 was still in effect, and Dr. BOOK failed to consider the ELDREDGEs and their relationship with CANNON and the Van Hook children. Dr. BOOK, being under order/assignment from the court in 7409 is therefore an Actor for the State of Idaho, and the actions taken, or the failures to act when dutifully required, have caused harm to the PLAINTIFF and to the Van Hook children. This issue had been previously addressed on 7/8/16 in PLAINTIFFs Appellants Brief to the District Court, and was therefore brought to the attention of MCKEE and STRETCH in this appeal, and had earlier been brought to the attention of BOND... yet this issue went without reporting of any kind to any higher authority as required by IRPC and ICJC.

32. As far as PLAINTIFF is aware, GRANT never took leave from the case.

33. ($20,000.00) Twenty Thousand Dollars is excessive to appoint a Guardian Ad Iitem, which

to PLAINTIFFs understanding, is a completely volunteer position designed to look out for the

best interests of the children involved, without any bias towards either of the parents.  As

DEMEYER dismissed the PLAINTIFFs Motion when PLAINTIFF was able to pay $20,000.00,

this essentially left the Van Hook children defenseless, and did them harm.

34.  Health and Welfare records were not provided in 7409 even though they had been

appropriately sought in Discovery, and had been ordered released to the PLAINTIFF... Yet they

were never provided.  It appears DEMEYER concealed this evidence in violation of ID 18-2603.

In Canyon County CV-2016-11807, Presided over by NYE, these same records were

sought in discovery.  The department of Health and Welfare complied with discovery and

provided the records to the court, but NYE refused to release them.  NYE was made very well

aware of the courts order in 7409 to release the discovery items, but that they never had gotten to

PLAINTIFF for the trial in 7409.  PLAINTIFF argued that those documents should already be in

the possession of PLAINTIFF, regardless of whether or not they were obtained in Discovery in

11807... but NYE still refused to release the documents.  GIUTTARI was aware of this decision

by NYE, and failed to file any report.  The concealment of Evidence is a crime per ID 18-2603.

35.  DEMEYERS jurisdiction was in dispute, and was never proven...

> "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the
> court lacks jurisdiction, the court has no authority to reach merits, but, rather, should
> dismiss the action." Melo v. US, 505 F2d 1026.

> "The law requires proof of jurisdiction to appear on the record of the administrative
> agency and all administrative proceedings." Hagans v. Lavine, 415 U.S. 533.

> "Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot
> be assumed and must be decided." Basso v. Utah Power & Light Co., 495 F 2d 906, 910.

Per Idaho Code of Judicial Conduct Rule 2.11 (A) "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned," ...

The word "SHALL" leaves no room for discretion or discussion. The word "MIGHT" is wide open for interpretation from anyone who would possibly hold even the faintest notion that a judge could be even possibly be biased to the slightest degree... This is further supported as follows:

"Disqualification is required if an objective outside observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added]. Liteky v. U.S. 114 S.Ct. 1147, 1162 (1994)

A judges "Attitude" is a subjective issue, but is one that can only be determined by actually listening to a judges voice. The Jury must be allowed to review Audio of certain Hearings to determine if DEMEYERs Attitude is less than appropriate. PLAINTIFF asserts DEMEYER failed to maintain a fair and even temperament as required by the ICJC.

The best 'Outside' and 'Objective' observers one can find in a court is in the form of an unbiased jury. If and when said jury, after reviewing every case DEMEYER was involved with in matters involving PLAINTIFF, from the beginning, then the point at which a single member from that jury concludes that there's even the slightest possibility that a fair hearing might not have been had, then DEMEYER was disqualified at that point, as the ICJC clearly states that judge SHALL disqualify himself.

Again citing Bradbury v. Dennis in this argument, "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." ... The Jury must decide at what point DEMEYERS action demonstrated he was in violation of Idaho Code of Judicial Conduct 2.11(A) when the Judges impartiality might have been reasonably be questioned.

