

Exhibit 2

Ronald Van Hook
515 S. 11th St. #3
Payette, ID  83661
(208) 982-0164

Pro Se

IN THE DISTRICT COURT FOR THE THIRD JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

Ronald Van Hook
Plaintiff

vs.

State of Idaho
Idaho Bar Association
John Doe(s) 1-100
Defendants

Case No. CV14-18-5576

Affidavit of Ronald Van Hook Regarding Adams County Courts and Legal Misconduct

    I, Ronald Van Hook (AFFIANT) and the Plaintiff in CV14-18-5576, being of sound mind, over the age of eighteen (18) years, being first duly sworn, deposes and states the following:

1. In early 2018, Affiants son, Gabriel Van Hook (Gabriel), was charged with a criminal offense in Adams County JV-02-18-0841.  Affiant was informed of the charge less than 2 hours prior to Gabriel's arraignment, by phone call from the Adams County Clerk's Office, which Affiant attended telephonically as he was working out of town.

2. Gabriel was incarcerated in Canyon County.  Affiant visited Gabriel immediately after getting back into town (unscheduled visit day), and then visited twice a week at each scheduled visit date over an approximate 2 week period until Gabriel was released to the custody of Affiant.

3. At a Hearing in Adams County where Gabriel's temporary release was to be decided, Affiant informed the Court of the involvement on the Adams County Prosecuting Attorney, Christopher D. Boyd, in assisting in the concealment of records pertaining to the subject matter in this case… and the Presiding Magistrate Judge, John Meienhoffer, in having previously given orders prohibiting Gabriel from having contact with the accuser in this case, which was acknowledged by the Court. Affiant further informed the court that the accuser, Lloyd Elderedge, is a pedophile (which had been shown in Adams County CV-2014-3311 by his conviction in Malheur County, OR).  Gabriel's Court appointed defense attorney didn't even question any of this, but rather moved for the exclusion of the Affiant, which was granted by the court, and Affiant was escorted out of the Court Room.

4. Affiant had directly inquired from the Court, and demonstrated by State Law, that the Affiant had the right to be represented by counsel, and that the Court was to appoint a lawyer to represent Affiant.

5. Affiant had twice filed an affidavit regarding issues pertaining to the case and requested a Civil Protection Order be issued… (duplicate submissions), and both times ignored by the Court.

6. Affiant questioned the Court about when the Court would hear Affiants Petition for CPO, and the Court stated that Affiant had to take it up with the attorney. The Court referenced the 'Pre Filing' order the Affiant was subject to when stating Affiant had to take the issue up with the attorney, but the Court did not consider that the Affiant could file if the Court gave leave to file Pro Se.

7. Affiant filed a motion requesting the appointment of an attorney, and the court approved motion and appointed Aaron Hooper to represent Affiant. (The Court had no problem with Affiant having filed this motion Pro Se…) When the Court heard matters pertaining to the

appointment of an attorney to represent Affiant, and after the court had specifically called on Affiant to speak, Affiant again informed the Court that Lloyd Elderedge is a pedophile that was previously ordered to not be allowed to have had any contact with Gabriel, (or any of Affiants Children). Christopher D. Boyd charged Affiant with Criminal Witness Intimidation, and Affiant was arrested and incarcerated in the Adams County Jail in CR02-18-020358.

8. Affiant was incarcerated for over 26 hours and was released on his own recognizance.

9. Affiant met with Aaron Hooper at his office in Boise, and Hooper was made fully aware of the circumstances of the current cases in Adams County; CR02-18-020358 and JV-02-18-0841. Hooper was also made aware of further connections with Adams County CV-2014-3311, and Canyon County CV-2014-7409, and of the involvement of Christopher Boyd and Magistrate Judge John Meienhoffer in what Affiant asserts to be illicit activity, including the concealment of evidence and the lack of jurisdiction on a previous case involving the same parties in similar subject matters, and the fact that Gabriel would not be in the situation he was in with JV-02-18-0841 had he not been wrongfully forced to reside with Lloyd Elderedge.

10. In CR02-18-020358 Affiant demanded a speedy trial by jury, and the case was dismissed.

11. Hooper refused to represent Affiant in the CPO he had petitioned for. Affiant complained to the court. The Court gave leave for the Affiant to file the CPO, but required Affiant to file on the Courts generic forms for CPO and refused to hear the CPO as it had been originally filed. With Aaron Hooper present in the court room, the Court gave Affiant leave to file the CPO. This CPO was filed again, and then was dismissed without a hearing. The Court stated the matters had to be taken up in Canyon County in CV-2014-7409. Hooper has made no reports to authorities as required by the Rules of Professional Conduct for unlawful activity of a judge that he has direct knowledge of.

12. Affiant contacted and met with Tilley Law Office in Nampa, and after Mr. Tilley was informed of the circumstances at a consultation and has not answered or returned any phone calls from Affiant.

13. Affiant contacted and met with Birch Law Office in Payette. Affiant paid Birch Law Offices a retainer of $2000 and had a retainer agreement. This attorney was given copies of documents in Canyon County CV-2014-7409, and then after he had time to review them, refused to take the case on 10/24/18.

14. On the same day Birch refused to take the case, Affiant met with Logan Law Office in Ontario, OR. This attorney was also made aware of many of the details of these cases, clearly acknowledged the illegal nature of many of the issues, but also refused to take the case, and had specifically stated that he would not interject himself into the middle of this, and that he refused to get involved... and this clearly indicated to the Affiant, that Mr. Logan would not take the case for his own personal reasons and/or for the protection of himself and his legal practice.

