

Ronald Van Hook
515 S. 11th St. #3
Payette, ID 83661
(208) 982-0164

Pro Se

IN THE DISTRICT COURT FOR THE THIRD JUDICIAL DISTRICT OF THE STATE
OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| Ronald Van Hook<br>Plaintiff<br><br>vs.<br><br>State of Idaho<br>Idaho Bar Association<br>John Doe(s) 1-100<br>Defendants | Case No. CV14-18-5576<br><br>Affidavit of Ronald Van Hook pertaining to issues involving Virginia Bond |

I, Ronald Van Hook (AFFIANT) and the Plaintiff in CV14-18-5576, being of sound mind, over the age of eighteen (18) years, being first duly sworn, deposes and states the following:

1. Virginia Bond (BOND) was retained by AFFIANT to represent him in matters of CV-2014-7409 (7409) in Canyon County, after a final decision was issued by the Court in that case.

2. BOND was retained on 9/12/15 after AFFIANT paid her required retainer fee of $2,575.00. On this same day, BOND was given a copy of the Order in 7409 by AFFIANT and a summary of how the case had transpired. After BOND read the order she stated "You got Fucked. Now we have to get you UnFucked". BOND further stated that the Order in 7409 was "Tantamount to the

Termination of Parental Rights" of AFFIANT.

3. On 9/23/15 BOND filed her Notice Of Appearance in 7409, Motion for new trial IRFLP 807A, and Motion for Reconsideration IRFLP 503b.

4. AFFIANT made a return visit to BONDs office and delivered an audio copy of the Decision in 7409 that had been provided to the AFFIANT by the records clerk in Canyon County, but the audio was incomplete. Bond stated she wanted AFFIANT to reference specific time points of interest in the audio so she didn't have to listen to the whole thing. AFFIANT responded with a fax with said time reference and further commentary about the decision. In the fax, Bond was specifically instructed by AFFIANT who stated "Nothing we do should ever interfere with my right to appeal the judges decision in the divorce case. I do know I'm limited to 42 days in which to file a notice of appeal... and then other time restrictions exist after that... But the judges decision was absolutely wrong and I do not want to be cornered into not having the option to appeal as my last resort."

5. On the day the Notice Of Appeal was due, BONDs secretary called me saying the Notice of Appeal was ready, but that I had to come pick it up and deliver it to the Canyon County Courthouse. It was late in the afternoon when the call came in and AFFIANT was at work in Mountain Home. Bonds office is in Payette. BOND expected AFFIANT to travel from Mountain Home to Payette to pick up this Notice of Appeal, and deliver it to Caldwell before the end of that business day, which was literally physically impossible to do.

6. After BOND allowed the time limitations for appeal to expire, which was specifically against AFFIANTs instruction, BOND stated she would easily get a retrial on 7409 and that AFFIANT should not be concerned.

7. Numerous calls to BONDs office were made by AFFIANT over several weeks that went

unreturned. AFFIANT left a message for BOND with her secretary demanding notification of when the Motion for Retrial and Reconsideration would go to hearing or that a complaint would be filed with the BAR Association.

8. On 11/17/15 BOND filed a Notice of Hearing scheduled for 1/14/16. Considering the Motions for Retrial and Reconsideration were filed on 9/23/15, AFFIANT asserts that the 56 days of delay in the filing for a Hearing was an excessive delay, and that the further delay of 58 more days to get the Hearing was even more excessive. AFFIANT insisted on a faster Hearing, but BOND stated it was the soonest she could get one because the Judge wouldn't hear it any sooner.

9. After AFFIANT was informed there would be no sooner Hearing on pending motions in 7409, and in a phone call to BONDs office, AFFIANT spoke with BONDs secretary and left a message (again, BOND was not available and continued to ignore phone calls from AFFIANT). The message AFFIANT left is summarized in stating that AFFIANT firmly believed BOND was working against AFFIANT and assisting the Judge and opposing counsel Kimberly Stretch (STRETCH), Attorney for Dawn Cannon f.k.a. Van Hook in 7409 in preventing any recourse in what AFFIANT strongly asserted to be an illegal order. AFFIANT further insisted that BOND take the matter up with the District Court, assuming that what she had claimed was true (That the Judge refused to allow a Hearing any sooner on 7409). AFFIANT stated he had been informed of the use of a Petition for a Writ of Mandamus and insisted that BOND consider that option. Furthermore, AFFIANT stated that if BOND did not do anything, that AFFIANT would be filing for a Writ of Mandamus in a separate action Pro Se.

