Ronald Van Hook
515 S. 11th St. #3
Payette, ID  83661
(208) 982-0164



Exhibit 5

Pro Se

IN THE DISTRICT COURT FOR THE THIRD JUDICIAL DISTRICT OF THE STATE
OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| Ronald Van Hook<br>Plaintiff<br><br>vs.<br><br>State of Idaho<br>Idaho Bar Association<br>John Doe(s) 1-100<br>Defendants | Case No.  CV14-18-5576<br><br>Affidavit of Ronald Van Hook<br>Regarding issues of Vexatious Litigation |

I, Ronald Van Hook (AFFIANT) and the Plaintiff in CV14-18-5576, being of sound mind, over the age of eighteen (18) years, being first duly sworn, deposes and states the following:

1. A partial history of Affiants dealings with the State of Idaho in their endeavors to declare Affiant a 'Vexatious Litigant' are found in CV14-18-5576 Exhibit 1 (flash drive containing court files, audio recordings, and other evidence).

2. Vexatious Litigation proceedings began in Canyon County CV-2014-7409, Beginning with the submissions of Kimberli Stretch on 1/27/17 for Dawn Cannon f.k.a. Van Hook in CV-2014-7409-C - MOTION FOR REFERRAL TO ADMINISTRATIVE JUDGE RE: VEXATIOUS LITIGATION  and subsequent MOTION TO SHORTEN TIME, With numerous

other filings in 2014-7409.

3. On 6/2/17 District Court Judge Bradly S. Ford (Administrative District Judge) (FORD), changed the case numbers in these proceedings to CV-2017-000344-C in "PROPOSED PREFILING ORDER DECLARING VEXATIOUS LITIGANT PURSUANT TO IDAHO COURT ADMINISTRATIVE RULE 59", and on page 22 of 23 Ordered:

> "Ronald Van Hook is prohibited from filing any new litigation in the courts of this state prose without first obtaining leave from a judge of the court where the litigation is proposed to be filed."

On page 5 of 23, pa. 2, FORD erroneously stated that at the Hearing on September 11, 2014 Judge DeMeyer had entered the decree of legal separation and custody sought. This was not DeMeyer.

FORD completely omitted the proceedings in CV-2014-3311 from Adams County except for the "Report of Child Protection Investigation"

In paragraph 9, FORD erroneously stated that "Judge DeMeyer declined to rule on Ms. Cannon's motion to consolidate at that time." Affiant cites as reference the Certified Transcript for Hearing held on April 16, 2015 with Magistrate Gary DeMeyer presiding... Found in CV14-18-5576 Exhibit 1 *[follow path (folder) Court Documents ... to ... (folder) 2014-7409 ... to ... (pdf) 20150416 Transcripts - (Filed 8-29-16)]* the actual Audio of this hearing, that affiant asserts without reservation that Gary DeMeyer failed to maintain a fair and even temperament, especially when he threatened affiant with arrest and incarceration which prevented affiant from offering any objections, while his attorney Steven Fisher sat there in court and said nothing while allowing Ms. Grant and Gary DeMeyer to commit fraud is also found in CV14-18-5576 Exhibit 1 *[follow path (folder) Audios and Notes from hearings ... to ... (folder) 6. CV-2014-7409 ... to ... (audio file) 20150416 - CV-2014-7409 - temp orders - withdraw attorney]*

From the referenced Transcript:

Pg. 3 lines 17-25 and pg. 4 lines 1-10

MS GRANT: If I may, Your Honor, we had a hearing on Monday in the protection order case. He appeared and filed the motion on his own as a pro se litigant. It was a motion for contempt, and it was the time set for arraignment. Just bear with me a moment.
I also filed a motion to dismiss and a motion to change venue and transfer the case here, which is why before you today is a motion to consolidate cases. Both the motion to dismiss was granted on Monday as well as the motion to change venue.

Pg. 5 lines 10-18

Mr. VANHOOK: My attorney is not representing me.
THE COURT: So I'm going to grant Mr. Fisher's motion to withdraw.
MR. VANHOOK: Are you going to stand up and object?
THE COURT: But I'm not going to grant it until I have granted her motion for temporary orders and the motion to consolidate.

    4. In paragraph 16 FORD states that "Mr. Van Hook moved to withdraw them", referencing a motion for retrial and a motion for reconsideration, yet failed to mention there was no supporting affidavit to that effect. FORD further states in paragraph 16 that "The court continued the matter and did not rule on the pending motions." without identifying what these pending motions were.

