

Ronald Van Hook
515 S. 11th St. #3
Payette, ID  83661
(208) 982-0164

Pro Se

IN THE DISTRICT COURT FOR THE THIRD JUDICIAL DISTRICT OF THE STATE
OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| Ronald Van Hook<br>Plaintiff<br><br>vs.<br><br>State of Idaho<br>Idaho Bar Association<br>John Doe(s) 1-100<br>Defendants | Case No.  CV14-18-5576<br><br>Affidavit of Ronald Van Hook Regarding Further Damages from States prevention of Due Process |

I, Ronald Van Hook (AFFIANT) and the Plaintiff in CV14-18-5576, being of sound mind, over the age of eighteen (18) years, being first duly sworn, deposes and states the following:

1. Midnight Ride Express (MRE) is a Transportation Company, 'Common Carrier', licensed by the US Department of Transportation.

2. MRE is owned by Troy 'Ty' Lanier (TY), who resided in Greenleaf, Idaho.

3. AFFIANT had worked with TY up until March of 2017, when we both worked for Cheney Transport in Caldwell.  AFFIANT was a company driver for Cheney, and TY was a 'Lease Operator' with Cheney who owned several trucks that he leased to Cheney… Driving one himself, another driven by his wife Liz, and a couple more that he had employees driving.

During AFFIANTS employment with Cheney, we were all very well acquainted.

4. AFFIANT began employment with MRE in October of 2015, for agreed compensatory wages of 0.45 cents per mile traveled, loaded or empty, with additional reimbursement for all truck expenses. AFFIANTS duties included the operation of and basic care and maintenance of an assigned Tractor and Trailer, while complying with applicable State and Federal regulations, for the purpose of the pick-up and delivery of common freight in the Continental United States. AFFIANT performed these duties in exemplary fashion. (Translation: I'm a trucker with over 25 years experience with a spotless record and zero customer complaints)

5. On 3-30-18, TY stated he was unable to fully compensate AFFIANT for the wages due. TY, who operated his business MRE through 'Brokers', (these brokers who found and dispatched loads for MRE), claimed that he had to await payment from these brokers before he could pay the wages due to AFFIANT. TY did make partial payments, but did not pay the balance due in full. Progressively, the amount due kept accumulating, as partial payments were made to AFFIANT as AFFIANT continued to work for MRE.

6. In June of 2018, the balance due to AFFIANT from MRE was $3,738.15. TY stated he would no longer do business with Brokers because they took too long to pay, which in turn prevented him from paying AFFIANT in full.

7. On 6-12-18, TY leased his company, MRE, to another trucking company, SMX, located near Homedale, ID. TY told AFFIANT that SMX would pay MRE for loads within 30 days after all paperwork was submitted after each load.

> Note: most brokerages and lease companies take 90 days, and sometimes up to 180 days to pay. Trucking Companies can usually get 'expedited pay' in exchange for a percentage paid back to that particular brokerage. Trucking companies that have 'Accounts Due and Payable' will often use 'Factoring Companies', who will pay a percentage of amounts due in exchange for collecting on unpaid balances.

8. AFFIANT hauled several loads for SMX, and a month later expected wages due, but again was only paid a portion, and the balance due from MRE to AFFIANT continued to accumulate. TY stated he would find a 'Factoring Company' to secure payment on accounts TY claimed remained past due, so he could pay AFFIANT the wages due.

9. On 8-1-18, MRE owed AFFIANT a total of $6,023.11 in wages, and numerous other work expenses requiring reimbursement. MRE owed AFFIANT for wages due from when he had done business through various brokers up until 6-12-18 (wages TY claimed weren't paid because brokers hadn't paid MRE yet.) ... and now wages due from the beginning of MRE leasing to SMX (TY having claimed SMX would pay within 30 days)

10. AFFIANT, who is well acquainted with 'Business in General', and knowing of the concept of 'Accounts Due and Payable', believed TY when he told AFFIANT that he had no funds to pay wages due until accounts due to MRE were settled. So as AFFIANT regularly dealt directly with SMX when they dispatched loads, AFFIANT went to SMX Upper Management to discuss AFFIANTs inability to haul any more loads for SMX until they paid MRE so MRE could pay AFFIANT. SMX management seemed bewildered in AFFIANTs estimation, and stated all accounts due to MRE were all paid on time, every time.

11. AFFIANT had the assigned truck he drove for MRE parked outside his residence in Homedale, ID. AFFIANT called TY and informed him that all wages would be paid in their entirety before AFFIANT could haul another load for MRE.

12. When AFFIANT was away from home, on or about 8-5-18, TY came to AFFIANTs residence and emptied AFFIANTs belongings out of the truck and left with the truck. AFFIANT states that the actions of TY in removing all items from the truck assigned to AFFIANT and then leaving with it, constitutes a 'Termination of Employment', and AFFIANT contends that the

Termination was without cause.

13. AFFIANT took these issues to the Idaho Department of Labor who stated they could be of no assistance as the amount owed to the AFFIANT by MRE was in excess of $5,000. IDOL in Caldwell recommended AFFIANT consult with an attorney.

14. AFFIANT consulted with Attorney Russell G. Metcalf, paid him at the rate of $200.00 per hour (paid a total of $100 for one half hour) for a consultation. (AFFIANT had used Metcalf before in Canyon County CV-2014-7409 for a consultation) Mr. Metcalf required a $2,000 retainer fee be paid before he could do anything. As AFFIANT had un-wages due from MRE, AFFIANT was unable to afford the demanded retainer.

