Howard A. Belodoff, ISB #2290
Idaho Legal Aid Services, Inc.
1447 S. Tyrell Lane
Boise ID 83706-4044
Direct Line:  208-807-2323
Fax:  208-3472-2561
Email: howardbelodoff@idaholegalaid.org

Attorney for Defendants Grant, Stretch and
Idaho Legal Aid Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD VAN HOOK, GVH and NVH,<br><br>    Plaintiffs,<br><br>vs.<br><br>STATE OF IDAHO, IDAHO STATE BAR ASSOCIATION, STEVEN FISHER and FISHER LAW FIRM, MARY GRANT, KIMBERLI STRETCH, and IDAHO LEGAL AID SERVICES, INC., VIRGINIA BOND and BOND LAW CHARTERED, CHRISTOPHER D BOYD and/or ADAMS COUNTY IDAHO, JOHN DOE(s) 1-100, UNKNOWN AGENTS (of Idaho Third Judicial District),<br><br>    Defendants. | Case No: 1:19 CV-170-BLW<br><br><br>DECLARATION OF HOWARD BELODOFF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS |

I, Howard A. Belodoff, declare under penalty of perjury that:

1.       I am the counsel for Defendants Grant, Stretch and Idaho Legal Aid Services,

Inc., a nonprofit corporation that provides legal services and representation to low income

Idahoans. I submit this Declaration in support of Defendants Grant, Stretch and Idaho Legal Aid

Services, Inc. Motion to Dismiss. The information set forth below is based on my personal knowledge.

       2.      I certify that the Exhibits attached hereto are true and correct copies of the same.

       3.      Exhibit 1 is a copy showing the registration filed with the Idaho Secretary of State.

       4.      Exhibit 2 is a copy of the Association of Counsel filed on July 24, 2015 in Canyon County CV-2014-7409-C.

       5.      Exhibit 3 is a copy of the Order to Consolidate Cases filed on May 26, 2015 in cases Adams County CV-2014-331 and Canyon County CV-2014-7409-C.

       6.      Exhibit 4 is a copy of the Complaint for Custody, Visitation, and Support filed in Canyon County Case No. CV-2014-7409-C.

       7.      Exhibit 5 is a copy of the Decree of Legal Separation and Custody of Minor Children filed on September 11, 2014 in Canyon County Case No. CV-2014-7409-C.

       8.      Exhibit 6 is a copy of the Order of Default and Decree filed on November 19, 2014 in Canyon County Case No. CV-2014-7409-C.

       9.      Exhibit 7 is a copy of the Judgment and Decree of Divorce filed on September 9, 2015 in Canyon County Case No. CV-2014-7409-C.

      10.      Exhibit 8 is a copy of *Van Hook v. Cannon*, 2018 Unpublished Opinion No. 321, (Ct. App. January 12, 2018).

      11.      Exhibit 9 is a copy of the Civil Complaint for Damages filed on December 1, 2016 in Canyon County Case No. CV-2016-11807-C.

      12.      Exhibit 10 is a copy of the Memorandum Decision and Order Re: Defendants' I.R.C.P. 12(b)(6) Motions to Dismiss filed on March 9, 2017 in Canyon County Case No. CV-2016-11807-C.

DECLARATION OF HOWARD BELODOFF IN SUPPORT OF DEFENDANTS GRANT, STRETCH AND IDAHO LEGAL AID SERVICES, INC. MOTION TO DISMISS - Page 2

13.    Exhibit 11 is a copy of the Judgment filed on August 21, 2017 in Canyon County

Case No. CV-2016-11807-C.

DATED this 12th day of July, 2019.

IDAHO LEGAL AID SERVICES, INC.


/s/ Howard A. Belodoff
Howard A. Belodoff
Attorney for Defendants Grant, Stretch, and
Idaho Legal Aid Services, Inc.

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that on the 12th day of July, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Chris Kronberg, Deputy Attorney General
Attorney for State of Idaho and Idaho State Bar
Email: chris.kronberg@itd.idaho.gov

Michael J. Kane, Michael Kane & Associates, PLLC
Attorney for Christopher D. Boyd and Adams County Defendants
Email:  mkane@ktlaw.net

Steven Fisher
FISHER LAW OFFICE, PLLC
Email: steven@fisherlawpllc.com

Kelly E. Duke
Bryan A Nickels
Attorney for Virginia Bond
Email:  ked@dukescanlan.com; ban@dukescanlan.com; sls@dukescanlan.com; klm@dukescanlan.com; klb@dukescanlan.com;

And I HEREBY CERTIFY that on the 12th day of July, 2019, I caused to be served a true and correct copy of the foregoing document to the following non-CM/ECF registered participants by the method indicated below and addressed to the following

*Plaintiffs Pro Se:*
Ronald Van Hook                                    XX    U.S. Mail
Gabriel Van Hook
Nathan Van Hook
515 S 11th Street #3
Payette ID 83661

/s/ Howard A. Belodoff

DECLARATION OF HOWARD BELODOFF IN SUPPORT OF DEFENDANTS GRANT, STRETCH AND IDAHO LEGAL AID SERVICES, INC. MOTION TO DISMISS - Page 4





Login

# Business Search

## Idaho Legal Aid Services, Inc

Advanced ⌄

Results: 1

| Form Info | Status | Filing Date | Agent |
|---|---|---|---|
| IDAHO LEGAL AID SERVICES, INC. (158334) > *Non-Profit Corporation (D)* | Active-Good Standing | 01/28/1974 | JAMES COOK |

Home

Search

Forms

Lists

Help

© 2019 ID Secretary of State

EXHIBIT 1

F I L E D

_____A.M._____P.M.

JUL 2 4 2015

CANYON COUNTY CLERK
C JIMENEZ, DEPUTY

**IDAHO LEGAL AID SERVICES, INC.**
**KIMBERLI A. STRETCH**
1305 3rd Street South
Nampa, ID 83651
Phone (208) 475-5722
Fax (208) 475-5710
ISB No. 8617
kimberlistretch@idaholegalaid.org

Attorney for Defendant

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON
MAGISTRATE DIVISION

| | |
|---|---|
| RONALD L. VAN HOOK, | **Case No. CV-2014-7409-C** |
| Plaintiff, | |
| v. | **ASSOCIATION OF COUNSEL** |
| DAWN R. VAN HOOK, | |
| Defendant. | |

**NOTICE IS HEREBY GIVEN** that attorney KIMBERLI A. STRETCH, of Idaho Legal

Aid Services, Inc., is hereby associating herself with this case, and will be appearing for or with

MARY R. GRANT, attorney for Defendant, for all proceedings from this time forward.

DATED this 24ᵗʰ day of July 2015.

DATED this 24ᵗʰ day of July 2015.

**By: IDAHO LEGAL AID SERVICES**

MARY R. GRANT
Associating Attorney for Defendant

**By: IDAHO LEGAL AID SERVICES**

KIMBERLI A. STRETCH
Associating Attorney for Defendant

ASSOCIATION OF COUNSEL – Van Hook v. Van Hook

COPY

EXHIBIT 2

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July 2014, I caused a true and correct copy of the foregoing ASSOCIATION OF COUNSEL to be served on those listed below in the manner indicated.

RONALD L. VAN HOOK                [X] U.S. Mail
204 N. Main                      [  ] Overnight Mail
Homedale, ID  83628              [  ] Fax
                                 [  ] Hand Delivery

By: **IDAHO LEGAL AID SERVICES, INC.**


KIMBERLI A. STRETCH
Attorney for Plaintiff
ISB No. 8617

ASSOCIATION OF COUNSEL – Van Hook v. Van Hook                                    2

F I L E D
_____ A.M. _____ P.M.

MAY 2 6 2015

CANYON COUNTY CLERK
A GALLEGOS, DEPUTY

IDAHO LEGAL AID SERVICES, INC.
Mary R. Grant
1305 3rd Street South
Nampa, Idaho 83651
(208) 475-5725
(208) 475-5710 (fax)
ISB # 8744

Attorney for Defendant

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| RONALD L. VAN HOOK, | Case No.  CV-2014-7409 |
| Plaintiff, | ORDER TO CONSOLIDATE CASES |
| vs. | |
| DAWN R. VAN HOOK, | |
| Defendant. | |

**HAVING COME** before the Court on the Defendant's Motion to Consolidate Cases, with a hearing on the Motion to Consolidate on April 16, 2015, wherein the Court orally granted the Motion to Consolidate, and the Defendant's Renewed Motion to Consolidate Cases, the Court has reviewed the affidavit and record herein finds the consolidation of the cases is in the best interests of judicial economy.  Therefore, pursuant to Idaho Rule of Civil Procedure 42 (a);

IT IS HEREBY ORDERED:

The Motion to Consolidate Cases is GRANTED.  Canyon County Case No. CV-2015-3964 (the civil protection order case from Adams County, originally CV-2014-331) shall be consolidated under Canyon County case CV-2014-7409 (Legal Separation/Divorce and Child Custody).

ORDER TO CONSOLIDATE CASES                                                                    -1

EXHIBIT 3

**DATED:** 5/21/15 .

GARY D. DE MEYER
Hon. Gary D. Demeyer
Magistrate Judge

## CERTIFICATE OF MAILING

I certify that I served true and complete copies of this Order to Consolidate Cases as follows:

Idaho Legal Aid Services, Inc.           [X] by U.S. mail
Mary Grant                               [ ] by fax
1305 3rd Street South                    [ ] by court box
Nampa, Idaho 83651                       [ ] by hand delivery
(208) 475-5710 (fax)

Ronald Van Hook                          [X] by U.S. mail
204 N. Main                              [ ] by fax
Homedale, Idaho 83628                    [ ] by court box
(208) 982-0164                           [ ] by hand delivery

Date:  MAY 2 6 2015

By:  A GALLEGOS
                    Clerk of the Court

ORDER TO CONSOLIDATE CASES                                        -2



John to Consolidate
Cases

Ronald Van Hook
209 N. Main
Hundale, ID 83628



IDAHO LEGAL AID SERVICES
*Nampa Justice Center*

1305 Third Street South
Nampa, Idaho 83651

RONALD L. VAN HOOK
21830 Town Circle, Space 30
Caldwell, Idaho 83607
(208) 695-3389

Plaintiff *Pro Se*

F I L E D
A.M. _____ P.M.

JUL 1 5 2014

CANYON COUNTY CLERK
T. CRAWFORD, DEPUTY

## IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF

## THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| RONALD L. VAN HOOK, )<br><br>Plaintiff, )<br><br>vs. )<br><br>DAWN R. VAN HOOK, )<br><br>Defendant. )<br>_____ ) | Case No. CV2014- 7409<br><br>COMPLAINT FOR CUSTODY,<br>VISITATION, AND SUPPORT |

COMES NOW, the Plaintiff, RONALD L. VAN HOOK and for cause of action the Plaintiff complains and alleges as follows:

### PARTIES AND VENUE

1.    Plaintiff currently resides at 21830 Town Circle, Space 30, Caldwell, Idaho, and he is and has been a resident of the state of Idaho for a period of at least six weeks next preceding the filing of this Petition.

2.    Defendant last known residence was at 21830 Town Circle, Space 212, Caldwell, Idaho 83607.  Defendant is, or was formerly, a resident of the state of Idaho.

3.    The parties are currently married to each other, however, Plaintiff is not seeking a Decree of Divorce at this time.

