Ronald Van Hook
515 S. 11th St. #3
Payette, ID 83661
(208) 982-0164

U.S. COURTS
JUL 25 2019
Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

IN THE UNITED STATES DISTRICT COURT FOR
THE FOURTH JUDICIAL DISTRICT OF IDAHO SOUTHERN DIVISION

| | |
|---|---|
| Ronald Van Hook - Sui Juris<br>Gabriel Van Hook and Nathan Van Hook<br><br>Plaintiffs<br><br>vs.<br><br>State of Idaho<br>Idaho Bar Association<br>Steven Fisher and Fisher law firm<br>Mary Grant, Kimberli Stretch and Idaho Legal Aid<br>Virginia Bond and Bond Law Chartered<br>Christopher D. Boyd and/or Adams County Idaho<br>John Doe(s) 1-100<br>Unknown Agents (of Idaho Third Judicial District)<br><br>Defendants | Case No. 1:19 CV-170 BLW<br><br>Objection to Defendants Grant, Stretch and Idaho Legal Aid and services inc. Motion to Dismiss |

  Ronald Van Hook, Sui Juris, Objects and responds in part to the Motion to Dismiss by Defendants Grant, Stretch and Idaho Legal Aid and services inc.

  Plaintiffs (hereinafter together called Van Hook) has submitted a 1st Declaration that is on file with the Court and has been served on all Defendants in this case by certified mail. This 1st Declaration covers many of the issues in the Motion to Dismiss that Plaintiff is Objecting to. Defendants Grant, Stretch and Idaho Legal Aid and services inc. (hereinafter together called ILA) have essentially claimed Van Hook has not met a 'Plausibility Standard', which is entirely untrue. ILA has also stated Van Hook made claims "without any factual support", which again is

entirely untrue. Van Hooks 1st Declaration has provided sufficient information for this case to move forward, and the ILA Motion to Dismiss must be denied.

ILA has claimed to not be 'Actors for the State'... Van Hook states that The US Supreme Court has held that private citizens are liable as State Actors when they conspire with government officials to deprive people of their rights. Again, Van Hooks 1st Declaration covers this and clearly demonstrates conspiracy amongst the Defendants.

> A conspiracy to commit a federal crime happens whenever there is an agreement to commit a specific federal crime between two or more people, and at least one of those people makes some overt act to further the conspiracy.

A person who learns of a crime after it is committed and helps the criminal to conceal it, or aids the criminal in escaping, or simply fails to report the crime, is an 'accessory after the fact'. The State of Idaho no longer recognizes accessories to crimes, but calls those accessories, 'Principals' to the crime. 'Aiding and Abetting', before, during or after a crime, also makes a person an Accessory to a crime, and in the case with Idaho Law, a Principal to the crime.

Fraud on the Court occurs when the judicial machinery itself has been tainted, such as when an attorney, who is an officer of the court, is involved in the perpetration of a fraud or makes material misrepresentations to the court. Fraud upon the court makes void the orders and judgments of that court. In Bulloch v. United States (1985) the court stated that fraud "... is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."

Any judge who participates in a fraud (which is not a judicial function) loses subject matter jurisdiction and must be disqualified. An attorney on such a case must report these violations, and failing to report makes that attorney a Principal to that crime. Any fraud committed by an attorney must be reported according to the Idaho Code of Judicial Conduct. In all cases involved, no judges or attorneys ever made any report of any wrong doing. It appears to Van Hook that each was 'covering' for the other.

> "When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost." Rankin v. Howard (1980)
>
> "Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction." Piper v. Pearson (1872)

"No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence." Ableman v. Booth (1859)

ILA, and their failure to abide by the Idaho Rules of Professional Conduct, demonstrates these defendants as being Principals to Crimes when they failed to report crimes as the rules oblige. At an Appeal Hearing in front of Idaho 3rd District judge Duff McKee, Van Hook had stated that "The proof is in the pudding. The proof is in the way things turned out"... to which Judge McKee responded "That's Right. That's Right." That same principal applies in this case. The term 'In flagrante delicto' (In Blazing Offense) is where the criminal has been caught in the act of committing an offense. A Smoking Gun, so to say. This is the duty of a Jury to decide after they view all the facts... to piece together the facts and arrive at their own conclusions. As an added note to the appeal that went in front of Judge McKee, Van Hook asked if he would have to wait until the kids were 21 before he could see them... asking "How is that justice?" and judge McKee answered, "It isn't... It isn't". (If not justice, then this was an injustice... with ILA as a participant in numerous injustices)