"A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." Wuest v. Wuest, 127 P2d 934

"Recusal under Section 455 is self-executing; a party need not file the affidavits in support of recusal and the judge is obligated to recuse herself sua sponte under the stated circumstances." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989).

When a judge acts intentionally and knowingly to deprive a person of his constitutional rights he exercises no discretion or individual judgment; he acts no longer as a judge, but as a "minister" of his own prejudices. [386 U.S. 547, 568].

`Per Elliot v. Piersol, as previously cited... DEMEYER was without authority as he was disqualified. The Judgments and/or Decisions by DEMEYER are VOID as they were voided each time a decision was made after DEMEYER lost jurisdiction as a result of being disqualified from the very moment any "objective outside observer would entertain reasonable questions about the judge's impartiality" per Liteky v. U.S. as previously cited.

Should a judge not disqualify himself, then the judge is in violation of the Due Process Clause of the U.S. Constitution.  United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.")

Even if PLAINTIFFs dispute of DEMEYERs  Jurisdiction were rejected, and CANNON were to attempt to invoke the Courts jurisdiction, the conduct of CANNON and Attorneys involved demonstrate the court was required to decline jurisdiction. Per Idaho Code 32-11-208 when a person seeking to invoke a courts jurisdiction has engaged in unjustifiable conduct, the court shall decline its jurisdiction.  The Court would have no jurisdiction unless both parties involved agree to it.  Per Idaho Code 32-11-208 (1) Plaintiff did not agree to the courts jurisdiction

36. PLAINTIFF states without any reservation that there was no trial in 7409... Rather it was a sham proceeding conducted under color of law. Acting under 'Color of Law' is a crime per:

Title 18, U.S.C., Section 242 Deprivation of Rights Under Color of Law

Whoever, under color of law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the

Constitution or laws of the United States, or … … , shall be fined under this title or imprisoned not more than one year, ; or both; and … …

Due Process Violations and a Failure to Guarantee Equal Protection Under the Law were habitual practices in 7409, with DEMEYER orchestrating and serving as the pivotal point for all such violations, and with joint participation by STRETCH and earlier with FISHER.

Per ID 18-1701… It takes 2 or more to conspire, and it takes only 1 to effect the object of that conspiracy, while all involved are subject to the punishment for that crime… and PLAINTIFF asserts all conspirators to be equally liable for the damages caused.

DEMEYER refused to consider any of the testimony or evidence in 3311, which was consolidated with 7409, fully demonstrated from the following exert from 7409:

> Mr. Van Hook:  Judge at the, in the Protection Order
> COURT:  I don't care what happened in the Protection Order.  This is my case.  I'm trying it, and I'm hearing it. So, I'm sustaining the objection.
> Mr. Van Hook:  Is there still the testimony that was offered still in this case though?  The previous testimonies that were given.
> COURT:  It's an all brand new ball game at this point in time.
> Mr. Van Hook:  I'm failing to understand then why we cannot allow the testimony of people if it was already offered at the CPU.
> COURT:  I'm not considering it.

STRETCH, in later hearings in 7409, stated that DEMEYER had not refused to consider 3311, but had left an opening for PLAINTIFF to pursue 3311.

PLAINTIFF asserts this to be a concealment of material facts, and a violation of US Code Title 18, Part 1, Chapter 47, Section 1001:

> Anyone under US legal jurisdiction, shall not under penalty of law, falsify, conceal, or cover up by any trick or scheme or device, a material fact … Shall not make any materially false, fictitious or fraudulent statement or representation … Shall not make or use any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry … while violators are subject to fine and/or imprisonment.