15. Aaron Hooper has advised Affiant not to raise any of the issues in JV-02-18-0841 or CR02-18-020358 with this current case CV14-18-5576, as it could jeopardize the juvenile case. However, there's nothing affiant is saying that hasn't been said numerous times before. Hooper has clearly expressed his concerns over the mishandling of many issues in Canyon County CV-2014-7409 and the connection between that case and JV-02-18-0841... Yet Mr. Hooper refuses to have anything to do with CV-2014-7409 or CV14-18-5576, and refuses to make any referral to any attorney who could represent Affiant in this subject matter.

16. The Courts in Adams County JV-02-18-0841 and Adams County CR02-18-020358 (Both presided over by Magistrate John Meienhoffer) knew of Affiants filing for a Protection Order with Affidavit. During a Hearing in JV-02-18-0841, the Court orally gave leave to affiant to file

this CPO, Refusing the previous filing that had been submitted twice and requiring Affiant to file on court drafted forms. This new CPO was submitted to the Adams County Court and assigned case number CV02-18-003910, presided over by Magistrate John Meienhoffer. This Case was dismissed stating that the matter had to be taken up with the Divorce Case in Canyon County (CV-2014-7409). This was done in spite of the fact that none of the parties involved reside in Canyon County, and all of the allegations involve issues from Adams County. Affiant then filed a Motion in Canyon County CV-2014-7409, which was clearly prefaced with

> "...subject to the granting of leave in accordance with Pre Filing Order in Canyon County CV-2017-3444 (currently pending Appeal in the Supreme Court of Idaho), "...

On 12/13/18, the Court in CV-2014-7409, presided over by Magistrate Judge Matthew Bever, issued 'Order Setting Aside Order to Judgment Debtor To Appear For Examination', and in that Order stated,

> "The Court notes the Petitioner had been declared a Vexatious Litigant and the Petitioner had not been granted leave from the Administrative District Judge to file any new action."

> "IT IS HEREBY ORDERED that the Order to Judgment Debtor to Appear for Examination, filed December 6, 2018 be set aside and the hearing currently scheduled for January 7, 2019 at 10:30 a.m. be vacated."

17. Affiant is subject to a 'Prefiling Order' in Canyon County Case CV-2017-3444-C, Which remains subject to Affiants Appeal to the Idaho Supreme Court and is awaiting their decision after oral arguments were presented on 12/7/18. This 'Prefiling Order' filed on 9/20/17, which is titled 'PREFILING ORDER DECLARING VEXATIOUS LITIGANT PURSUANT TO IDAHO COURT ADMINISTRATIVE RULE 59' clearly states on pages 26 of 28.

> "Pursuant to this court's finding Ronald L. Van Hook is ordered not to file any new litigation in this state *pro se* without first obtaining leave of the court where the litigation is proposed to be filed."

18. After Affiant received the 'Order Setting Aside Order to Judgment Debtor To Appear For Examination', Affiant promptly contacted Aaron Hooper who represents Affiant in Adams County JV-02-18-0841 and Adams County CR02-18-020358, and who further has direct knowledge of Adams County CV02-18-003910 and Canyon County CV-2014-7409. Affiant read to Hooper, verbatim, both the 'Order Setting Aside Order to Judgment Debtor To Appear For Examination' and the 'Conclusion and Order' from the Vexatious Litigant proceedings. Aaron Hooper was clearly made aware of the discrepancy where the Affiant was ordered to obtain leave from the actual court where a filing was to be made, and not required to get leave from the Administrative District Judge. Mr. Hooper was also made aware that Affiant had filed for leave in a Motion under IRCP 60, and that this had nothing to do with a Debtors Exam. Aaron Hooper again refused to have any involvement, stating Family Law is not his area of expertise. Aaron Hooper also refuses to give any referral to any attorney who would handle the situation. Aaron Hooper acknowledges that these cases are clearly full of frauds and illicit activity.

19. Affiant has literally lost count of how many attorneys he has contacted regarding the issues in Canyon County CV-2014-7409 and CV14-18-5576. No attorney has ever said that Affiants grievances are unfounded, yet no attorney will touch this subject matter. Many of these attorneys are listed by name in filings with the District Court and the Supreme Court. This includes Diane Minnich, who on behalf of the Idaho Bar Association, refuses to give any referral to any attorney who will even examine the facts in these matters. This also includes the Idaho Bar Association who has excused away a previous written complaint against attorney Steven Fisher and completely ignored a previous written complaint against attorney Virginia Bond. This also includes the Idaho Judicial Council who has also ignored written complaints.

20. Aaron Hooper was assigned by the Court to represent Affiant in Adams County JV-02-18-0841 in matters where conflicting interests arise between Affiant and his son Gabriel Van Hook. Affiant asserts there to be numerous conflicting interests that exist which could be resolved in a Motion under Rule 60 of the IRCP, where Frauds on the Court can and should be exposed.

21. Affiant has pointed out to Mr. Hooper issues in the Idaho Rules of Professional Conduct… such as the 'Responsibilities' of a Lawyer ( see Preamble [5] ), the definition of "Know", which can be either actual knowledge or inferred from circumstances (see Rule 1.0 Terminology), and the required reporting of professional misconduct of lawyers and judges ( see Rule 8.3 (a) and (b) ). It is also known that the Idaho Supreme Court has original jurisdiction in discipline actions involving the actions of attorneys.

DATED THIS _____ day of _____, _____.

State of Idaho
County of _____ ss

_____ being sworn, deposes and says: That the party is the Plaintiff in the above-entitled case, and that all statements herein are true and correct to the best of his or her knowledge and belief.

_____
Ronald L. Van Hook
Plaintiff

Subscribed and Sworn to before me this _____ day of _____, _____.

_____
My commission expires _____