10. BOND stated to AFFIANT that she advised filing for a Change of Venue since the Presiding Judge in Canyon County on 7409, Gary DeMeyer (DEMEYER) did not want to hear

any issues in 7409, and AFFIANT agreed to the filing for a change of venue, but insisted BOND get it done post haste.

11. On 12/22/15, BOND filed Motion to withdraw Motion for New Trial And Motion For Reconsideration, and did so without the approval of AFFIANT. On 12/24/15 the Court issued the Order to withdraw Motion for New Trial And Motion For Reconsideration, which was signed by DEMEYER. (The record demonstrates in 7409 that there is no affidavit filed on this Motion by AFFIANT)

12. On 12/30/15 BOND filed Motion to Change Venue with a Hearing set for 1/28/16. DEMEYER met privately in chambers with BOND and STRETCH. In the Hearing, DEMEYER stated "Okay. So I'll just simply put this on hold until I hear back from either one or both of you that we're proceeding forward with this case." The Motion to Change Venue was dismissed.

13. After the hearing on 1/28/16, BOND and STRETCH met in the hallway outside the court room. AFFIANT overheard STRETCH claim that her client (Dawn Cannon) had claimed that AFFIANT suffered from Post Traumatic Stress Disorder (PTSD) and that was her reasoning for not allowing AFFFIANT to see his children. (This was a new accusation by Dawn Cannon that had never been brought up in any court hearing to date) AFFIANT asserts this was said loudly enough by STRETCH in a deliberate attempt to prompt a response from AFFIANT. AFFIANT demanded credentials be presented allowing anyone to make such a diagnosis. BOND insisted that AFFIANT cooperate with STRETCH and get an evaluation done. On 2/5/16, AFFIANT was screened for PTSD by a Clinical Psychologist with the Veterans Administration (VA) and the results clearly demonstrated AFFIANT did not have PTSD. AFFIANT promptly faxed the

results of this screening to BOND.

14. On 3/8/16 BOND filed Motion to withdraw in 7409. This Motion was heard on 3/17/16, presided over by Judge Collins. AFFIANT had submitted an affidavit to support his objection on the day of the hearing, and in said affidavit stated "Virginia Bond recognized the severity of the case in general, when her overall reaction was 'you got f***ed, now we have to figure out how to get you un-f***ed.' " BOND made no objection or made any attempt to deny having said this. AFFIANT complained to the Court of the insufficient notice to the hearing. (AFFIANT had concluded that had he not shown up, the Court would have ruled in favor of BOND by default... Had AFFIANT requested a rescheduled hearing, then AFFIANT would have had to take another day off work and thus jeopardize his employment. For those reasons, AFFIANT agreed to continue in the hearing.) The Court asked STRETCH , " Would you like to look at Mr. Van Hooks objection, or do you care?". STRETCH replied to the Court, "I don't think I really care. I'm going to stay to read it, but it's not going to change my opinion about whether Ms. Bond needs to withdraw." The courts final decision stated, "It is clear to me that the attorney client relationship in this case, based on both Ms. Bonds affidavit, her administrative assistants affidavit, and Mr. Van Hooks affidavits, that the attorney client relationship has been irreparably harmed, and I don't think it can be put back together, so the motion is granted."

15. AFFIANT asserts and has concluded without any reservation that it appears that BOND was grossly negligent in her representation of AFFIANT in 7409, and that BOND remains contractually obligated to AFFIANT as she took leave from 7409 without ensuring a Bias did not exist in favor of the opposing party. AFFIANT further asserts and has concluded without any reservation that it appears that BOND had conspired with DEMEYER and STRETCH in the violation of the Civil Rights of AFFIANT, and has with malice and

forethought prevented Due Process of Law and Equal Protection of the Law, and in doing so allowed Cruel and Unusual Punishment be inflicted on the AFFIANT, and Subjected AFFIANT to Involuntary Servitude, among many other things that remain unaddressed.

DATED THIS _____ day of _____, _____.

State of Idaho
County of _____ ss

_____ being sworn, deposes and says: That the party is the Plaintiff in the above-entitled case, and that all statements herein are true and correct to the best of his or her knowledge and belief.

_____
Ronald L. Van Hook
Plaintiff

Subscribed and Sworn to before me this _____ day of _____, _____.

_____

My commission expires _____