    5. In paragraph 17, FORD fails to note that Mr. Van Hook had filed an affidavit in his objection to Virginia Bond seeking given leave from the case. FORD also fails to mention that a judge other than Gary DeMeyer was the judge that granted Virginia Bond leave from the case, and that on the exact same day, Gary DeMeyer signed the order that denied Van Hooks motion to change venue.

    6. In paragraph 19, FORD fails to mention that Ms. Cannon failed to appear at her arraignment. Furthermore, affiant asserts that Judge Smyser had plenty of information to rule on Affiants motion to change venue to Adams County, and had he ruled on that issue, there would have been no need to rule on any of the other motions. The affidavit supporting the motion to

change venue was more than adequate, but was not considered. Affiant asserts that Judge Smyser was clearly in violation of the Idaho Code of Judicial Conduct, Rule 2.7, that requires a judge to make a decision; Therefore Violating the requirement of Due Process. As all motions were properly noticed and set to hearing, Judge Smyser was required to make a decision. Judge Smysers decision to not make a decision and pass the motions off to Judge DeMeyer gives the appearance of Judge Smyser having known that Judge DeMeyer had improperly handled matters in the case, and Judge Smyser wanted nothing to do with the case and wasn't going to involve anyone but DeMeyer in the case … and/or to prevent Judge Meienhoffer, who had originally handled case CV-2014-3311 in Adams County which had become consolidated with CV-2014-7409 in Canyon County, from having any further involvement. The simple fact is, All Motions were properly before the court, and Judge Smyser ignored his duty to make a decision. Deciding to not make a decision is not a decision at all.

7. In paragraphs 20 and 21, FORD mentions the motions filed by the Affiant and the fact that they went to appeal. There is further information pertaining to this issue that was omitted by FORD. These motions in question were a Motion for Change of and/or New Orders, a Criminal Contempt charge, Motion for Change of Venue, a Motion for Reconsideration to Judge Smyser, and a Motion to Disqualify Judge DeMeyer with cause. DeMeyer dismissed the motions stating they were frivolous. Affiant asserts, the Audio from this hearing (and the previous hearing with Judge Smyser), and a review of the Motions in question, together with the objections filed by the defendant, will clearly show that DeMeyer and Ms. Stretch (Attorney for defendant) had either conspired together to prevent these motions from being granted, Or alternatively, that Judge DeMeyer was wholly Incompetent. The Motion for Change of and/or New Orders contained grievances that had previously been put before Judge McKee on appeal, when Afiant was

appealing the previous Motion to disqualify Demeyer. In oral arguments at that appeal, Judge McKee stated he couldn't consider them as he could only rule on the matter of whether or not to disqualify DeMeyer… However, McKee specifically stated that the Affiants grievances were NOT frivolous… yet DeMeyer stated they were frivolous in the follow-up motions and dismissed them… (for further clarification, Affiant did not appeal McKees original decision in the first appeal to the Supreme Court as it would be faster and easier to just file new motions; Which was what McKee had advised affiant to do.) This is supported and clarified by statements of Judge McKee during the appeal oral arguments on 10/11/16 as follows:

> MR. VAN HOOK: And the judge has that authority to set aside that decision for fraud on the court.
> THE COURT: Well, that gets into Rule 60. Rule 60, under the requirements of Rule 60 and what you have to show, which clearly that's not in front of me today
>
> and
>
> THE COURT: Well, the only thing pending in front of me is Judge DeMeyer's Motion to Recuse or your Motion to Recuse Judge DeMeyer. But it comes at a time when there is nothing pending before Judge DeMeyer. The case is all over. Time is all expired. All the appeal time for the judgment is expired. The time for the Rule 60(b) Motion to Reconsider for Clerical Errors in the Judgment or Motion for Clarification under Rule 60(b) has expired. There are still some rights under 60, but they're on down -- 60(c), (d), and (e) and whatnot -- and I don't want to get in there. There's some technical parts to this thing. But there's nothing pending in this case. For this case, all intents and purposes, it's all over with. So there's no purpose to recusing the judge because there's nothing to recuse him from. There's nothing under his nose for him to rule on.
>
> and
>
> MR. VAN HOOK: So you're telling me, Judge, that even though she has specifically written an order that the judge never gave that it's frivolous, that my complaints are frivolous?
> THE COURT: The motion to -- no, your complaints are not frivolous. That's what I'm trying to tell you. But you've got them in the wrong forum.