15. As AFFIANT is subject to a pre-filing order in Canyon County CV-2017-3444, AFFIANT was unable to file for a civil action against MRE.

16. As Idaho courts have fully demonstrated their unwillingness to grant Leave to File, and such is the case in Canyon County CV14-18-5576 that has been pending since May of 2018 and still remains without that Court granting leave, AFFIANT has been wrongfully placed in a situation denying Due Process to AFFIANT, and has left AFFIANT with no other course of action to take, except to hold the State of Idaho accountable for the issues at hand.

17. AFFIANT will present numerous witnesses who will testify to the issues regarding MRE and TY that AFFIANT complains of.

18. AFFIANT further swears to other Damages that result from the States prevention of Due Process. AFFIANTS son Gabriel Van Hook has lived with AFFIANT since April 30, 2018, and the State of Idaho continues to deduct Child Support, as ordered in Canyon County CV-2014-7409, from AFFIANTs wages (and a failure to pay child support comes with the threat of being held in contempt, thus the threat of incarceration... and a failure to pay child support also comes

with the threat of losing a drivers license, which in AFFIANTs case would prevent him from making a living). AFFIANT recently requested leave to file a Motion under IRCP 60 in Canyon County CV-2014-7409, which in part would have corrected child support issues, but that was denied as that court claimed AFFIANT had to get leave from the Administrative District Court Judge, which is not consistent with the Pre Filing Order in Canyon County CV-2017-3444 that requires AFFIANT to obtain leave from the Court he intends to file in. AFFIANT asserts this situation to be nothing less than Extortion on the part of the State of Idaho, in violation of Idaho Code 18-2403.

DATED THIS _____ day of _____, _____.

State of Idaho
County of _____ ss

_____ being sworn, deposes and says: That the party is the Plaintiff in the above-entitled case, and that all statements herein are true and correct to the best of his or her knowledge and belief.

_____
Ronald L. Van Hook
Plaintiff

Subscribed and Sworn to before me this _____ day of _____, _____.

_____

My commission expires _____

Ronald Van Hook
515 S. 11th St. #3
Payette, ID 83661
(208) 982-0164

Pro Se

IN THE UNITED STATES DISTRICT COURT FOR
THE FOURTH JUDICIAL DISTRICT OF IDAHO SOUTHERN DIVISION

| | |
|---|---|
| Ronald Van Hook<br>Gabriel Van Hook and Nathan Van Hook<br><br>Plaintiffs<br><br>vs.<br><br>State of Idaho<br>Idaho Bar Association<br>Steven Fisher and Fisher law firm<br>Mary Grant, Kimberli Stretch and Idaho Legal Aid<br>Virginia Bond and Bond Law Chartered<br>Christopher D. Boyd and/or Adams County Idaho<br>John Doe(s) 1-100<br>Unknown Agents (of Idaho Third Judicial District)<br><br>Defendants | Case No. _____<br><br>NOTICE OF CONSTITUTIONAL<br>CHALLENGE OF STATUTE<br><br>FRCP 5.1 |

Pursuant to Rule 5.1 of the Federal Rules of Civil Procedure, Ronald L. Van Hook (Hereinafter VAN HOOK), Pro Se, respectfully files this Notice of Constitutional Challenge. VAN HOOK identifies the following things that raise Constitutional Challenge.

 A. Idaho Court Administrative Rule 59, together with Idaho Constitution Article V.

 B. Idaho Code Title 32 DOMESTIC RELATIONS Chapter 7 DIVORCE ACTIONS

(32-717), together with any rule by which the State of Idaho claims authority to deprive a Natural Parent of any Parenting Rights.

    C. VAN HOOK further identifies the Roster of Idaho's Vexatious Litigants, listing Ronald L. Van Hook as a vexatious litigant in Canyon County Case Number CV-2017-3444 and the Prefiling Order signed by Administrative District Judge Bradly S. Ford on September 20, 2017.

    D. VAN HOOK further identifies Canyon County case CV-2014-7409 in its entirety, the final ruling of the Magistrate Court in that case, the subsequent written order prepared by attorney Kimberly Stretch of Idaho Legal Aid and then signed by Magistrate Judge Gary DeMeyer (deceased) without ever having approval of VAN HOOK, the written order being inconsistent with the Order of the Court, and that continues to be enforced.

    E. VAN HOOK further identifies a Petition for Habeas Corpus to the Idaho Supreme Court in Docket Number 45459-2017, which was denied.

    F. VAN HOOK further identifies the Appellants Brief submitted to the Idaho Supreme Court in Docket Number 45459-2017.

> *In Ex Parte Young (1908), the Supreme Court held that a private litigant can bring suit against a state officer for prospective injunctive relief in order to end "a continuing violation of federal law."*

Dated this _8th_ day of _May_, 20_19_.

Respectfully Submitted;

_____
Ronald Van Hook

## CERTIFICATE OF SERVICE

I hereby certify that on the __8__ day of __May__, __2019__, I caused a true and correct copy of the foregoing __Rule 5.1 Motion__ to be served on the following person(s) in the manner indicated as follows:

By __Certified Mail__ to:

State of Idaho
Attn. Attorney General
Honorable Mr. Lawrence G. Wasden
Office of the Attorney General
700 W. Jefferson Street
Suite 210
P.O. Box 83720
Boise, Idaho   83720-0010

x _[signature]_