COMPLAINT FOR CUSTODY,
VISITATION, AND/OR SUPPORT, P.1

EXHIBIT 4

4.      Plaintiff is the father, and Defendant is the mother of RENEE L. VAN HOOK, born 07/26/00, GABRIEL J. VAN HOOK, born 02/24/04 and NATHAN L. VAN HOOK, born 08/10/07, all of whom are the minor children subject of this petition, who are believed to be physically present in this county at the time of filing this petition, and are currently residing with the Defendant.

5.      Based upon such children's continuous residence in Canyon County for the past eight years, Canyon County is the proper venue to hear this matter.

## JURISDICTION

6.      The above-named children have lived solely and exclusively with the Plaintiff or the Defendant, or both of them.  The parties resided together and co-parented their children at 121 Mountain View, Nampa, Idaho for more than eight years, and moved to and resided at the Caldwell Campground and RV Park on Town Circle in Caldwell for the past six months.

7.      Plaintiff has not been a party or witness in any other cases involving the parties' minor children, and to the best of Plaintiff's knowledge, there are no court cases that could affect the parties' children that are pending in a court of this or another state, <u>except for</u> the *Protection Order* granted on June 30, 2014, in Canyon County Case No. CV-2014-06865.  In addition to the parents, no other person not a party to these proceedings, has a claim for custody, visitation or child support rights with respect to said children.

8.      Based on the foregoing allegations, the Idaho court has exclusive original jurisdiction to make a determination of custody in this matter pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, codified as Idaho Code §32-11-101, et seq; Section § 7-1102, Idaho Code; and Section § 5-514, Idaho Code.  Idaho is the home state of the parties' children as defined by the Uniform Child Custody Jurisdiction and Enforcement Act.

**COMPLAINT FOR CUSTODY,**
**VISITATION, AND/OR SUPPORT, P.2**

## LEGAL CUSTODY

9.      Defendant recently threatened harm to herself and the parties' minor children, and had a neighbor/friend hook up the travel trailer that the Plaintiff provided her for free, and she disappeared with the children.  Based upon her threat to harm the children, the Plaintiff obtained a *Protection Order* in Canyon County Case No. CV-2014-06865 granted on June 30, 2014, which granted him **temporary sole custody** of said children.  Defendant's actions of withholding and concealing the whereabouts of the minor children from Plaintiff is a violation of his equal custodial rights in the absence of a custody order, and constitues child custody interference, as defined in Section 18-4506, Idaho Code.

10.     Plaintiff has discovered that the neighbor, LLOYD G. ELDREDGE, who assisted the Defendant in removing and concealing the minor children, and is believed to be residing the Defendant, the parties' children, his wife, and their children, was charged and/or convicted of multiple sex related offenses in the State of Oregon (Case No. 99-100111C).

11.     Additional facts and evidence are available and will be presented at the trial of this matter, if contested.

12.     By her actions described above, Defendant has shown herself to <u>not</u> be a fit and proper person to have and share decision making authority over the minor children.  Therefore, Plaintiff should be granted <u>sole legal custody</u> and decision making authority over said children, namely: RENEE L. VAN HOOK, born 07/26/00, GABRIEL J. VAN HOOK, born 02/24/04 and NATHAN L. VAN HOOK, born 08/10/07.

## PHYSICAL CUSTODY

13.     Defendant's actions of withholding and concealing the whereabouts of the minor children from Plaintiff is a violation of his equal custodial rights in the absence of a custody order, and constitues child custody interference, as defined in Section 18-4506, Idaho Code.

14.   Defendant's allowing the children to be in the presence and/or unsupervised care of a sexual offender demonstrate that she is not a fit person to have primary care of said children.

15.   It is therefore in the best interest of the children, that Plaintiff should also be awarded primary physical and residential custody of the minor children and DEFENDANT should be entitled to reasonable visitation, as may be mutually agreed between the parties.

16.   The State of Idaho will retain jurisdiction for custody and visitation purposes, as long as Idaho remains the home-state of either parent, unless both parents consent to a change of jurisdiction.

## CHILD SUPPORT

17.   Both parents are physically capable of providing support for their minor children. Based upon the parties' respective *guidelines incomes* as shown on Plaintiff's *Affidavit Verifying Income*, and the calculations and adjustments set forth in the *Child Support Worksheets* filed concurrently herein, DEFENDANT should be required to pay PLAINTIFF the net sum of $214.00 per month as and for such child support, pursuant to the Idaho Child Support Guidelines. Said amount includes base child support of $352.00 per month, minus a credit in the amount of $138.00 per month, as and for DEFENDANT's *pro rata share* of tax credits and/or benefits relating to the parties' minor children.

18.   DEFENDANT should pay child support until the oldest child reaches the age of eighteen (18) years, and/or is otherwise emancipated. Thereafter she shall pay the net sum of $203.00 per month until the middle child is no longer eligible for support. Thereafter, she shall pay the net sum of $150.00 per month until the yourgest child is no longer eligible for support.

COMPLAINT FOR CUSTODY,
VISITATION, AND/OR SUPPORT, P.4

## MEDICAL CARE OF CHILDREN

19.     The children's medical expenses are presently covered under the Idaho Medicaid Program.  At such time as the children /are no longer eligible under such program, health insurance for said children shall be provided by the parent that can obtain suitable coverage through an employer at the lower cost.

20.     The actual costs paid by either party for health insurance premiums or for health care expenses for the child not covered or paid in full by insurance, including, but not limited to, medical, dental, orthodontia, optical, pharmaceutical, ophthalmological, shall be in addition to the child support award.

21.     Based upon the parties' respective *guidelines incomes* established herein, PLAINTIFF shall be responsible for 61% and DEFENDANT shall be responsible for 39% of any costs that the medical insurance does not cover.  In the event one party pays said above-mentioned expenses not covered by insurance, in full, then the other should pay his or her share of such expenses directly to the payor within seven (7) days after presentation of a bill or receipt for such expenses.

## WORK RELATED DAY CARE EXPENSES

22.     That in the event that child care is required for the custodial spouse to be able to work, then the cost of such work-related child care should be shared between the parties in direct proportion to their *guidelines incomes*.  PLAINTIFF shall be responsible for 61% and DEFENDANT shall be responsible for 39% of any such work-related child are costs.

23.     Each parent shall pay his or her share of such child care expenses directly to either the child care provider or the custodial parent within seven (7) days after presentation of a bill or receipt for such expenses.

COMPLAINT FOR CUSTODY,
VISITATION, AND/OR SUPPORT, P.5

## TAX EXEMPTION CLAIM OF CHILDREN

24.     Based upon his higher income and the Idaho Child Support Guidelines, PLAINTIFF should be entitled to claim all three of the parties' minor children as his dependents for all state and federal income tax purposes.  DEFENDANT's basic child support obligation mentioned hereinabove has been adjusted to reflect each party's pro-rata share of the tax credits and benefits relating to said children, pursuant to the Idaho Child Support Guidelines.

25.     In addition to the above assignment of the dependency claim of exemption to PLAINTIFF, he shall also be exclusively entitled to claim the federal *Earned Income Tax Credit*, relating to the minor children, as the parent having more than 50% of said children's overnight residential custody.

**WHEREFORE,** Plaintiff prays for judgement as follows:

1.     That this Court has jurisdiction to make a determination of custody in this matter pursuant to Idaho Code §32-11-201 *et seq.*

2.     That RONALD L. VAN HOOK is the natural father of RENEE L. VAN HOOK, born 07/26/00, GABRIEL J. VAN HOOK, born 02/24/04 and NATHAN L. VAN HOOK, born 08/10/07, based upon the parties' acknowledgement of paternity, and as evidenced by said natural father's name appearing on each of said children's birth certificates.

3.     The court should make the following orders with respect to the parties' minor child:

a.     That PLAINTIFF be granted sole legal, and primary physical and residential custody of the minor children as set forth in the above Complaint.

b.     That DEFENDANT be ordered to pay child support as set forth in the above Complaint.

c.     That health insurance for the minor children should be ordered as set forth in the above Complaint

d.     That work-related child care costs should be paid as set forth in the above Complaint.

**COMPLAINT FOR CUSTODY,**
**VISITATION, AND/OR SUPPORT, P.6**

e.      That PLAINTIFF be awarded the state and federal dependency tax exemption for the minor children as set forth in the above Complaint.

4.      For what ever further relief the Court deems equitable and just.

Dated this _15_ day of July, 2014.

_____
RONALD L. VAN HOOK


## VERIFICATION

STATE OF IDAHO   )
                 : ss.
County of ADA    )


RONALD L. VAN HOOK, being duly sworn, deposes and says:

That he is the Plaintiff in the above entitled cause; that he has read the foregoing complaint; knows the contents thereof; and that he believes the facts stated therein to be true.

_____
RONALD L. VAN HOOK


**SUBSCRIBED AND SWORN TO** before me this _15_ day of July, 2014.

_____
Notary Public for the State of Idaho
Residing at Boise, Idaho
My commission expires

**COMPLAINT FOR CUSTODY,
VISITATION, AND/OR SUPPORT, P.7**

Steven Fisher, ISBN 7466
Fisher Law Office, PLLC
1859 S. Topaz Way, Ste. 200
Meridian, ID 83642
T: (208) 350-7277
F: (208) 350-7278
E: steven@fisherlawpllc.com

Attorney for Plaintiff

F I L E D
_____A.M._____P.M.

SEP 1 1 2014

CANYON COUNTY CLERK
T. CRAWFORD, DEPUTY

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

RONALD L. VAN HOOK,

Plaintiff,

vs.

DAWN R. VAN HOOK ,

Defendant.

Case No. CV-2014-0007409-C

DECREE OF LEGAL SEPARATION AND
CUSTODY OF MINOR CHILDREN

THIS MATTER came before the Court on the Plaintiff's petition for separation and
custody of minor children. An Order of Default was entered against Defendant. The
Court has jurisdiction to decree a legal separation of the parties, to determine custody
and visitation of the parties' minor children, and to set child support in this matter. The
Court has reviewed the records and files herein and is fully advised.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED
as follows:

**1. Separation**. The parties were married on September 12, 1997, and remain
husband and wife; however, by this Decree the parties are hereby declared to be legally
separated from one another.

**2. Minor Children**. The following children under the age of 18 years were born
to the parties: R.L.V., born 2000, age 14 years; G.J.V., born 2004, age 10 years; and
N.L.V., born 2007, age 7 years.

**3. Child Custody and Visitation**. The Plaintiff, Ronald L. Van Hook, shall be
vested with sole legal custody of the children. The primary physical custody of the

DECREE OF LEGAL SEPARATION - Page 1

EXHIBIT 5

children shall also be vested in Plaintiff, subject to reasonable visitation by Defendant as may be mutually agreed between the parties.

The award of sole custody to Plaintiff is based on evidence that Defendant is not a fit and proper person to have joint custody of the children, because of her actions toward and neglect of the children and her actions toward the Plaintiff with respect to the children, including withholding and concealing the children from the Plaintiff.

### 4. Child Support.

**4.1**    Defendant is ordered to pay child support to Plaintiff for the support of the parties' minor children, and judgment is entered for the same, in the amount of **$214.00** per month, commencing October 1, 2014 and continuing on the first (1st) day of each following month.  Said amount includes base child support of $352.00 per month, minus a credit in the amount of $138.00 per month, as and for Defendant's pro rata share of tax credits and/or benefits relating to the parties' minor children.

**4.2**    Said child support payments shall continue to be paid on the first (1st) day of each following month until the oldest child reaches the age of eighteen (18) years or otherwise ceases to qualify for support.