Every single attempt that Van Hook has made to get this in front of a Court in Idaho has ended up with having the door slammed in his face (metaphorically speaking). Due Process and Equal Protection are guaranteed to any litigant, but have been consistently ignored by every single court Van Hook has been in front of. ILA knows this and has willingly participated in these ongoing violations of civil rights. Not just Due Process and Equal Protection violations, but every other violation of civil rights that has followed these Due Process and Equal Protection violations... which primarily include the rights of Parents to raise their children, as stated in numerous Supreme Court Decisions, and also other rights violated as listed in Van Hooks 1st Declaration and/or may be later disclosed.

False arrest, illegal detention (false imprisonment), and malicious prosecution are recognized as causes of action under Title 42, Section 1983... per Sanders v. English (6th Cir. 1992). False imprisonment occurs when a person is restricted in their personal movement within any area without justification or consent. Actual physical restraint is not necessary for false imprisonment to occur. So long as the person is deprived of his personal liberty, the amount of time actually detained is inconsequential, per Schenck v. Pro Choice Network (1997). Van Hook

has been deprived of personal liberty.

Res Judicata does not apply as Frauds on the Court made any judgments or decisions void. As it was demonstrated in Van Hooks 1st Declaration, it is again stated in this Objection...

> Under Federal Law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers." Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)

Regarding Racketeering ... ILA are Principals to numerous crimes, many of which are listed in Van Hooks 1st Declaration... and those crimes clearly demonstrate and support a Racketeering Claim.

ILA states Van Hook can't bring suit on behalf of the children as Dawn Cannon was awarded custody... and such notion is objected to as Dawn Cannon does not lawfully have custody... any order ILA claims shows Cannon has custody is void. Furthermore; Ronald Van Hook has had custody of Gabriel Van Hook since March of 2018, which has been for well over a year.

In all circumstances relating to previous judgments and failing to appeal as stated by ILA in their Motion to Dismiss, Van Hook asserts that any attempt to appeal in those situations was a waste of time as there is an on-going cover up involving the Judiciary, the Bar Association in the State of Idaho, and all Defendants in this case. Van Hook further asserts that any attempt to appeal was ignored by the courts, therefore there is no reason to believe other appeals would have been any different. These matters went all the way to the Idaho Supreme Court on two occasions, and even the Idaho Supreme Court failed to do anything about the Travesty of Justice, which a jury would not possibly overlook. Regardless of whether or not Van Hook failed to appeal on occasion, there is no law making appeal an obligation... However, for this civil case, laws were still broken and damages were still done by ILA.

Regarding ILA moving to dismiss for previously asserted claims by Van Hook in Idaho Courts, which ended up dismissed... Van Hook is not responsible for violations of civil rights that ensued during these dismissals. All claims made by Van Hook in Idaho Courts had been

dismissed in Arbitrary and Capricious fashion. As such, those decisions are void.

ILA claims that Statutes of Limitations apply. Van Hook states there are no Statutes of Limitations for the Violations of Civil Rights. Van Hook has tried and tried on numerous occasions to get these matters heard in the State of Idaho, without any needless gap in time between court cases. Van Hooks actions were Reasonable and Prudent and will be clearly shown to any jury that the Courts in Idaho (to include the Defendants) simply ignored the issues and ruled against Van Hook in what will be demonstrated to be an ongoing cover up.

As a notice to the Court and all parties involved... There are pending matters in Idaho, Canyon County Case CV-2014-7409, which may directly have effect on this case. Kimberly Stretch of ILA is also directly involved in that matter in Canyon County. Furthermore, Van Hook has directly made accusations of Fraud against all attorneys involved in that case. One of the pending motions before that court in Canyon County is under Idaho Rules of Civil Procedure, Rule 60. That Motion had been previously submitted to that court, presided over by Magistrate Judge Bever, but was dismissed in the complete violation of Due Process. Van Hook has now submitted a renewed motion per IRCP 60, which is set to be heard August 14, 2019. (This pending motion will be used to demonstrate the Idaho Courts ongoing refusal to address the misconduct of lawyers and judges involved in the subject matter at hand in CV-2014-7409)

As a reminder, this civil suit is also about Monopolies, and that issue also applies to ILA.