Furthermore, the defiling of the Court itself by deliberate violations of Due Process and

Equal Protection, by and through the conspiring of DEMEYER with STRETCH (and the same

argument to apply to any and all officers of any court involving the subject matter at hand) is a

Fraud on that court:

> "Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to "embrace
> that species of fraud which does, or attempts to, defile the court itself, or is a fraud
> perpetrated by officers of the court so that the judicial machinery can not perform in the
> usual manner its impartial task of adjudging cases that are presented for adjudication."
> Kenner v. C.I.R., 387 F. 3d 690 (1968); 7 Moore's Federal Practice, 2d ed., p. 512 ¶
> 60.23. The 7th Circuit further stated "a decision produced by fraud upon the court is not
> in essence a decision at all, and never becomes final."

> Whenever any officer of the court commits fraud during a proceeding in the court, he/she
> is engaged in "fraud upon the court". In Bulloch v. United States, 763, F.2d 1115, 1121
> (10th Cir. 1985), the court stated, Fraud upon the court is fraud which is directed to the
> judicial machinery itself and is not fraud between the parties or fraudulent documents,
> false statements or perjury. ... It is where the court or a member is corrupted or
> influenced or influence is attempted or where the judge has not performed his judicial
> function - thus where the impartial functions of the court have been directly corrupted."

The deprivation of liberty without due process of law goes well beyond simply being restrained:

> Under U.S.C.A. Const. Amend. 14, providing that no state shall deprive any person of
> liberty without due process of law, "liberty" denotes, not merely freedom from bodily
> restraint, but also the right of the individual to contract, to engage in any of the common
> occupations of life, to acquire useful knowledge, to marry, establish a home, and bring up
> children, to worship God according to the dictates of his own conscience, and generally
> to enjoy those privileges long recognized at common law as essential to the orderly
> pursuit of happiness by free men. Meyer v. Nebraska; Supreme Court of the United
> States - June 4, 1923 - 262 U.S. 390 - 43 S. Ct. 625 - 67 L Ed. 1042 - 29 A.L.R. 1446

Treason is a Capitol Crime per 18 USC 2381

> Judicial Act of 'Warring on the Constitution' is Treason per Cooper v. Aaron 358 U.S. 1,
> 78 S.Ct. 1401 (1958)

> The Statement of facts for the trial in 7409 when compared with the Decision made...

and considering the numerous violations by Officers of the Court and other Actors for the State,

demonstrate the Decision by DEMEYER was Arbitrary and Capricious:

> Arbitrary and Capricious - Absence of a rational connection between the facts found and
> the choice made. Natural Resources v U.S. (9th cir. 1992) A clear error of judgment; an

action not based upon consideration of relevant factors and so is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law or if it was taken without observance of procedure required by law. (5 USC 706 (2)(A) (1988))
As previously cited in US Code Title 18, Part 1, Chapter 47, Section 1001, ..." shall not under penalty of law, falsify, conceal, or cover up by any trick or scheme or device, a material fact" ...

DEMEYER initiated dialogue that referred to himself and STRETCH together as "WE", further

demonstrating DEMEYER had conspired with STRETCH.

> Mr. Van Hook:  I was the father, yes or no
> Ms. Davis:  Yes
> Mr. Van Hook:  Lloyd and Karen Elderedge were not the
> Ms. Stretch:  this is repetitive
> COURT:  we've already stipulated to the fact that these are your kids
> Mr. Van Hook:  Ok, that's, I have nothing
> Ms. Stretch:  I think that's the only thing we have stipulated to
> COURT:  Hmm
> Ms. Stretch:  I think that's the only thing we have stipulated to
> COURT:  It is
> Mr. Van Hook:  Is what?
> COURT and Ms. Stretch:  (simultaneously)  That these were your children (and)  That the three kids were yours. (laughing)

DEMEYER refused to allow the testimony of Ms. Tiffany Warren

> COURT:  I think you'd have to call Tiffany Warren.  I don't think I can ---- as such without her being here.
> Mr. Van Hook:  She is here in the hall way sir.
> Court:  Well, do you want to call her then?
> MS. Stretch:  Well we object, she's not on the list.
> Court:  Oh she's not on the list?
> Ms. Stretch:  She's not on the July 6th witness list.  She's on the July 30th one but not the July 6th one.  So she's on the one you already dismissed.
> Mr. Van Hook:  Again, these are text messages I just became aware of about a week ago.
> Court:  All right I'm going to sustain the objection.