    8. Affiant asserts that a review of the affiants Motion for Change of and or New Orders and the supporting affidavit will fully demonstrate that Affiants motions were NOT frivolous.

These documents are found in CV14-18-5576 in exhibit 1*[path (folder) Court Documents ... to ... (folder) 2014-7409 ... to ... (pdf) 20161020 - Affidavit on Motion for Change of and or New Orders and (pdf) 20161020 - Motion for Change of and or New Orders]*Affiant asserts that a reasonable outside objective observer would conclude that there was absolutely no due process in this situation and that there was clear favoritism shown to the defendant in CV-2014-7409, among other violations of the civil rights of the affiant and the affiants children.

9. In paragraph 22, FORD fails to mention that the ineffective service of CV-2014-6865 was the result of an error in the actual publication in the Idaho Press Tribune. FORD also fails to mention that CV-2014-7409 was also published in the same newspaper classified, and that did have effective service. (the notice published in the Press Tribune had the case number CV-2014-7409 published, but in regards to CV-2014-6865 only cited that there was a pending Civil Protection Order without actually citing the case number) Furthermore, FORD fails to mention that the court in CV-2014-7409 specifically said the CPO could be re-filed and re-published.

10. In paragraph 23, FORD failed to state any other issues except that the CPO was dismissed... completely failing to recognize that this CPO filing had been done with direct approval from the previous court in CV-2014-6865.

11. In paragraph 24, FORD fails to state any other issues except that the CPO was dismissed... completely failing to recognize that this CPO filing had been done with direct approval from the court in Adams County in CV-2014-3311 who was awaiting new orders in Canyon County. There are many other issues that deal with this particular filing (CV-2014-11708) that show DeMeyer, who presided over this case, dismissed this case to show favoritism to the defendant in CV-2014-7409, violated the due process that he was obliged to show to the Affiant, and endangered the children of the affiant while knowingly allowing the children to be

exposed to a pedophile, an admitted drug abuser and their mother who abuses them.

12. In paragraph 25, FORD mentions CV-2015-0678 which was clearly dismissed in violation of due process.

13. In paragraph 26, FORD mentions the Habeas Corpus action that was transferred to Adams County by District Court Judge VanderVelde. The Habeas Corpus did get transferred to Adams County CV-2017-3664 and was presided over by District Court Judge Nye, who dismissed the action.

14. In paragraph 27, FORD mentions CV-2016-11807, which was also presided over by District Court Judge Nye (the same judge that presided over the Habeas Corpus petition in Adams County). 11807 was a Civil Complaint for Damages and all claims were dismissed without even being allowed to begin discovery.

15. During the first Hearing on CV-2017-000344-C (the vexatious litigation hearing after the proposed prefiling order had been issued) FORD being the presiding judge, the Court was given a flash drive and it was submitted as an exhibit in the case. FORD Refused to examine any of the court cases or evidence in that exhibit. (the exhibit that was given to FORD in CV-2017-000344-C is exactly the same as Exhibit 1 in CV14-18-5576) During the second hearing in this case, Affiant argued that he could NOT be held accountable for the violations of due process committed by the judges in the cases the state intended to declare the affiant a vexatious litigant for.

16. The Civil Protection Order petitions filed by Affiant, those that the state claimed affiant to be vexatious in, were each dismissed in violation of due process and showed favoritism to the defendant in CV-2014-7409. Furthermore, affiant demands those issues, and many other issues, be presented to a jury, as affiant and affiants children have suffered damages as a result of

those violations of due process and equal protection. Furthermore, affiant asserts that the state declaring affiant to be a vexatious litigant has been the direct cause of further damages that continue to this day.

17. On 9/20/17 the Court in CV-2017-3444-C issued PREFILING ORDER DECLARING VEXATIOUS LITIGANT PURSUANT TO IDAHO COURT ADMINISTRATIVE RULE 59, signed by Bradly S. Ford - Administrative District Judge, and on page 26 & 27 of 28, in section titled Conclusion and Order it states:

> "Pursuant to this court's finding Ronald L. Van Hook is ordered not to file any new litigation in this state *pro se* without first obtaining leave of the court where the litigation is proposed to be filed."
>
> "Ronald L. Van Hook is further notified that disobedience of this prefiling order may be punished as a contempt of court and can result in the court dismissing any action filed by Ronald L. Van Hook that is filed without obtaining leave of the court as provided by I.C.A.R. 59 (h) and (j)."