**4.3**    When the oldest child no longer qualifies for support, Defendant shall pay child support for the remaining children in the amount of **$203.00** per month, beginning the first month after the oldest child ceases to qualify.  Said child support payments shall continue to be paid on the first (1st) day of each following month until the second oldest child reaches the age of eighteen (18) years or otherwise ceases to qualify for support.

**4.4**    When the second oldest child no longer qualifies for support, Defendant shall pay child support for the remaining child in the amount of $150.00 per month, beginning the first month after the second oldest child ceases to qualify.  Said child support payments shall continue to be paid on the first (1st) day of each following month until the youngest child reaches the age of eighteen (18) years or otherwise ceases to qualify for support.

**4.5**    A child qualifies for child support (1) until he or she reaches the age of eighteen (18) years or (2) if the child is continuing his or her high school education

DECREE OF LEGAL SEPARATION - Page 2

after reaching the age of eighteen (18) years, until the child discontinues his or her high school education or reaches the age of nineteen (19) years, whichever is sooner.

4.6    Payment should be made payable to the Department of Health and Welfare and sent to: **Idaho Child Support Receipting, P.O. Box 70008, Boise, ID 83707-0108.**

## NOTICE OF AUTOMATIC AND IMMEDIATE INCOME WITHHOLDING

*This support order is enforceable by automatic and immediate income withholding as of the effective date of this Order under Chapter 12 title 32, Idaho Code.  This automatic and immediate income withholding order shall be issued to your employer or other person who pays your income, without additional notice to you.*

*It is not necessary for the obligee to apply for support enforcement services under title IV-D of the social security act (42 U.S.C. 651 et seq.) to obtain enforcement of this support order by means of income withholding.*

## NOTICE OF LIEN AND LICENSE SUSPENSION

*A statewide lien on all real and personal property of the paying parent will arise automatically if child support is past due in an amount equal to the smaller of $2,000 or 90 days of support, according to Idaho Code §§7-1206 and 45-1901, et.seq.  The Support Order can also be enforced by license suspension.*

5.   **Health Insurance**.   Neither party is currently providing health insurance coverage for the minor children, but they are covered under the Idaho Medicaid Program.  If the children cease to qualify for coverage under Medicaid, and if insurance becomes available to either of the parties through their employment, the parent first reasonably able to obtain health insurance through employment, at the lowest cost, shall do so.

## NOTICE

*Where medical insurance is provided, each parent shall be ordered to provide the other with all medical insurance information necessary to obtain health care and process insurance claims for the child/ren. Insurance proceeds shall be applied first to unpaid medical bills and then to reimburse the paying parent for any prepaid medical costs.  Both parents shall be ordered to sign any needed document that provides continuing health care for the child/ren.*

DECREE OF LEGAL SEPARATION - Page 3

*Failure to provide medical insurance coverage may result in the direct enforcement of a medical support order by either the obligee (party or parent other than the parent ordered to carry or provide a health benefit plan for the parties' minor child/ren) or the Department of Health and Welfare. A national medical support notice will be sent to your employer, requiring your employer to enroll the child in a health benefit plan as provided by Sections 32-1214A through 32-1214J, Idaho Code, and applicable rules of the department.*

**6. Health Care Costs.**

      **6.1**    The parties shall pay their respective pro rata shares, as determined using the Idaho Child Support Guidelines, for all uncovered health care expenses, including medical, dental, orthodontic, optical, and pharmaceutical expenses for the Children, which shall be in addition to the child support award. Uncovered health care costs shall include health insurance premiums, co-pays, and all other expenses not covered by the insurance company. At present, the parties' pro rata shares are as follows: Plaintiff shall pay **61%** of said expenses and Defendant shall pay **39%** of said expenses. If necessary, a qualified Medical Child Support Order shall be issued and the obligated party shall be ordered to provide the necessary information to complete that Order.

      **6.2**    Any claimed health care expenses for the Children (whether denominated as psychiatric, psychological, special education, addiction treatment, counseling in any form, chiropractic, or including regular medical or dental care), whether or not covered by insurance, which would result in an actual out-of-pocket expense greater than $500.00 to the parent who did not incur or consent to the expense, must be approved in advance, in writing, by all parties or by prior court order. Relief may be granted by the Court for failure to comply under extraordinary circumstance, and the Court may, in its discretion, apportion the incurred expense in some percentage other than that in the existing support order, and in so doing, may consider whether consent was unreasonably requested or withheld.

      **6.3**    The parent providing health insurance shall provide the other parent with insurance cards, claim forms and other documents necessary to make claims to the insurance company. The parent providing health insurance shall

DECREE OF LEGAL SEPARATION - Page 4

reimburse the other parent for medical expenses paid up front by said parent which are later reimbursed to the parent providing health insurance by the insurance company and vice-versa.

**6.4**    The parent providing health insurance shall send to the other parent all Explanation of Benefit statements he or she receives from his or her insurer. Should either party pay more than their share of expenses for the children, that parent should send verification to the other and reimbursement shall occur within seven (7) days of mailing the request for reimbursement.

### 7. Work-Related Day Care Expenses.

**7.1**    In the event that child care is required for the custodial parent to be able to work, the cost of such work-related child care shall be shared between the parties in direct proportion to their guidelines income.  Plaintiff shall be responsible for **61%** and Defendant shall be responsible for **39%** of said costs.

**7.2**    Each parent shall pay his or her pro rata share of said costs directly to either the child care provider or the custodial parent within seven (7) days after presentment of a bill or receipt for such expenses.

### 8. Tax Exemption.

**8.1**    Plaintiff shall be entitled to claim the parties' minor children as dependents on income tax returns each year.  The party not receiving the exemption is awarded a pro rata share of the value of the income tax benefit in proportion to his or her guidelines income if he or she would have been entitled to any tax benefit under the Idaho Child Support Guidelines if he or she would have been allowed to claim the children as dependents.  The pro rata award is reflected in the child support calculation herein.

**8.2**    The parties shall sign and have notarized, if necessary, all instruments, including but not limited to I.R.S. Form 8332 to permit such dependency exemption to be effectively and timely claimed and reported for income tax purposes as provided herein.

8.3     This section shall apply to past tax years as well as present and future tax years, so that a party may amend past tax returns if necessary to benefit from the provisions of this section.

**9.  Withdrawal of Attorney**:  The Plaintiff's attorney is permitted to withdraw as attorney of record, pursuant to Rule 11(b)(2) of the Idaho Rules of Civil Procedure. Withdrawal will be effective 42 days from the date of this Decree.

DATED _____9/11/1Y_____.

_____
Magistrate Judge

DECREE OF LEGAL SEPARATION - Page 6

## CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of September, 2014, I caused a true and accurate copy of the foregoing DECREE OF LEGAL SEPARATION to be served upon the following as indicated below:

Dawn Van Hook
21830 Town Circle, Space 212,
Caldwell, Idaho 83607

[ ✓ ]  U.S. Mail, postage prepaid
[ ]  Hand-Delivered
[ ]  Overnight Mail
[ ]  Facsimile

Steven Fisher
Fisher Law Office, PLLC
1859 S. Topaz Way, Ste 200
Meridian, ID 83642
Fax: (208) 350-7278

[ ]  U.S. Mail, postage prepaid
[ ✓ ]  Hand-Delivered
[ ]  Overnight Mail
[ ]  Facsimile

_____
Deputy Clerk

DECREE OF LEGAL SEPARATION - Page 7

F I L E D
A.M.____ 8:45 ____P.M.

NOV 19 2014

CANYON COUNTY CLERK
C LAKE, DEPUTY

IDAHO LEGAL AID SERVICES, INC.
Mary R. Grant
Nampa Family Justice Center
1305 3rd St. So.
Nampa, Idaho 83651
(208) 475-5725
(208) 475-5710 (fax)
ISB# 8744

Attorney for Defendant

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| RONALD L. VAN HOOK,<br><br>                    Plaintiff,<br><br>          vs.<br><br>DAWN R. VAN HOOK,<br><br>                    Defendant. | Case No. CV-2014-7409<br><br>ORDER SETTING ASIDE<br>DEFAULT |

THIS MATTER came before the Court on Defendant's Motion to Set Aside Order

of Default, with a hearing on the Motion on November 13, 2014.  Having reviewed the

Defendant's motion, the affidavit in support, the Plaintiff's objection and the record in

this case, this Court finds the evidence shows grounds for setting aside the default.

Therefore,

IT IS HEREBY ORDERED:

The Motion to Set Aside Order of Default is GRANTED.

The Order for Entry of Default is set aside, also setting aside the Decree of Legal

ORDER SETTING ASIDE DEFAULT                                    – page 1 of 2

7J: ; 4;F (

Separation, entered only based on the Order for Entry of Default.   The Defendant is

directed to file a response within ten (10) days as of the date of this Order.

Dated: _____NOV 1 9 2014_____, 2014.

State of Idaho
County of Canyon } ss.
I hereby certify that the foregoing instrument
is a true and correct copy of the original as
the same appears on file.
DATED   11-19-14

CHRIS YAMAMOTO, Clerk of the District Court
By _____ C. Clark
                              Deputy

GARY D DEMEYER
_____
Hon. Gary D. DeMeyer,
Magistrate Judge

### CERTIFICATE OF MAILING

I certify that I served copies of this Order as follows:

Steven Fisher                          [✓] by U.S. mail
Fisher Law Office, PLLC                [ ] by fax
1859 S. Topaz Way, Ste. 200            [ ] by court box
Meridian, ID 83642                     [ ] by hand delivery
(208) 350-7278 (fax)

IDAHO LEGAL AID SERVICES               [✓] by U.S. mail
Mary R. Grant                          [ ] by fax
1305 3rd Street South                  [ ] by court box
Nampa, ID 83651                        [ ] by hand delivery
(208) 475-5710 (fax)

Date: _____NOV 1 9 2014_____

By: _____CLARK_____
                    Clerk of the Court

ORDER SETTING ASIDE DEFAULT                              – page 2 of 2

F I L E D
_____ P.M.

SEP 0 9 2015

CANYON COUNTY CLERK
A GALLEGOS, DEPUTY

**KIMBERLI A. STRETCH**
**IDAHO LEGAL AID SERVICES, INC.**
1305 3rd Street South
Nampa, Idaho 83651
(208) 475-5722
(208) 475-5710 fax
ISBN 8617
kimberlistretch@idaholegalaid.org

Attorney for Respondent

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON
MAGISTRATE DIVISION

| | |
|---|---|
| RONALD L. VAN HOOK,<br><br>        Plaintiff,<br><br>v.<br><br>DAWN R. VAN HOOK,<br><br>        Defendant. | Case No. CV-2014-7409-C<br><br><br>**JUDGMENT AND DECREE OF DIVORCE** |

**JUDGMENT IS ENTERED AS FOLLOWS:**

**1. Divorce.** Effective August 27, 2015, the marriage between the parties is dissolved on

the grounds of irreconcilable differences. Petitioner Ronald L. Van Hook (hereafter "Ronald") is

awarded an absolute divorce from Respondent Dawn R. Van Hook (hereafter "Dawn").

**2. UCCJEA Jurisdiction.** This court has jurisdiction to determine custody of the

parties' minor children under the Uniform Child Custody Jurisdiction and Enforcement Act,

Idaho Code § 32-11-101, *et seq.*

JUDGMENT AND DECREE OF DIVORCE – Van Hook v. Van Hook



7J：；4；F）

3. **Legal Custody.** Dawn is awarded sole legal custody of the parties' minor children, RLV (born 2000), GJV (born 2004), and NLV (born 2007).