Van Hook may also attempt to seek leave from the court to amend the complaint in this case to include, some or all of the following (but not limited to) Abuse of Process, Fraud, Spoliation of Evidence, Material Misrepresentation, Gross Negligence, Travesty of Justice, Breach of Fiduciary Duty, Failing in duty to report misconduct, Violating the False Claims Act

Van Hook states in closing that the Parental Rights of Ronald Van Hook were completely ignored by the Court in Canyon County Idaho CV-2014-7409, and that there was no lawful trial in that case. The Orders, after the divorce of Ronald Van Hook and Dawn Cannon, were written exclusively by Kimberly Stretch as it was directly instructed by the Canyon County Court presided over by Gary DeMeyer (deceased). DeMeyer ordered Stretch to write the orders, to not allow Van Hook any input or opportunity to review the orders, and then Stretch wrote orders that were inconsistent with the orders that court issued... And then these orders were signed by

DeMeyer, making them final. Van Hook retained counsel (Defendant Virginia Bond) who failed to appeal and then had Motions to Reconsider and for Re-Trail set aside at the last minute, without the consent of Van Hook... and Van Hook asserts that Stretch conspired with DeMeyer and Bond to prevent Van Hook from having these matters heard.

The Orders signed by Gary Demeyer are tantamount to the termination of the Parental Rights of Ronald Van Hook... and this was done without Due Process and without any cause whatsoever. The previous demonstrates part of the crimes involving ILA and is stated for the purpose of this Objection to the ILA motion to dismiss. The Right of Ronald Van Hook to parent his children is established in numerous Supreme Court Cases, some of which include Troxel v. Granville (2000), Meyer v. Nebraska (1923), Pierce v. Society of Sisters (1925), Santosky v. Kramer (1982), Wisconsin v. Yoder (1972), Prince v. Massachusetts (1944), Stanley v. Illinois (1972), Duchesne v. Sugarman (1977), Skinner v. Oklahoma (1942), Griswold v. Connecticut (1965), Eisenstadt v. Baird (1972), Roe v. Wade (1973), Lassiter v. Department of Social Services (1981), and others that may be cited in the future.

When this case goes to a jury, That jury must be able to follow a sequence of events... to Connect the Dots. None of this could have simply 'accidentally' fallen together. Defendants acted in cahoots with each other, and that is a matter for the Jury to decide. It seems very apparent to Van Hook that ILA is continuing to deny any responsibility for the violation of the civil rights of Van Hook.

Title 42 USC, Chapter 21, Subchapter 1 guarantees Van Hook the protection of Equal Rights, one of which is being entitled to fundamentally fair proceedings. By whatever means are necessary, Van Hook asserts damages have been done and continues in the demand for a trial by jury.

Van Hook brings these matters to the court without the benefit of legal counsel, not by Choice, but as a matter of necessity, as no lawyer can be found in the State of Idaho willing to take on these issues.

Van Hook requests these matters be set to hearing. Respectfully submitted to the Court,

23 July, 2019
Ronald Van Hook

Case 1:19-cv-00170-BLW   Document 15   Filed 07/25/19   Page 7 of 7

## CERTIFICATE OF SERVICE

I hereby certify that on the 23 day of July, 2019, I caused a true and correct copy of the foregoing

    Case No. 1:19 CV-170 BLW

    Objection to Defendants Grant, Stretch
    and Idaho Legal Aid and services inc.
    Motion to Dismiss

to be served By U S MAIL to the following person(s)

US District Court - Idaho
Boise Office
550 W. Fort St
Suite 400
Boise, ID   83724

Idaho Attorney General for
State of Idaho - and Idaho BAR Assn.
700 W. Jefferson Street
Suite 210
P.O. Box 83720
Boise, Idaho   83720-0010

3rd District Administrative District Court Judge
Honorable Judge Susan Wiebe
1115 Albany St.
Caldwell, ID   83605

Christopher D. Boyd
and Boyd for Adams County Idaho
P.O. Box 604
Council, ID   83612

Steven Fisher and Fisher Law PLLC
Fisher Law Office, PLLC
1859 S. Topaz Way #200
Meridian, ID   83642

Howard A. Belodoff for Idaho Legal Aid,
Kimberly Stretch and Mary Grant
Idaho Legal Aid Services Inc.
1447 S. Tyrell Ln.
Boise, ID   83706

Virginia Bond and
Bond Law Chartered
1511 N. Whitley Drive
Fruitland, ID   83619

_[signature]_
Signature