STRETCH, in later hearings in 7409, stated that DEMEYER had overruled her objection

and that she doesn't understand why PLAINTIFF didn't call Ms. Warren as a witness.  (There's

an affidavit from Ms. Warren in exhibit 1.  *[Follow path (folder) Court Documents ...to... (folder) 2014-7409 ...to... (pdf) 20161031 - Affidavit of Tiffany Warren]*

37.  STRETCH denies any knowledge of this report card with the address on the reverse side.

This issue is discussed by PLAINTIFF in his Appellants Brief to the District Court, MCKEE

presiding.  (See Exhibit 1  *[follow path (folder) Court Documents ...to... (folder) 2014-7409*

*...to... (pdf) 20160718 - Appellants Brief ... pages 21-22]*)

STRETCH replies to PLAINTIFFs claim that DEMEYER refused to consider 3311 in the

trial and that DEMEYER refused to allow Ms. Tiffany Warren to testify.  (See Exhibit 1  *[follow*

*path (folder) Court Documents ...to... (folder) 2014-7409 ...to... (pdf) 20160815 - Respondent*

*Brief ... page 8]*)

> "...objected to the four (4) new witnesses on Van Hook's July 30, 2015 Witness List for
> not being disclosed in a timely manner.  The objection was sustained, and those four (4)
> persons were prohibited from testifying.  However, when Van Hook tried to call one, and
> Stretch renewed her Objection, it was overruled, and Van Hook was allowed to call a
> newly disclosed witness.  For reasons unknown, he did not call her, however, Stretch also
> objected to the introduction of all evidence from the Adams County CPO hearing as an
> attempt to re-litigate the CPO hearing, and was again overruled.  But again for reasons
> unknown, Van Hook chose not to question his witness about the issues that arose in the
> Adams County case."

During the 7409 trial, PLAINTIFF submitted into evidence a Report Card that has an

address on the reverse side.  Prior to submitting the document, Item was described by

PLAINTIFF as having an address on the reverse side (the ELDREDGEs address in Council, ID)

so it would be visible through a glassine envelope after being tri-folded.  STRETCH objected to

this for relevance, but did not question that the address was on the reverse side.  This document

is now missing from the record in 7409.  Since then, in other hearings, STRETCH denies this.

PLAINTIFF has complained of the conduct of STRETCH again and again, and clearly no

judge has ever paid attention, ...OR... has paid attention and then endeavored to cover-up her

activity, and such is the case with DEMEYER, who was a co-conspirator with STRETCH.

STRETCH is an Actor for the State of Idaho.  STRETCH will be called to testify and will

be required to prove her position.  PLAINTIFF will clearly be able to show that STRETCH has

been deliberately 'misleading'... putting that issue as politely as possible. But the fact is,

STRETCH Lies - Memorex Doesn't lie... If STRETCH continues to maintain the her position

regarding the admittance of 3311, the calling of witnesses, the missing evidence, etc. The Audio

will have to be played for the jury.

38. This issue of how the order was written is also discussed in the Appeal to the District Court

as referenced in argument 37.

Furthermore, even though it was dismissed, the PLAINTIFF has still sworn by affidavit

that all issues contained in all docs submitted in Exhibit 1 to be true, PLAINTIFF also will use as

evidence the Habeas Corpus proceeding in Adams County to demonstrate illicit activity of

numerous Actors for the State of Idaho. (See exhibit 1 *[follow path (folder) Court Documents*

*...to... (folder) canyon 2016-5044 adams 17-3664 ...to... (pdf) 20160527 - 16-5044 (original*

*mandamus and HC) venue changed to Adams County 17-3664]*)

Summarizing - DEMEYER while conspiring with STRETCH, created an order, under

color of law, that is tantamount to the termination of the parental rights of the PLAINTIFF, with

absolutely No Cause, and has relentlessly held on to this order and refused PLAINTIFF from

correcting it in any way. The Orders by DEMEYER are Arbitrary and Capricious:

> Arbitrary and Capricious - Absence of a rational connection between the facts found and
> the choice made. (Natural Resources v. U.S., 966 F.2d 1292, 97, (9th Cir. '92) A clear
> error of judgment; an action not based upon consideration of relevant factors and so is
> arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law or if
> it was taken without observance of procedure required by law. 5 USC. 706 (2)(A) (1988).