Meanwhile, nowhere in the ICAR does it state how leave is to be acquired, nor does it require a judge to consider a request for leave or set any time limitations to answer a request for leave, or give any reply whatsoever if leave is requested.

18. Affiant, by right, filed an appeal with the Idaho Supreme Court. The APPELLANT'S BRIEF, Supreme Court Docket Number 45459-2017, IN RE: MOTION TO DECLARE RONALD L. VAN HOOK A VEXATIOUS LITIGANT, A copy of which is attached hereto and identified as Exhibit A, is hereby sworn by affiant to be true and correct, and further demonstrates that affiant is NOT a vexatious litigant. (this appeal remains pending)

19. Oral arguments were presented to the Idaho Supreme Court on 12/7/18, and the Courts decision remains pending. Some of the arguments presented by affiant were (after affiant has been accused numerous times of trying to re-litigate CV-2014-7409) that one cannot RE

litigate something that had never been lawfully litigated in the first place... Affiant also argued stating that the 3 criteria to declare someone a Vexatious Litigant (found in ICAR 59 (a) 1-3) are to harass or maliciously injure another, an action not warranted under existing law and cannot be supported by a good faith argument, or is imposed solely to delay or hinder, which was never accused or evidenced in the proceedings... Affiant also argued stating that as a pro se litigant, being obliged to abide by the same rules that a lawyer is obliged to abide by (which has been stated and affirmed many times with affiant over the past several years) is not the same standard attorneys are obliged to abide by, which fails to satisfy Equal Protection. The State is attempting to have affiant forever barred from filing as a pro se litigant without first obtaining leave, as he has had 3 failed motions over the past 7 years; Yet attorneys are not held to that same standard. In almost any given case where two attorneys represent two different sides in a case...One side prevails and the other side looses. If the same standard the State is attempting to apply to the affiant were to also apply to lawyers, then a lawyer with 3 failed motions in a 7 year period would be declared vexatious. Since that is not the case, then there are clearly separate standards that the pro se litigant is held to that lawyers are not held to. That is NOT equal protection... and therefore to hold affiant as a vexatious litigant would be unlawful under that argument alone.

20. The Statement of Facts in Appellants Brief for Supreme Court Docket Number 45459-2017 (previously cited in this affidavit as Exhibit A) went undisputed by the Respondent in the appeal. Affiant swears by this affidavit that those issues listed in that statement of facts are true and correct.

21. Affiant has tried to secure an attorney to represent affiant in the subject matter involved in Canyon County CV-2014-7409, in more ways than the average person would have done, and has gone well beyond what the average person would consider to be a reasonable effort to secure an attorney... yet no attorney will represent affiant in this case or related subject

matter. Aaron Hooper, who represents affiant in Adams County CR02-18-020358 and JV-02-18-0841, which has subject matter that is directly connected with Canyon County CV-2014-7409 and CV14-18-5576, refuses to represent affiant with the excuse of not being proficient in Family Law. Mr. Hooper has also been asked to provide a reference for an attorney who would take the case, but Mr. Hooper has also failed in that respect. Affiant has also had an initial consultation with Mr. Robert Tilley, an Attorney in Nampa. Mr. Tilley took notes and paid attention during this consultation, and assured affiant he would make contact him within the next few days after our initial consultation, but now Mr. Tilley won't answer or return any calls. Affiant has also met with Mr. Bruce Birch, an attorney in Payette. Mr. Birch was made fully aware of the case file in CV-2014-7409 (he was given a full copy of all documents) and the dismissal of Adams County CV-02-18-3910 and the Courts decision about having to raise in the issues in the Divorce Case in Canyon County. Affiant signed a retainer agreement with Mr. Birch and paid a $2000 retainer fee required by Mr. Birch. Mr. Birch, after a meeting, refused to take the case. Bruce Birch has breached his contract with me while having knowledge of various illegal and unethical actions of attorneys and courts. (A copy of the Retainer agreement between Affiant and Mr. Bruce Birch is attached hereto as Exhibit B). Dianne Minnich, the Director of the Idaho Bar Association has absolutely refused to give any referral for an attorney for anything pertaining to this case.

DATED THIS _____ day of _____, _____.

State of Idaho
County of _____ ss

_____ being sworn, deposes and says: That the party is the Plaintiff in the above-entitled case, and that all statements herein are true and correct to the best of his or her knowledge and belief.

_____
Ronald L. Van Hook
Plaintiff

Subscribed and Sworn to before me this _____ day of _____, _____.

_____
My commission expires _____