4. **Physical Custody.** Dawn is awarded sole physical custody of the parties' minor children RLV (born 2000), GJV (born 2004), and NLV (born 2007). Ronald shall have custodial time with the children every second (2nd) and fourth (4th) weekend at his home in Homedale from Friday at 6:00 p.m. until Sunday at 6:00 p.m. The parties shall exchange the children at the Washington County Sheriff Office, located at 262 East Court Street, Weiser, Idaho, 83672. The children may choose not to be with Ronald for his custodial time, and if any or all so choose(s), then Ronald may not exercise his custodial time with that/those child/ren. Ronald may not exercise his custodial time in Council, where Dawn currently lives, or at any other place where Dawn chooses to live. Dawn is not required to tell Ronald where either she or the children are living except to tell him that they are living with her, regardless of any Supplemental Custody Order that may be attached to this Judgment and Decree of Divorce. Ronald may have unlimited phone contact by texting, calling, or Skyping with the children, as the children choose, on a phone other than Dawn's, between the hours of 8:00 a.m. and 8:00 p.m. Dawn's phone shall not be used for the phone contact between Ronald and the children.

5. **Child Support.** Child support shall be paid by Ronald to Dawn in the amount of **$381.78,** based on the Idaho Child Support Guidelines, and Child Support Worksheets attached to this Petition as **Exhibit A.** Child support payments shall begin on December 1, 2014, and continue to be paid on the first of each month until the children reaches the age of eighteen (18). If the children continue their high school education after reaching the age of eighteen (18) years, child support payments shall continue until they discontinue their high school education or reach the age of nineteen (19) years, whichever is sooner. Payment shall be made payable to the

JUDGMENT AND DECREE OF DIVORCE – Van Hook v. Van Hook                    2

Department of Health and Welfare and sent to Idaho Child Support Receipting, P.O. Box 70008, Boise, ID 83707-0108.

## NOTICE

The court is required to order income withholding in all child support orders. Income withholding is enforced by a withholding order issued to the paying parent's employer without additional notice to the paying parent, according to Idaho Code Section 32-1204. The support order can also be enforced by license suspension or the filing of a lien upon all real and personal property of the paying parent.

The parties have more than one child. When RLV reaches the age of eighteen (18), or continues her high school education, or reaches the age of nineteen (19) years, whichever is sooner, child support shall continue to be paid for the remaining minor children by Ronald to Dawn in the amount of **$350.76.** When GJV reaches the age of eighteen (18), or continues his high school education, or reaches the age of nineteen (19) years, whichever is sooner, child support shall continue to be paid for the remaining minor child by Ronald to Dawn in the amount of **$252.99.**

6.   **Medical, Dental, and/or Optical Insurance.** The children are currently enrolled in the Children's Health Insurance Plan through Medicaid. The first parent who can obtain health insurance for the children through employment or at a reasonable cost should do so. Any future premiums for the children shall be split *pro-rata* between the parties according to Guidelines proportions, with Ronald paying 52% and Dawn paying 48%. These payments shall be in addition to the base child support award and shall be promptly paid or reimbursed directly between the parents.

## NOTICE

Where medical insurance is provided, each parent should be ordered to provide the other with all medical insurance information necessary to obtain health care and process insurance claims for the children.  Insurance proceeds should be

JUDGMENT AND DECREE OF DIVORCE – Van Hook v. Van Hook                                        3

applied first to unpaid medical bills and then to reimburse the paying parent for any prepaid medical costs. Both parents should be ordered to sign any needed document that provides continuing health care for the children.

Failure to provide medical insurance coverage may result in the direct enforcement of a medical support order by either the obligee (party or parent other than the parent ordered to carry or provide a health benefit plan for the parties' minor children) or the Department of Health and Welfare. A national medical support notice will be sent to your employer, requiring your employer to enroll the child in a health benefit plan as provided by Sections 32-1214A through 32-1214J, Idaho Code, and applicable Department rules.

7. **Health Care Costs.** The actual cost paid by either parent for health care expenses for the children not paid in full by insurance, including, but not limited to, insurance premiums, orthodontic, optical and dental, and mental health counseling, shall be split *pro-rata* between the parties according to Guidelines proportions, with Ronald paying 52% and Dawn paying 48%. Any health care for the children (whether for psychiatric, psychological, special education, addiction treatment, or counseling in any form, and including regular medical or dental care), whether or not covered by insurance, that would result in an actual out-of-pocket expense of over five hundred dollars ($500.00) to the parent who did not incur or consent to the expense, must be approved in advance, in writing, by both parents or by prior court order. Any health care costs shall be paid at that time by the parent who incurs them. That parent shall have ten (10) days to get a copy of the bill for the costs incurred to the other parent, who shall then have fourteen (14) to reimburse the parent who incurred the charge originally.

8. **Work-Related Childcare.** The total child support amount does not include work-related childcare costs. The actual net out-of-pocket costs for work-related childcare shall be split *pro-rata* between the parties, with Ronald paying 52% and Dawn paying 48%. Payment shall be made directly to the childcare provider by both parents according to arrangements made with the care provider.

JUDGMENT AND DECREE OF DIVORCE – Van Hook v. Van Hook                    4

If one parent pays the child care provider any portion of the other parent's share of costs, the non-paying parent shall reimburse the paying parent within ten (10) days after the paying parent provides a copy of the invoice and receipt for the payment.

**9. Tax Benefits & Exemptions.** The State and Federal income tax dependency exemptions for the children are assigned to Dawn.

**10. Community Real Property.** The parties acquired no community real property during the marriage.

**11. Community Personal Property.** Personal property acquired during the marriage, and belonging to the parties has been equitably divided. Any property belonging to the children shall remain their property. Any retirement, 401(k), pension or similar accounts shall be divided by qualified domestic relations orders.

**12. Separate Personal Property.** Any separate property that Ronald and Dawn had when they entered the marriage shall remain their sole separate property.

**13. Debts.** The parties separated in June 2014. Each party shall assume any debt incurred by that party since the date of separation. Ronald shall hold Dawn harmless for any further liability concerning debts he incurred without her knowledge during the course of the marriage, and since the date of separation. Dawn shall hold Ronald harmless for any further liability concerning debts she incurred since June 2014. Any separate debt that the parties had when they entered the marriage shall remain his or her separate debt, and each will hold the other harmless for any liability concerning the separate debt. Ronald is solely responsible for any Federal or State tax liability that may be levied on the couple for the years during which they were married.

**14. Legal Action.** If either party is required to employ an attorney to enforce the terms

of the final Judgment and Decree of Divorce through an action for contempt or otherwise, that party shall be entitled to reimbursement for any such legal fees incurred, even if the contempt is cured prior to hearing.

**25. Name Change.** Dawn shall be restored to her former name of Cannon.

DATED this ____4____ day of September 2015.

GARY D. DE MEYER

_____
HONORABLE GARY D. DeMEYER
Magistrate Judge

State of Idaho        } ss.
County of Canyon  }
I hereby certify that the foregoing instrument
is a true and correct copy of the original as
the same appears in this office.
DATED
SEP 09 2015
CHRIS YAMAMOTO, Clerk of the District Court
By_____
                    Deputy

JUDGMENT AND DECREE OF DIVORCE – Van Hook v. Van Hook                    6

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of September 2015, I caused a true and correct copy of the foregoing JUDGMENT AND DECREE OF DIVORCE to be served on those listed below in the manner indicated.

**KIMBERLI A. STRETCH**
Idaho Legal Aid Services, Inc.
1305 3rd Street South
Nampa, ID 83651
(208) 475-5722
(208) 475-5710 fax

[X] U.S. Mail  (2 Copies)
[ ] Overnight Mail
[ ] Fax
[ ] Hand Delivery

**RONALD VAN HOOK**
204 N. Main
Homedale, ID 83628
(208) 982-0164

[X] U.S. Mail
[ ] Overnight Mail
[ ] Fax
[ ] Hand Delivery

**IDAHO DEPT. OF HEALTH AND WELFARE**
Idaho Child Support
3402 Franklin Road
Caldwell, ID 83605
(208) 334-2479
(800) 356-9868 fax

[ ] U.S. Mail
[ ] Overnight Mail
[ ] Fax
[ ] Hand Delivery
[X] Court Box

**CHRIS YAMAMOTO**
Clerk of the Court

By: _A GALLEGOS_____
Deputy Clerk

JUDGMENT AND DECREE OF DIVORCE – Van Hook v. Van Hook                    7

# Case Summary

**Case #:CV-2014-7409-C**

| Parent Information: | <u>Father</u> | <u>Mother</u> |
|---|---|---|
| **Name:** | Ronald Van Hook | Dawn Van Hook |
| **Marital Status:** | Single | Single |
| **Party Association:** | Plaintiff | Defendant |
| **Attorney's Name:** | pro se | Kimberli Stretch, Idaho Legal Aid |
| **Attorney's Phone:** | | (208) 475-5722 |
| **ICSG Income:** | 24,960.00 | 22,880.00 |
| **ICSG Percentage:** | 52.17% | 47.83% |

## Children Information:

| Child's Name | Birthdate | % with Father | Tax Exemption | Calc Support Until |
|---|---|---|---|---|
| N.L.V | 8/10/2007 | 0.00% | Mother | 18th Birthday |
| G.J.V | 2/24/2004 | 0.00% | Mother | 18th Birthday |
| R.L.V | 7/26/2000 | 0.00% | Mother | 18th Birthday |

| Recap of all Obligations per Month | <u>Father</u> | <u>Mother</u> |
|---|---|---|
| Monthly Child Support Obligation | 568.72 | 0.00 |
| Work Related Child Care Costs | 0.00 | 0.00 |
| Health Insurance Obligation | 0.00 | 0.00 |
| Travel Expenses | 0.00 | 0.00 |
| Disability and Retirement Dependency Benefits | 0.00 | 0.00 |
| Tax Exemption Compensation | 0.00 | 186.94 |
| | ------- | ------- |
| **Total of each parent's obligations** | **568.72** | **186.94** |

**The recommended basic support the Father should pay is 568.72 per month** (before other costs to be considered by the court).

**The recommended adjusted support the Father should pay is 381.78 per month** (other costs considered by the court included).

Case Summary - Page 1 of 1

**EXHIBIT**
**A**
tabbies

9/3/2015

# Child Support Calculations

| **Ronald Van Hook** | | **Dawn Van Hook** | |
|---|---|---|---|
| Income | 24,960.00 | Income | 22,880.00 |
| Adjustments to Gross Income | 0.00 | Adjustments to Gross Income | 0.00 |
| **Father's Net ICSG Income** | 24,960.00 | **Mother's Net ICSG Income** | 22,880.00 |

## Father's Calculations

| Child's Name | Physical Custody | Base | Factor | Mom's Time | Dad's Income Share | Dad's Obligation |
|---|---|---|---|---|---|---|
| N.L.V | Sole | 363.38 | 1.0 | 100.00% | 52.17% | 189.57 |
| G.J.V | Sole | 363.38 | 1.0 | 100.00% | 52.17% | 189.57 |
| R.L.V | Sole | 363.38 | 1.0 | 100.00% | 52.17% | 189.57 |
| | | | | | | **568.72** |

## Mother's Calculations

| Child's Name | Physical Custody | Base | Factor | Dad's Time | Mom's Income Share | Mom's Obligation |
|---|---|---|---|---|---|---|
| N.L.V | Sole | 363.38 | 1.0 | 0.00% | 47.83% | 0.00 |
| G.J.V | Sole | 363.38 | 1.0 | 0.00% | 47.83% | 0.00 |
| R.L.V | Sole | 363.38 | 1.0 | 0.00% | 47.83% | 0.00 |
| | | | | | | **0.00** |

**The recommended basic support the Father should pay is 568.72 per month** (before other costs to be considered by the court).