39. The dismissal of CV-2015-0678 was a Due Process Violation as the court had no discretion
and was required to hear this issues.

40. BOND was absolutely Grossly Negligent. It is also apparent BOND conspired with

STRETCH in the sabotage of PLAINTIFFs case in 7409, eliminating all avenues of recourse.

41. DEMEYERs 'Hearing' of the Motion to Disqualify was a charade.

42. Judge Vanderveld didn't believe he had the jurisdiction to do anything, but offered no real clarification. It seems that a District Court Judge in Canyon County would have jurisdiction over a complaint of wrongdoing by a Magistrate judge in the same county... However, if DEMEYER never had jurisdiction in 7409 in the first place, it follows that Judge Vanderveld would likewise have no jurisdiction. Judge Vanderveld also said something to the extent of 'I'm sorry this is happening' while knowing what the complaints were, but not being able to resolve them. Judge Vanderveld appeared to know there were serious 'discrepancies' in 7409.

43. There are 49 pages containing a partial transcript of this Hearing with MCKEE in Exhibit 1. *[follow path ...(folder) Court Document ... to ... (folder) Supreme Court 44988... to... (folder) SC Record - objections - judicial notice to (pdf) Vanhook v. Cannon appeal]*

44. Judge Smyser (SMYSER) by failing to make a decision in properly submitted Motions, and in violation of ICJC Rule 2.7, violated the PLAINTIFFs Right to Due Process and extended favoritism to CANNON in failing to guarantee Equal Protection.

45. NYE dismissed a previous Civil Complaint in CV-2016-11807 where specific defendants were named by name. All of PLAINTIFFs records on this particular case are in disarray, but will be produced as necessary in discovery. Suffice it to say for now, the case was presided over by NYE, and was dismissed.

46. MCKEE , in PLAINTIFFs previous Appeal to the District Court, clearly stated he was good friends with MEIENHOFFER and had employed MEIENHOFFER at one time. As a District Court Judge cannot be disqualified while in an appellate position, the presiding judge in an appeal should disqualify himself *sua sponte* when a bias exists... yet MCKEE did not disqualify himself, but rather dismissed the appeal. The Supreme Court dismissed the appeal without review of any of the complaints in the case of the persons involved in legal violations.

> Recusal under Section 455 is self-executing; a party need not file the affidavits in support
> of recusal and the judge is obligated to recuse herself sua sponte under the stated
> circumstances." Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989).

47. A Vexatious Litigation Proceeding was initiated by CANNON, but to the benefit of

STRETCH and DEMEYER.  FORD refused to consider any of the evidence presented by

PLAINTIFF and admitted as much.

48. This has taken since May of 2018 to get to the point that the court would even consider a

brief by PLAINTIFF.  This is certainly not due process when it takes several months just to get

leave to exercise rights guaranteed to all citizens:

> "There can be no sanction or penalty imposed upon one because of his exercise of
> Constitutional Rights."  Sherar v. Cullen, 481 F. 2d 946 (1973) …

yet the State, with threat of incarceration by the threat of holding PLAINTIFF in contempt for a

violation of a Pre Filing Order, prevents the exercise of a Constitutionally guaranteed Right.