Child Support Calcuations - Page 1 of 1

about:blank

9/3/2015

## In the District Court of the Third Judicial District
## of the State of Idaho, in and for the County of Canyon

| | | |
|---|---|---|
| Ronald Van Hook | | |
| | Plaintiff, | **Case No. CV-2014-7409-C** |
| vs | | |
| Dawn Van Hook | | **Affidavit Verifying Income** |
| | Defendant, | |

I hereby state under oath that the following information is true.

| | Father | Mother |
|---|---|---|
| **A. GROSS INCOME** | | |
| 1. Wages, salary, commissions, bonuses, etc. | $24,960.00 | $22,880.00 |
| 2. Rent, royalties, trade, or business income, etc. | $0.00 | $0.00 |
| 3. Interest, dividends, pensions, annuities, etc. | $0.00 | $0.00 |
| 4. Social sec., worker's comp, unemployment, disability, veteran ben., etc. | $0.00 | $0.00 |
| 5. Public Assistance, welfare for.......__ Self    __ Children | $0.00 | $0.00 |
| 6. Alimony | $0.00 | $0.00 |
| 7. Grants, distributions from trusts, etc. | $0.00 | $0.00 |
| 8. Other | $0.00 | $0.00 |
| **9. SUBTOTAL** | **$24,960.00** | **$22,880.00** |
| **B. DEDUCTIONS FROM GROSS INCOME** | | |
| 1. Straight line depreciation on assets | $0.00 | $0.00 |
| 2. One-half of self-employment Social Security taxes | $0.00 | $0.00 |
| 3. Child support + alimony from another relationship | $0.00 | $0.00 |
| 4. Support for child of another relationship living in the home | $0.00 | $0.00 |
| 5. Deduction for spousal maintenance in this case | $0.00 | $0.00 |
| 6. Non Court Ordered Deductions | $0.00 | $0.00 |
| **7. DEDUCTIONS SUBTOTAL** | **$0.00** | **$0.00** |
| **C. GROSS INCOME AS ADJUSTED** | $24,960.00 | $22,880.00 |
| **D. IN-KIND BENEFITS (I.C.S.G. Section 6(b))** | $0.00 | $0.00 |
| **E. POTENTIAL INCOME (I.C.S.G. Section 6(c))** | $0.00 | $0.00 |
| **F. GUIDELINES INCOME (C + D + E)** | $24,960.00 | $22,880.00 |
| **G. MONTHLY ICSG INCOME (F / 12 months)** | $2,080.00 | $1,906.67 |

_____ Date _____

Income Affidavit - Page 1 of 2

STATE OF IDAHO      )
                    ) ss.
County of           )
_____

SUBSCRIBED and SWORN to before me this ____ day of _____, 20____, the undersigned, a Notary Public in and for said State, personally appeared _____, known or identified to me to be the person whose name is subscribed to the within instrument and that he/she executed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year in the certificate first above written.

_____
NOTARY PUBLIC FOR IDAHO
Residing at:
My Commission Expires:

Income Affidavit - Page 2 of 2

**In the District Court of the Third Judicial District**

**of the State of Idaho, in and for the County of Canyon**

Ronald Van Hook

|  | Plaintiff, | **Case No. CV-2014-7409-C** |
|---|---|---|
| vs | | **Child Support Order** |
| Dawn Van Hook | | |
|  | Defendant, | |

| Children | Birthdate | % with Father | % with Mother | Physical Custody |
|---|---|---|---|---|
| N.L.V | 8/10/2007 | 0.00% | 100.00% | Sole |
| G.J.V | 2/24/2004 | 0.00% | 100.00% | Sole |
| R.L.V | 7/26/2000 | 0.00% | 100.00% | Sole |

| | | | |
|---|---|---|---|
| Base Annual Support | $13,081.60 | Shared/Split per month | $1,635.20 |
| Base Monthly Support | $1,090.13 | Net Monthly Support | $1,090.13 |

| Father: | Income | Mother: | Income |
|---|---|---|---|
| Ronald Van Hook | $24,960.00 | Dawn Van Hook | $22,880.00 |
| Adjustments to Gross Inc. | $0.00 | Adjustments to Gross Inc. | $0.00 |
| Father's Net ICSG Income | $24,960.00 | Mother's Net ICSG Income | $22,880.00 |
| Father's Share (%) | 52.17% | Mother's Share (%) | 47.83% |
| Father's Share per Month ($) | $568.72 | Mother's Share per Month ($) | $521.41 |
| Father Owes | $568.72 | Mother Owes | $0.00 |
| For 3.00 children living with Mom | | For 0.00 children living with Dad | |

### Recap of all Obligations per Month

| | Father | Mother |
|---|---|---|
| Monthly Child Support Obligation | 568.72 | 0.00 |
| Work Related Child Care Costs | 0.00 | 0.00 |
| Health Insurance Obligation | 0.00 | 0.00 |
| Travel Expenses | 0.00 | 0.00 |
| Disability and Retirement Dependency Benefits | 0.00 | 0.00 |
| Tax Exemption Compensation | 0.00 | 186.94 |
| **The Bottom Line...Father Owes** | **381.78** | **0.00** |

Ordered By _____   Date _____

Child Support Order - Page 1 of 1

about:blank

9/3/2015

**In the District Court of the Third Judicial District
of the State of Idaho, in and for the County of Canyon**

Ronald Van Hook

            Plaintiff,

vs

Dawn Van Hook

            Defendant,

**Case No. CV-2014-7409-C**

**Adjustments to Child Support
and Recap of Obligations**

| Total ICSG Income: | $47,840.00 | Father's Share | 52.17% | $24,960.00 | Single |
|---|---|---|---|---|---|
| | | Mother's Share | 47.83% | $22,880.00 | Single |

## Tax Exemption Adjustment

| Child's Name | Claimed by | Exemption Amt | Father's Share | Mother's Share |
|---|---|---|---|---|
| N.L.V | Mother | $1,600.00 | $834.72 | $765.28 |
| G.J.V | Mother | $1,500.00 | $782.55 | $717.45 |
| R.L.V | Mother | $1,200.00 | $626.04 | $573.96 |

| | | | |
|---|---|---|---|
| Parent is entitled to: | | $2,243.31 | $2,056.69 |
| While parent is getting: | | $0.00 | $4,300.00 |

Mother owes $2,243.31 per year, $186.94 per month for tax exemptions.

## Health Insurance Adjustment

| | Total Paid | % Share | Obligation | Amt Paid | Difference |
|---|---|---|---|---|---|
| Father | $0.00 | 52.17% | $0.00 | $0.00 | $0.00 |
| Mother | $0.00 | 47.83% | $0.00 | $0.00 | $0.00 |

Nothing is owed by either parent for health insurance.

## Work Related Daycare Adjustment

| | Total Paid | % Share | Obligation | Amt Paid | Difference |
|---|---|---|---|---|---|
| Father | $0.00 | 52.17% | $0.00 | $0.00 | $0.00 |
| Mother | $0.00 | 47.83% | $0.00 | $0.00 | $0.00 |

Nothing is owed by either parent for work related daycare.

## Travel Expenses Adjustment

| | Total Paid | % Share | Obligation | Amt Paid | Difference |
|---|---|---|---|---|---|
| Father | $0.00 | 52.17% | $0.00 | $0.00 | $0.00 |
| Mother | $0.00 | 47.83% | $0.00 | $0.00 | $0.00 |

Nothing is owed by either parent for travel expenses.

Adjustments to Child Support and recap of obligations - Page 1 of 2

| Recap of all Obligations per Month | Father | Mother |
|---|---|---|
| Monthly Child Support Obligation | 568.72 | 0.00 |
| Work Related Child Care Costs | 0.00 | 0.00 |
| Health Insurance Obligation | 0.00 | 0.00 |
| Travel Expenses | 0.00 | 0.00 |
| Disability and Retirement Dependency Benefits | 0.00 | 0.00 |
| Tax Exemption Compensation | 0.00 | 186.94 |
| | ------- | ------- |
| **Total of each parent's obligations** | **$568.72** | **$186.94** |

**The recommended basic support the Father should pay is $568.72 per month**
(before other costs to be considered by the court).


**The recommended adjusted support the Father should pay is $381.78 per month**
(other costs considered by the court included).

Prepared By _____     Date _____

Adjustments to Child Support and recap of obligations - Page 2 of 2

**In the District Court of the Third Judicial District**

**of the State of Idaho, in and for the County of Canyon**

Ronald Van Hook

Plaintiff,

vs

Dawn Van Hook

Defendant,

**Case No. CV-2014-7409-C**

**Standard Custody**
**Child Support Worksheet**

| CHILDREN | BIRTHDATE | CUSTODY | CHILDREN | BIRTHDATE | CUSTODY |
|----------|-----------|---------|----------|-----------|---------|
| 1. N.L.V | 8/10/2007 | Sole | 2. G.J.V | 2/24/2004 | Sole |
| 3. R.L.V | 7/26/2000 | Sole | 4. | | |
| 5. | | | 6. | | |
| 7. | | | 8. | | |

| | Plaintiff | Defendant | Combined |
|---|-----------|-----------|----------|
| 1. Monthly I.C.S.G. Income (from Affidavit) | $2,080.00 | $1,906.67 | $3,986.67 |
| 2. Percentage Share of Income (Each Parent) | 52.17% | 47.83% | |
| 3. Child Support Obligation | | | $1,090.13 |
| 4. Each Parents Child Support Obligation | $568.72 | $521.41 | |
| 5. Recommended Child Support Order for non-custodial parent   $568.72 | | | |

**Other Costs to be Considered by the Court**

a. Work-Related Child Care Costs                                    $0.00

b. Health insurance premium and uninsured health care expenses     $0.00

c. Disability or Retirement dependent benefits                     $0.00

d. Tax benefit for dependancy exemptions                         $-186.94

e. Travel Expenses                                                 $0.00

**Comments, Calculations, or Rebuttals**

Prepared By _____          Date _____

Standard Custody - Child Support Worksheet - Page 1 of 1

### In the District Court of the Third Judicial District
### of the State of Idaho, in and for the County of Canyon

| | |
|---|---|
| Ronald Van Hook | |
| | Plaintiff, |
| vs | |
| Dawn Van Hook | |
| | Defendant, |

**Case No. CV-2014-7409-C**

## Continued Support Worksheet

Beginning the month after R.L.V reaches the age of 18 on 7/26/2018, Father shall pay the following amount per month:

| | | | |
|---|---|---|---|
| **Monthly Support:** | $485.53 | **Health Insurance:** | $0.00 |
| **Taxes:** | $134.77 | **Bottom Line:** | $350.76 |

====================================================================

Beginning the month after G.J.V reaches the age of 18 on 2/24/2022, Father shall pay the following amount per month:

| | | | |
|---|---|---|---|
| **Monthly Support:** | $322.55 | **Health Insurance:** | $0.00 |
| **Taxes:** | $69.56 | **Bottom Line:** | $252.99 |

====================================================================

As of 8/10/2025 when N.L.V turns 18, no children will remain in the home.