49. As there are missing documents from court records, the Petition for Writ of Certiorari (in

Exhibit 3) was appropriate for the PLAINTIFF to file.  As the State has no rules that direct

someone on how to proceed if they are declared a vexatious litigant, and since there are clear

violations of Article V Section 26 of the Idaho State Constitution, and as leave cannot be

acquired from any court no matter how dire the situation, a Writ of Habeas Corpus (also in

Exhibit 3) was appropriate… yet the Supreme Court dismissed these without consideration.  The

dismissal of Habeas Corpus without hearing is a violation of Article 1 Section 5 in and of itself,

and a violation of ID 19-4203 as the Supreme Court who has Original Jurisdiction, made no

inquiries and allowed for no hearing.

50. See Affidavit of PLAINTIFF 'Affidavit of Ronald Van Hook Regarding Adams County

Courts and Legal Misconduct'

51. PLAINTIFF was charged/ incarcerated in Adams County CR02-18-020358 for over 26

hours for felony witness intimidation, misdemeanor Disturbing the Peace and Contempt of

Court.  Plaintiff was charged by Prosecutor Christopher D. Boyd.  All charges were dismissed.

PLAINTIFF states he was Falsely arrested and incarcerated.  ICR 5 (b) requires the accused who is incarcerated to be arraigned in front of a Magistrate without unreasonable delay, and under no circumstances in excess of 24 hours.

52.  See Affidavit(s) of PLAINTIFF 'Affidavit of Ronald Van Hook pertaining to issues involving Virginia Bond' ... and ... 'Affidavit of Ronald Van Hook pertaining to issues involving Steven Fisher'

53.  Plaintiff intends to demand compensation for $3,738.15 and other unpaid items in reimbursement.  Furthermore, PLAINTIFF asserts an additional $750 to be due per ID 45-607.  Furthermore, PLAINTIFF accuses the State of Idaho of Extortion per ID 18-2403.

54.  Attorney Bruce Birch was retained by PLAINTIFF and was paid his demanded retainer fee of $2000.00.  Mr. Birch, after being made fully aware of 7409, including being given an electronic copy of all documentation and audios of said case, later refused to file any motions or take any action and refused to represent PLAINTIFF.

55.  PLAINTIFF requests leave to amend CV14-18-5576 to include bringing suit against the same Defendants on behalf of minor sons, Gabriel and Nathan, to be listed as plaintiffs as well.

Gabriel and Nathan have been done harm by the State of Idaho.  PLAINTIFF intends to bring a civil complaint for damages on their behalf.  The State of Idaho, by and through Actors for the State, have knowingly placed Gabriel and Nathan in harm's way, subjecting them to abuse and endangerment, have denied them visitation with their natural father, and have been accessories to a crime Gabriel has been charged with in Adams County, among other things.

PLAINTIFF COMPLAINS

PLAINTIFF has been subjected to the Violation of his Civil Rights:

Amendment 1 - Free Speech

Amendment 5 - Due Process

Amendment 8 - Cruel and Unusual Punishment

Amendment 9 - (as decided in Wise v. Bravo)

> "The Ninth Amendment acknowledged the prior existence of fundamental rights
> with it: "The enumeration in the Constitution, of certain rights, shall not be
> construed to deny or disparage others retained by the people." The United States
> Supreme Court in a long line of decisions, has recognized that matters involving
> marriage, procreation, and the parent-child relationship are among those
> fundamental "Liberty" interests protected by the Constitution. Thus, the decision
> in Roe V. Wade, 410 US 113; 93 S Ct 705; 35 L Ed 2d 147, (1973), was recently
> described by the Supreme Court as founded on the "Constitutional underpinning
> of ... a recognition that the "liberty" protected by the Due Process Clause of the
> 14th Amendment includes not only the freedoms explicitly mentioned in the Bill
> of Rights, but also a freedom of personal choice in certain matters of marriage and
> family life." The non-custodial divorced parent has no way to implement the
> constitutionally protected right to maintain a parental relationship with his child
> except through visitation. To acknowledge the protected relationship as the
> majority does, and yet deny protection under Title 42 USC ss 1983, to visitation,
> which is the exclusive means of effecting that right, is to negate the right
> completely. Wise v. Bravo, 666 F 2d 1328, (1981)"