====================================================================

Continued Support Worksheet - Page 1 of 1

about:blank

9/3/2015

This form must be completed and given to the Clerk of the Court, with a copy of the final order attached.
SUPPORT PAYMENTS UNDER THIS ORDER MUST BE SENT TO THE STATE OF IDAHO, CHILD SUPPORT RECEIPTING, P.O. BOX 70008, BOISE, ID, 83707

Case # CV-2014-7409-C          Country Canyon          Date of Order _____

**Who is ordered to pay child support?** (full name)          Ronald Van Hook

**How Much?**          $381.78

**How Often?**          __ Weekly  X Monthly

Special child support terms in this order (check all that apply):

__ Cost of living increases     __ Modification of a previous order     __ Decrease for visitation

__ Other --          _____

Is there an order for Wage Assignment?     __ Yes  X No (if yes, attach a copy of the wage assignment order)

**Plaintiff's full name**     Ronald Van Hook                    X Father  __ Mother

Social Security # _____   Date of Birth 01/01/1966   Phone Number (208) 982-0164

Residence Address          204 N. Main, Homedale, ID, 83628

Mailing Address (if different than above)

Employer Name and Address          Cheney Transportation, 24010 Notus Road, Caldwell, ID, 83607

Attorney pro se _____   Phone _____   City / State _____

**Defendant's full name**   Dawn Van Hook                    __ Father  X Mother

Social Security # _____   Date of Birth 08/19/1671   Phone Number _____

Residence Address

Mailing Address (if different than above)

Employer Name and Address

Attorney Kimberli Stretch, Idaho   Phone (208) 475-5722   City / State Nampa, ID
     Legal Aid

**Children for whom support is ordered in the order:**

| Child's Full Name | Social Security # | Date of Birth | Gender |
|---|---|---|---|
| N.L.V | | 8/10/2007 | M |
| G.J.V | | 2/24/2004 | M |
| R.L.V | | 7/26/2000 | F |

If support is ordered for more than four children, please attach a separate sheet of paper with the information.

Prepared By: _____   Date: _____

Child Support Order Summary Form - Page 1 of 1

about:blank

9/3/2015

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF
THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

## SUPPLEMENTAL ORDER

**DEFINITIONS** – In this order, the term "physical custody" means the right to have the child(ren) physically in your custody and under your care and supervision, whether that right is called custody, visitation or physical custody in the court order or judgment granting such right; the term "Custodian" means any party who has a right to physical custody of the child(ren); and the term "Primary Custodian" means the Custodian who is entitled to have physical custody of the child(ren) for the greater amount of time during the year.

**CARE AND SUPERVISION** – During the time that a Custodian has physical custody of the child(ren), the Custodian:

> will provide the child(ren) with regular and nutritious food, clean and appropriate clothing, sanitary and reasonable living and sleeping quarters, appropriate medical examinations and treatment, guidance and counsel;

> will train the child(ren) to obey and respect their teachers and the law; require the child(ren) to attend school as required by law; and will personally supervise and control the conduct of the child(ren), except when another competent person has the immediate care of the child(ren);

> will not permit any excessive drinking, immoral conduct, obscenities, violence, or disrespect for law and order to occur in the presence of the child(ren);

> may take the child(ren) to any reasonable place and have the child(ren) engage in any reasonable activities.

If anything of significance occurs concerning the health, education, or general welfare of the child(ren) while a custodian is exercising physical custody of the child(ren), the Custodian shall inform any other Custodian of such occurrence. Such events include, but are not limited to, any disciplinary contacts regarding the child(ren) by school, police, or court authorities and any medical contacts and reports concerning the child(ren).

**CHANGES IN PHYSICAL CUSTODY** – Unless otherwise ordered by the Court, changes in physical custody shall occur at the residence of the Primary Custodian. When physical custody is changed, the Primary Custodian shall have the child(ren) ready and available promptly for the change of custody, if advised at least a day in advance, and the party obtaining physical custody shall pick up and return the child(ren) promptly. The Primary Custodian shall provide the child(ren) with such special and additional clothing or personal effects as may be appropriate for the planned activities or the duration of the change in custody, and the party taking physical custody shall make sure that such clothing is returned promptly to the Primary Custodian.

No Custodian shall encourage, permit, or consent to the child(ren) engaging in activities that may interfere with the right of any other Custodian to have physical custody of the child(ren) without the prior consent of such other Custodian, and no Custodian shall criticize the denial of such consent. Any request for such consent must be made outside the presence of the child(ren).

**COMMUNICATING WITH CHILD(REN)** – Unless otherwise ordered by the Court, each Custodian shall keep every other Custodian advised of the Custodian's residence address, mailing address (if it differs from the residence address), and residence and work telephone numbers. If while the Custodian has physical custody of the child(ren) they will not be at the Custodians's residence for a period longer than one week, then the Custodian shall keep every other Custodian advised of the address and telephone number where they can be reached.

Each Custodian may communicate by mail or telephone with the child(ren), and no other Custodian shall censor such communications.

All money paid under this judgment shall be paid to the State of Idaho, Division of Management Services, Child Support Receipting , P.O. Box 70008, Boise, ID 83707-0108. The State of Idaho shall also be able to attach all federal and state income tax refunds until the full amount owing is paid in full. Should either party fail to comply with the same, costs incurred to secure compliance will be awarded to the prevailing party.

All child support payments shall be due on the first (1st) day of each month commencing the first (1st) month after the decree becomes final, unless otherwise ordered in the Divorce Decree.

**NOTICE OF AUTOMATIC AND IMMEDIATE INCOME WITHHOLDING** – This support order is enforceable by automatic and immediate income withholding as of the effective date of this order under chapter 12, Title 32, Idaho Code. This automatic and immediate income withholding order shall be issued by the Department of Health and Welfare to your employer or other person who pays you income without additional notice to you.

**CONDUCT OF PARTIES** – No party shall use abusive or slanderous language about the other to the child(ren), or alienate or attempt to alienate the love and affection of the child(ren) from any other party. No party shall prevent, restrict, or in any way interfere with the rights of any other party granted by this or any other Court Order. No party shall harass or intrude upon the privacy of any other party; nor shall any party commit, threaten to commit, or attempt to commit any act of violence upon another party, or upon any person lawfully caring for the child(ren) at the request of another party.

**CONTEMPT** – Violation of any of the provisions of this supplemental order can constitute contempt of court and be punished by a fine or imprisonment in the county jail, or both.

Attached to and made a part of the judgement in the attached case by Order of the Court.

**CHRIS YAMAMOTO**
Clerk of the District Court

**SUPPLEMENTAL ORDER**          2                    01/11

## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket Nos. 44988 & 44989

| | | |
|---|---|---|
| **RONALD L. VAN HOOK,** | ) | **2018 Unpublished Opinion No. 321** |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Filed: January 12, 2018** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **DAWN R. CANNON,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |
| **DAWN R. CANNON fka VAN HOOK,** | ) | |
| | ) | |
| **Petitioner-Respondent,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **RONALD L. VAN HOOK,** | ) | |
| | ) | |
| **Respondent-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. D. Duff McKee, District Judge. Hon. Gary D. DeMeyer, Magistrate.

Memorandum decision of the district court, on intermediate appeal from the magistrate's order denying motions to disqualify, for change of and/or new orders, to change venue, for reconsideration, and for contempt, affirmed.

Ronald L. Van Hook, Homedale, pro se appellant.

Kimberli A. Stretch, Idaho Legal Aid Services, Inc., Nampa, for respondent.

---

HUSKEY, Judge

Ronald L. Van Hook appeals from the district court's memorandum decision, affirming the magistrate's denial of several of Van Hook's motions: (1) motion to disqualify; (2) motion for change of and/or new orders; (3) motion to change venue; (4) motion for reconsideration; and (5) motion for contempt. The district court's memorandum decision is affirmed.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

This pro se appeal arises from a lengthy, contentious, and muddled dispute between Van Hook and his ex-wife, Dawn R. Cannon, over the custody of their children. The dispute spans a number of cases, namely CV-2014-6865, where Van Hook filed for a civil protection order; CV-2014-7409, where the parties' divorce and the custody of their children was determined; CV-2014-3311, where Cannon filed for a civil protection order and which was later consolidated with CV-2014-7409; CV-2016-5044, where Van Hook sought a writ of habeas corpus and a writ of mandamus; CV-2016-11807, where Van Hook sued his ex-wife, a judge, and four other defendants for thirty-five million dollars; and CV-2017-3444, where Van Hook was declared a vexatious litigant, among other cases.

The issues in this appeal stem from CV-2014-7409, after (1) custody was granted to Cannon with Van Hook's visitation rights contingent upon his children's desire to contact him and (2) Van Hook repeatedly attempted to disqualify the magistrate from the proceeding. After failing to timely appeal his judgment and decree of divorce, which determined the custody of his children, Van Hook filed the following motions with the magistrate: (1) motion to disqualify; (2) motion for change of and/or new orders; (3) motion to change venue; (4) motion for reconsideration; and (5) motion for contempt. The magistrate denied all of Van Hook's motions. Van Hook appealed the magistrate's decision to the district court, which affirmed the magistrate, held the motions to be frivolous, and awarded attorney fees to Cannon. Van Hook timely appeals.

# II.

## ANALYSIS

The argument section of an appellate brief "shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6). The Court will not consider an appellate brief that fails to provide this support to its arguments. *Capstar Radio Operating Co. v. Lawrence*, 160 Idaho 452, 465, 375 P.3d 282, 295 (2016).

"Pro se litigants are not entitled to special consideration or leniency because they represent themselves. To the contrary, it is well-established that courts will apply the same standards and rules whether or not a party is represented by an attorney and that pro se litigants

2

must follow the same rules, including the rules of procedure." *Bettwieser v. New York Irrig. Dist.*, 154 Idaho 317, 322, 297 P.3d 1134, 1139 (2013).

Van Hook's opening appellate brief does not satisfy the requirements of Idaho Appellate Rule 35(a)(6). Although Van Hook makes many arguments, those arguments are not adequately supported with citations to authorities, statutes, transcripts, or the record in this case. Where authority is cited, it is scant, irrelevant, or not controlling upon this Court. Where transcripts are quoted, it is disjointed, selective, and unfavorable to Van Hook. The 1371 page record is cited only a handful of times. Van Hook nonetheless asks this Court to scour the record to find support for his arguments. Because Van Hook fails to provide support for his arguments, this Court will not consider them. Van Hook's status as a pro se appellant does not alter this conclusion.

Costs and attorney fees are awarded to Cannon, as a prevailing party, pursuant to I.A.R. 40 and 41.

## III.

## CONCLUSION

Because Van Hook fails to provide adequate support for his arguments, the Court does not consider them. The district court's memorandum decision is affirmed. Costs and attorney fees are awarded to Cannon.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.



F I L E D
A.M. _____ P.M.

DEC 0 1 2016

CANYON COUNTY CLERK
P SALAS, DEPUTY

Ronald Van Hook
204 N. Main
Homedale, ID, 83628

(208) 982 - 0164

IN THE DISTRICT COURT FOR THE THIRD JUDICIAL DISTRICT OF THE STATE
OF IDAHO, IN AND FOR THE COUNTY OF CANYON

Ronald Van Hook
Plaintiff
Pro Se

vs.