Amendment 13 Involuntary Servitude

Amendment 14 Due Process and Equal Protection under the Law

US Constitution Article 1, Section 9, Clause 8 forbidding Titles of Nobility:

> No man in this country is so high that he is above the law. No officer of the law
> may set that law at defiance with impunity. All the officers of the government
> from the highest to the lowest, are creatures of the law, and are bound to obey it.
> United States v. Lee, 106 U.S.196, 220, 1 S.Ct. 240, 27 L.Ed. 171 (1882)
> Buckles v. King County 191 F.3d 1127, *1133 (C.A.9( Wash.), 1999)

PLAINTIFF has been Deprived of Life Liberty or Property without Due Process of law.

The Defendants are Racketeers and have caused damage to the PLAINTIFF through

Racketeering per ID 18-7803 - with crimes pursuant thereto and other Criminal Acts in violation

of Idaho Code(s) as follows:

> 18-2403 theft
> 18-2407 (1) Grand Theft (b) 1. Value in excess of $1000
> 18-4501 2. Kidnapping

18-4015 Assault with intent to murder
18-5401 Perjury

Criminal acts by the State, by and through Actors for the State, that did harm the PLAINTIFF:

18-1701 Conspiracy
18-2403 Extortion
18-2603  Destruction, Alteration or Concealment of Evidence
18-2901  False Imprisonment
18-3201, 3202, and/or 3203 Stealing or Falsifying Records
18-3601 or 18-3602 Forgery
18-5410  subordination of perjury
18-5413 Providing False Information to Law Enforcement Officers, Government
Agencies, or specified Professionals.
18-5414 Intentionally making False Statements

Other criminal acts by CANNON and/or ELDREDGEs that have been covered-up by the State

with intent to prevent prosecution of the perpetrator(s), while showing favoritism to CANNON,

while CANNON knowingly exploits this favoritism, to prevent PLAINTIFF from raising issues

that are harmful to the Van Hook children:

18-909 Assault with intent to commit murder
18-910 Assault with the intent to commit a serious felony
18-911 Battery with the intent to commit a serious felony
18-905 (b) Aggravated Assault
18-1101 Polygamy
18-1501 (1) Injury to Children
18-1506 (1) (b) and/or (1) (d)  Sexual Abuse
18-1509 (1) (a) Enticing of Children
18-1801. 4. Contempt
18-4501 Kidnapping
18-4506  1. (a) and/or (b) Custodial Interference
18-6601 Adultery
23-603 - Alcoholic Beverages - giving to minors

Idaho Bar Association in violation of Trust have harmed PLAINTIFF and the Van Hook children

Anti Trust - Monopolies and Trade Practices -
ID 48-603 (7), (9), (17), & (18)
ID 48-603C  (2) (a)

The State for Malicious Prosecution of Gabriel Van Hook, while accessories/principals to

the crime Gabriel is accused of, which are Actors for the State, remain unaccountable.

False Arrest and Incarceration of PLAINTIFF in Adams County for 26 hours.

Defendants FISHER and BOND in their person and/or as Actors for the State of Idaho, who remain contractually obliged to PLAINTIFF as they have not lawfully taken leave from representation of PLAINTIFF, and as FISHER also has a remaining motion unsatisfied in CV-2014-6865, have breached their contract with PLAINTIFF and with Gross Negligence have harmed PLAINTIFF and the Van Hook children.

> Implied in Fact Contract - Baltimore & Ohio Railroad Co. v. U.S. (21 U.S. 592 (1923))
> An implied in fact contract consists of obligations arising from a mutual agreement and intent to promise where the agreement and promise have not been expressed in words.

Defendant Birch for Breach of Contract with the PLAINTIFF and has done harm.

The State with Vicarious Liability for the actions of The Idaho Bar Association and all other defendants, as the State had the Right, Ability and Duty to act to prevent and/or stop and/or correct numerous 'Miscarriages of Justice' that have been the cause of Harm to the Plaintiff and the Van Hook Children.