Dawn Cannon (f.k.a. Van Hook)

Gary DeMeyer

Kimberli Stretch
of Idaho Legal Aid

Mary Grant
formerly of Idaho Legal Aid

Steven Fisher

Virginia Bond

_____
_____
_____
_____
_____

Defendant(s)

Case No. CV2016-11807-C

CIVIL COMPLAINT FOR DAMAGES

MOTION FOR WRIT OF MANDAMUS

7J :  ;4;F +

## COMPLAINT(s)

Plaintiff Ronald Van Hook complains against Defendants:

Dawn Cannon (f.k.a. Van Hook)

Gary DeMeyer

Kimberli Stretch of Idaho Legal Aid

Mary Grant of Huntley Law Firm, formerly of Idaho Legal Aid

Steven Fisher of Fisher Law Office, PLLC

Virginia Bond of Bond Law Chartered

_____
_____
_____
_____
_____
_____

as follows:


## JURISDICTIONAL ALLEGATION

Jurisdiction in this case is based upon the amount in controversy. All stated Defendants are

Citizens of the State of Idaho. All issues Complained of are directly associated with a Civil Case

in the Third Judicial District Magistrate Court of Canyon County, Idaho, CV-2014-7409, and/or

with consolidated and other related cases, and that all Defendants were parties to, had an interest

in, and/or were Officers of the Court. The amount in controversy exceeds Thirty-Five Million

U.S. Dollars ($35,000,000.00), exclusive of interest and cost(s).

STATEMENT OF CLAIMS

1. Ronald Van Hook, Plaintiff and Dawn Cannon (f.k.a. Van Hook) a Defendant, were married on September 12 of 1997, and that during the course of this marriage these parties had natural children, and that on or about June 16 of 2014, Dawn Cannon (f.k.a. Van Hook) fled to places unknown with the children, without the knowledge or consent of Ronald Van Hook.

2. That since June 16 of 2014, Defendants, all or in part, did make False Allegations and/or Statements, orally and/or in writing, about or concerning Ronald Van Hook, thereby Defaming the Character of Ronald Van Hook.

3. That since June 16 of 2014, Defendants, all or in part, did with gross negligence and/or contributory negligence, fail in and/or breach contractual duties to Plaintiff Ronald Van Hook.

4. That since June 16 of 2014, Defendants, all or in part, did fail to comply with the Idaho Rules of Professional Conduct and/or the Idaho Code of Judicial Conduct.

5. That since June 16 of 2014, Defendants, all or in part, did violate the Civil Rights and/or Conspire to Violate the Civil Rights of Ronald Van Hook.

DEMAND FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant(s) for the sum of Thirty-Five Million U.S. Dollars ($35,000,000.00), for damages as follows:

1. As a result of the aforementioned claims, Plaintiff Ronald Van Hook, sustained damages from Loss of Consortium, Emotional Distress, Actual Costs and Lost Wages.

2. Plaintiff further seeks the award of Punitive Damages for aforementioned claims.

JURY DEMAND

Plaintiff demands a jury trial in accordance with the mandates of Idaho Constitution Article I

Section 7, and U.S. Constitution Amendment 7.

EQUITABLE RELIEF

WHEREFORE Plaintiff further requests this Court issue equitable relief as follows:

    1. Issue a Writ(s) of Mandamus commanding the Magistrate Court of the Third Judicial

District of Canyon County, Idaho, in Case CV-2014-7409 to Change Venue as appropriate and

just, and to further Mandate that any further pleadings in said case be heard and acted upon with

strict compliance to the Idaho Code of Judicial Conduct while ensuring all Civil Rights

according to the Constitutions of the State of Idaho and of the United States be maintained for all

parties involved.

    2. Issue Injunctive Relief as may be further requested by Plaintiff and/or as this Court

deems appropriate and just.

    3. Issue Declaratory Relief as this Court deems appropriate and just.

    4. Issue other relief as this Court deems appropriate and just.


DATED THIS _01_ day of _Dec_, _2016_.


_____

Ronald L. Van Hook

RECEIVED

MAR 1 5 2017

F I L E D
A.M. _____ P.M.

MAR 0 9 2017

CANYON COUNTY CLERK
P SALAS, DEPUTY

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | | |
|---|---|---|
| RONALD VAN HOOK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: CV 2016-11807-C |
| | ) | |
| vs. | ) | **MEMORANDUM DECISION AND** |
| | ) | **ORDER RE: DEFENDANTS' I.R.C.P.** |
| DAWN CANNON (f.k.a DAWN VAN | ) | **12(b)(6) MOTIONS TO DISMISS** |
| HOOK); GARY DEMEYER; KIMBERLI | ) | |
| STRETCH, Idaho Legal Aid Services, Inc.; | ) | |
| MARY GRANT, Huntley Law Firm; | ) | |
| STEVEN FISHER; and VIRGINIA BOND, | ) | |
| | ) | |
| Defendants. | ) | |

## I. INTRODUCTION

This matter came before the Court on February 16, 2017, on Defendant Gary DeMeyer's ("Judge DeMeyer") and Defendants Dawn Cannon ("Cannon"), Mary Grant ("Grant"), and Kimberli Stretch's ("Stretch") (collectively, "Defendants") I.R.C.P. 12(b)(6) motions to dismiss. Ronald Van Hook ("Van Hook") appears pro se. Judge DeMeyer is represented by Cynthia Yee-Wallace. Cannon, Grant, and Stretch are represented by Jennifer Giuttari. The Court took this matter under advisement.

Van Hook brings this lawsuit against parties and court officers involved in Canyon County case CV-2014-7409. Van Hook filed his "Civil Complaint for Damages [and] Motion for Writ of Mandamus" ("Complaint") on December 1, 2016.

7J :  ;4;F #'

The moving defendants seek to dismiss all claims against them. For the reasons set forth below, the Court will grant Judge DeMeyer's and Grant and Stretch's motions to dismiss. The Court will grant Cannon's motion to dismiss as to all claims except for a claim for intentional infliction of emotional distress.

## II. STANDARD

A request to dismiss a claim pursuant to I.R.C.P. 12(b)(6) will be granted if the pleading fails to state a claim upon which relief can be granted.  The question is whether the non-moving party "has alleged sufficient facts in support of his claim, which if true, would entitle him to relief." *Orrock v. Appelton*, 147 Idaho 613, 618 (2009). On a 12(b)(6) "motion to dismiss, the Court looks only at the pleadings, and all inferences are viewed in favor of the non-moving party." *Owsley v. Idaho Indus. Comm'n*, 141 Idaho 129, 133 (2005). "In order to survive a 12(b) motion to dismiss, it is not enough for a complaint to make conclusory allegations." *Id.* at 136. "Although the non-movant is entitled to have his factual assertions treated as true, this privilege does not extend to the conclusions of law the non-movant hopes the court to draw from those facts." *Id.* A complaint does not state a claim for relief if the legal conclusions or theories alleged are not sufficiently supported by factual allegations. *Id.*

Additionally, the rules of pleading provide that,

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction [...]; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

I.R.C.P. 8(a). "The purpose of a complaint is to inform the defendant of the material facts upon which the plaintiff rests the action." *Navo v. Bingham Mem'l Hosp.*, 160 Idaho 363, 374 (2016). "Accordingly, the key issue in determining the validity of a complaint is whether the adverse party is put on notice of the claims brought against it." *Id.* "[A] party is no longer slavishly

bound to stating particular theories in its pleadings. Rather, a party is required to state an underlying cause of action and the facts from which that cause of action arises." *Id.* at 375.

"Pro se civil litigants are not accorded special latitude merely because they chose to proceed through litigation without the assistance of an attorney. Further, pro se litigants are held to the same standards and rules as those represented by an attorney." *Colafranceschi v. Briley*, 159 Idaho 31, 34 (2015).

### III. DISCUSSION

A. Judge DeMeyer is immune from suit

Generally, judges are immune from suit for actions taken in their "judicial capacity" (i.e. acts or functions "normally performed by a judge"). *Mireles v. Waco*, 502 U.S. 9, 11-13 (1991); *Sterling v. Bloom*, 111 Idaho 211 (1986).[1] "[J]udicial immunity is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11; *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). Immunity applies in a 42 U.S.C. § 1983 action. *Id.* Immunity for judicial actions is overcome only when the judge acts "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

The Complaint states that "All issues Complained of are directly associated with a Civil Case in the Third Judicial District Magistrate Court of Canyon County, Idaho, CV-2014-7409, and/or with consolidated and other related cases, and that all Defendants were parties to, had an interest in, and/or were Officers of the Court." The claims against Judge DeMeyer are based on actions he took in his judicial capacity. The Complaint does not allege that Judge DeMeyer acted in the complete absence of all jurisdiction, nor are there facts indicating that he lacked jurisdiction in CV-2014-7409. Judge DeMeyer is immune from suit.

---

[1] *Superseded on other grounds by statute, as stated in State v. Yzaguirre*, 144 Idaho 471 (2007)

Alternatively, as stated in more detail below, the Complaint fails to state a viable claim against Judge DeMeyer.

B.  The Complaint fails to state a defamation claim

The Complaint alleges that "Defendants, all or in part, did make False Allegations and/or Statements, orally and/or in writing, about or concerning Ronald Van Hook, thereby Defaming the Character of Ronald Van Hook." (Complaint, "Statement of Claims" ¶2).

There are special rules for pleading a defamation claim. I.R.C.P. 9(i) requires plaintiff "to state, generally, the defamatory matter that was published or spoken concerning the plaintiff." The Complaint does not generally state the defamatory matter alleged published or spoken concerning Van Hook.

Additionally, the parties and attorneys involved in CV-2014-7409 are protected from suit for statements made during course of that litigation. *Taylor v. McNichols*, 149 Idaho 826 (2010). Thus, the Complaint fails to state a claim for defamation against the Defendants.

C.  The Complaint fails to state a breach of contract claim or a negligence claim

The Complaint alleges that "Defendants, all or in part, did with gross negligence and/or contributory negligence, fail in and/or breach contractual duties to Plaintiff Ronald Van Hook." (Complaint, "SOC" ¶3).

The Complaint does not allege facts giving rise to a breach of contract claim against Defendants. *See Mosell Equities, LLC v. Berryhill & Co., Inc.*, 154 Idaho 269, 278 (2013); *see also, Baccus, v. Ameripride Services, Inc.*, 145 Idaho 346 (2008).

The negligence allegations are tied to the breach of contract claim. However, "[u]nder Idaho law it is factually impossible for a party to tortuously interfere with that party's own

contract." *Taylor v. McNichols*, 149 Idaho 826, 844 (2010). The Complaint does not otherwise allege facts that give rise to a negligence claim. *O'Guin v. Bingham Cty.*, 142 Idaho 49 (2005).

> D. The Complaint states an intentional infliction of emotional distress claim against Cannon

The Complaint alleges that Cannon "fled to places unknown with the children, without the knowledge or consent of Ronald Van Hook." (Complaint, "SOC" ¶1). It further alleges that Van Hook "sustained damages from Loss of Consortium, Emotional Distress, [and] Actual Costs and Lost Wages" as a result of the Defendants' conduct. (*Id.*, "Demand for Relief" ¶1).

These allegations are sufficient to state a claim for intentional infliction of emotional distress against Cannon. *See Johnson v. McPhee*, 147 Idaho 455 (Ct. App. 2009) (elements of intentional infliction of emotional distress).

These allegations do not give rise to a claim for loss of consortium, *Zaleha v. Rosholt, Robertson & Tucker, Chtd.*, 131 Idaho 254, 256 (1998), nor do they state an underlying cause of action with respect to costs and lost wages.