Emotional Distress

Emotional Damage to the Van Hook Children

PLAINTIFF seeks Punitive Damages Per Idaho 6-1604

## CONTINUING ARGUMENTS

PLAINTIFF was twice denied Habeas Corpus, when the Privilege of this writ shall not be suspended per US Constitution Article 1, Section 9, Clause 2.  This demonstrates that the State of Idaho has twice been clearly given the opportunity to correct those issues that aggrieve the PLAINTIFF.

PLAINTIFF has Twice appealed to the District court and once to the Supreme Court for

failing to disqualify DEMEYER, who PLAINTIFF will be able to clearly demonstrate to a jury

that he was disqualified, but was allowed to continue in relentless miscarriages of justice while

conspiring with others to do so.

PLAINTIFF accuses the State, by and through Actors for the State, and the Idaho Bar

Association (The State having Vicarious Liability) of "Spoliation of Evidence" (which is the

intentional, reckless or negligent withholding, hiding, altering, fabricating or destroying of

evidence) (defined in Brookshire Brothers Ltd. V. Aldridge in TX Sup.Ct)

The final order issued in 7409 is tantamount to a Termination of the Parental Rights of

the PLAINTIFF.  This was clearly Arbitrary and Capricious as previously argued, but disregards

the concept of Fairness:

> "Acts in excess of judicial authority constitutes misconduct, particularly where a judge
> deliberately disregards the requirements of fairness and due process."
> Gonzalez v. Commission on Judicial Performance, (1983) 33 Cal. 3d, 359, 371, 374.

Parental Rights are Guaranteed by law, but the State has disregarded the law:

> The U.S. Supreme Court implied that "a(once) married father who is separated or
> divorced from a mother and is no longer living with his child" could not constitutionally
> be treated differently from a currently married father living with his child.  Quilloin v.
> Walcott, 98 S.Ct. 549; 434 US 246, 255-56 (1978).

> A Parent's right to the preservation of his relationship with his child derives from the fact
> that the parent's achievement of a rich and rewarding life is likely to depend significantly
> on his ability to participate in the rearing of his children,  A child's corresponding right to
> protection from interference in the relationship derives from the psychic importance to
> him of being raised by a loving, responsible, reliable adult.  Franz v U.S., 707 F 2d 582,
> 595-599; US Ct App (1983)

> "Where rights secured by the Constitution are involved, there can be no rule making
> which would abrogate them."  Miranda v. Arizona, 384 U.S. 436 (1966)

## TO BE SOUGHT IN DISCOVERY

All Court records, including audios from any hearings, from Adams, Canyon and

Owyhee Counties, that in any way pertain to PLAINTIFF, CANNON or any of the Van Hook

Children.

All Health and Welfare Records from the State of Idaho that in any way pertain to PLAINTIFF, CANNON or any of the Van Hook Children. (twice sought in previous discoveries, but never provided)

All records from Adams County Sheriff's Department (including body and dash cam) that in any way pertain to PLAINTIFF, CANNON, the Van Hook Children, and the ELDREDGEs. (previously sought in Adams County CV - 2018 - 3807.)

Copies of all complaints filed by any judge or lawyer, and to what authority they were submitted to, that pertain to any subject matter relating to PLAINTIFF or CANNON

ELDREDGEs to provide all records pertaining to PUY-CW0708-057 and 058 from Puyallup, WA - a case that they were party to.

List of all Source(s) of funding for Idaho Legal Aid, and a copy of all bylaws and or requirements they are compelled to abide by.

All information pertaining to Idaho funding through Title IV of the Social Security Act.

Specific Names of all Judges that were in any way involved in any case pertaining to PLAINTIFF, CANNON or any of the Van Hook Children.

PLAINTIFF will later submit 'Requests for Admissions' from all involved in this case.


Dated this _____ day of _____, 20_____.

Respectfully Submitted;


_____

Ronald Van Hook