> E. The Complaint fails to state a viable claim with respect to alleged violations of the Idaho Rules of Professional Conduct and the Idaho Code of Judicial Conduct

The Complaint alleges that Defendants "fail[ed] to comply with the Idaho Rules of Professional Conduct and/or the Idaho Code of Judicial Conduct" (Complaint, "SOC" ¶4).

All matters pertaining to violations of the Idaho Rules of Professional Conduct and the Idaho Code of Judicial Conduct are special proceedings handled exclusively by the Professional Conduct Board, Professional Conduct Board Hearing Committees, Bar Counsel, and the Idaho Supreme Court. I.B.C.R. 500-525. This Court does not have the authority to preside over a case alleging violations of rules of professional conduct. *See id.*

Furthermore, violations of the rules of professional conduct are not a basis for criminal or civil liability. I.R.P.C., "Scope," ¶20 ("Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached...They are not designed to be a basis for civil liability."); I.C.J.C., "Scope," ¶7 ("The Code is not designed or intended as a basis for civil or criminal liability. Neither is it intended to be the basis for litigants to seek collateral remedies against each other or to obtain tactical advantages in proceedings before a court."). Thus, the Complaint fails to state a claim with respect to alleged violations of the rules of professional conduct.

F.   The Complaint fails to state a claim for a civil rights violation or conspiracy

The Complaint alleges that the Defendants "did violate the Civil Rights and/or Conspire to Violate the Civil Rights of Ronald Van Hook." (Complaint, "SOC" ¶5).

Although not cited in the Complaint, this sounds like a claim under 42 U.S.C. § 1983. §1983 usually applies to state actors and not to private individuals. *Brent Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295 (2001). However, a private individual may be liable in a §1983 action where private individuals or entities who are not involved with the state are "willful participants in joint activity with the state or its agents." *Id.* The Complaint does not allege that any of the named Defendants are state actors,[2] or that the private individuals are/were willful participants in joint activity with the state or its agents.

Even if the Complaint did make those allegations, it still fails to plead a claim under §1983. *See Rincover v. State, Dept. of Finance, Securities Bureau*, 128 Idaho 653 (1996), *Navo.*

Failure to state an underlying §1983 action means that the conspiracy claim fails. *Mannos v. Mannos*, 143 Idaho 927, 935 (2007).

---

[2] Judge DeMeyer is a state actor. However, he is immune from suit. (*See* III, A); *Mireles, supra*; *Pierson, supra.*

The Complaint fails to state a claim against the Defendants for a civil rights violation or conspiracy to violate civil rights.

G.  The Complaint fails to allege facts that would warrant injunctive relief, declaratory relief, or a writ of mandamus

The Complaint generally requests the Court to issue injunctive relief. Ordering injunctive relief is discretionary with the Court. I.R.C.P. 65. Rule 65(e) sets forth the grounds for issuing an injunction. The Complaint fails to allege facts that support granting injunctive relief.

The Complaint generally requests declaratory relief. Entertaining a declaratory judgment action is discretionary. I.C. § 10-1206; *Nat. Res. Def. Council v. Abraham*, 388 F.3d 701 (9th Cir. 2004). To have standing to bring a declaratory judgment action, the petitioner must allege or demonstrate an injury in fact and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury. *Schneider v. Howe*, 142 Idaho 767 (2006). This requires that the case "involve actual and existing facts." *Wylie v. State, Idaho Transp. Bd.*, 151 Idaho 26, 31 (2011). This is a jurisdictional requirement. *State v. Rhoades*, 119 Idaho 594 (1991). "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." I.C. § 10-1206. The Complaint generally fails to allege facts giving rise to viable claims. The Court declines to render a declaratory judgment.

The Complaint requests the Court to

Issue a Writ(s) of Mandamus commanding the Magistrate Court of the Third Judicial District of Canyon County, Idaho, in case CV-2014-7409 to Change Venue as appropriate and just, and to further Mandate that any further pleadings in said case be heard and acted upon with strict compliance to the Idaho Code of Judicial Conduct while ensuring all Civil Rights according to the Constitutions of the State of Idaho and of the United States be maintained for all parties involved.

(Complaint, "Equitable Relief," ¶1).

"A writ of mandate is an order issued by the court to any inferior court, corporation, board or person that … compels the performance of an act which a party has a duty to perform as a result of an office, trust or station[.]" I.R.C.P. 74; I.C. § 7-302.

> A party seeking a writ of mandate must establish "a clear legal right to the relief sought." Writs of mandate will not be issued to "compel the performance of a discretionary act." Writs of mandate are not tools to control matters of discretion. "A writ of mandamus will lie if the officer against whom the writ is brought has a clear legal duty to perform and if the desired act sought to be compelled is ministerial or executive in nature, and does not require the exercise of discretion."

*Total Success Investments, LLC v. Ada Cty. Highway Dist.*, 148 Idaho 688, 691 (Ct. App. 2010) (internal citations omitted). "If the doubt or uncertainty exists or inheres in the facts of the case, so that it does not appear clear that such facts entitle the plaintiff to relief by mandate, under any valid law, the writ will not issue." *Law v. Rasmussen*, 104 Idaho 455, 457 (1983). "[M]andamus will not issue to reverse orders of inferior courts when such courts are acting within their jurisdiction." *Felton v. Prather*, 95 Idaho 280, 282 (1973).

The Complaint does not allege facts demonstrating that venue was improper in CV-2014-7409. *See* I.R.C.P. 40.1; I.C. § 5-404. The time for changing venue has passed. *Id.* This Court does not need to issue a writ mandating the magistrate to comply with U.S. and Idaho law. *See Garner v. Garner*, 158 Idaho 932, 939 n. 3 (2015) (a judge must perform his duties in accordance with the law at all times); *see generally*, I.C.J.C. The Complaint does not otherwise allege facts establishing a clear legal right to the relief sought.

The Complaint fails to allege facts that would warrant granting injunctive or declaratory relief, or issuing a writ of mandate.

## H. Request for punitive damages is not properly before this Court

The Complaint seeks a punitive damages award. Punitive damages may only be included in an amendment to the Complaint after a hearing on whether the facts of the case support an

award for punitive damages. I.C. § 6-1604(2). This procedure has not been followed. Thus, punitive damages are not properly before the Court.

## IV. CONCLUSION

For the reasons set forth above, Judge DeMeyer's and Grant and Stretch's motions to dismiss will be granted. Cannon's motion to dismiss will be granted as to all claims except a claim for intentional infliction of emotional distress.

## ORDER

**THEREFORE, IT IS HEREBY ORDERED THAT**:

1. Judge DeMeyer's I.R.C.P. 12(b)(6) motion to dismiss is **GRANTED**;

2. Grant and Stretch's I.R.C.P. 12(b)(6) motion is **GRANTED**;

3. Cannon's I.R.C.P. 12(b)(6) motion is **DENIED** as it relates to a claim for intentional infliction of emotional distress, and is **GRANTED** as to all other claims.

DATED: March 8, 2017.

Hon. Chris Nye
District Judge

MEMORANDUM DECISION AND ORDER - 9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9 day of March, 2017, a true and correct copy of the above and foregoing document was addressed and delivered as indicated below:

Ronald Van Hook
204 N. Main
Homedale, ID 83628

[ X ]   U.S. Mail, postage prepaid
[ / ]   Hand-delivered
[   ]   Facsimile

Jennifer Giuttari
Idaho Legal Aid
1447 S. Tyrell Lane
Boise, ID 83706

[ X ]   U.S. Mail, postage prepaid
[   ]   Hand-delivered
[   ]   Facsimile

Cynthia Yee-Wallace
Idaho Attorney General
954 W. Jefferson St., 2nd Floor
P.O. Box 83720
Boise, ID 83720

[ X ]   U.S. Mail, postage prepaid
[   ]   Hand-delivered
[   ]   Facsimile

Steven Fisher
1859 S. Topaz Way, Ste. 200
Meridian, ID 83642

[ X ]   U.S. Mail, postage prepaid
[ / ]   Hand-delivered
[   ]   Facsimile

Virginia Bond
P.O. Box 308
Payette, ID 83661

[ X ]   U.S. Mail, postage prepaid
[   ]   Hand-delivered
[   ]   Facsimile

P. SALAS

Keely E. Duke
ISB #6044; ked@dukescanlan.com
Bryan A. Nickels
ISB #6432; ban@dukescanlan.com
DUKE SCANLAN & HALL, PLLC
1087 West River Street, Suite 300
P.O. Box 7387
Boise, Idaho 83707
Telephone (208) 342-3310
Facsimile (208) 342-3299



F I L E D
A.M. _____ P.M.
AUG 2 1 2017
CANYON COUNTY CLERK
A YOUNG. DEPUTY

*Attorneys for Defendant Virginia Bond*

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

RONALD VAN HOOK,

        Plaintiff,

vs.

DAWN CANNON (fka VAN HOOK), GARY
DeMEYER, KIMBERLI STRETCH OF
IDAHO LEGAL AID, MARY GRANT
formerly of IDAHO LEGAL AID, STEVEN
FISHER, VIRGINIA BOND,

        Defendants.

Case No. CV-2016-11807-C

**JUDGMENT**



JUDGMENT IS ENTERED AS FOLLOWS:

Plaintiff's "Civil Complaint for Damages/Motion for Writ of Mandamus," and all claims

alleged therein, as against Virginia Bond, is **DISMISSED WITH PREJUDICE**.

DATED this ⟨17⟩ day of August, 2017.

JUDGE
CHRIS NYE

_____
Honorable Christopher Nye

JUDGMENT- 1

EXHIBIT 11

## CLERK'S CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___𝒰___ day of August, 2017, I caused to be served a true copy of the foregoing document, by the method indicated below, and addressed to each of the following:

Ronald Van Hook
204 N. Main
Homedale, ID 83628

- [✓] U.S. Mail, Postage Prepaid
- [ ] Hand Delivered
- [ ] Overnight Mail
- [ ] Facsimile
- [ ] Email

Jennifer A. Giuttari
IDAHO LEGAL AID SERVICES, INC.
1447 S. Tyrell Lane
Boise, ID 83706

- [✓] U.S. Mail, Postage Prepaid
- [ ] Hand Delivered
- [ ] Overnight Mail
- [ ] Facsimile
- [ ] Email
  jennifergiuttari@idaholegalaid.org

Cynthia Yee-Wallace
IDAHO ATTORNEY GENERAL'S OFFICE
954 W. Jefferson, 2nd Floor
P.O. Box 83720
Boise, ID 83720

- [✓] U.S. Mail, Postage Prepaid
- [ ] Hand Delivered
- [ ] Overnight Mail
- [ ] Facsimile
- [ ] Email
  cynthia.wallace@ag.idaho.gov

Mary R. Grant
HUNTLEY LAW FIRM, PLLC
815 W. Washington Street
P.O. Box 2188
Boise, ID 83701
Telephone (208) 388-1230

- [✓] U.S. Mail, Postage Prepaid
- [ ] Hand Delivered
- [ ] Overnight Mail
- [ ] Facsimile
- [ ] Email
  mgrant@huntleylaw.com

Keely Duke
1087 W. River Street, Suite 300
Boise, ID 83702

- [✓] U.S. Mail, Postage Prepaid
- [ ] Hand Delivered
- [ ] Overnight Mail
- [ ] Facsimile
- [ ] Email

_____
Clerk

JUDGMENT- 2