UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD VAN HOOK; GABRIEL VAN HOOK; and NATHAN VAN HOOK<br><br>              Plaintiffs, | Case No. 1:19-CV-00170-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
| STATE OF IDAHO; IDAHO STATE BAR; STEVEN FISHER; FISHER LAW FIRM; MARY GRANT; KIMBERLI STRETCH; IDAHO LEGAL AID; VIRGINIA BOND; BOND LAW CHARTERED; CHRISTOPHER D. BOYD; ADAMS COUNTY, IDAHO; JOHN DOES 1-100; and UNKNOWN AGENTS of the IDAHO THIRD JUDICIAL DISTRICT,<br><br>              Defendants. | |

## INTRODUCTION

Pending before the Court are six motions: Virginia Bond's and Bond Law

Chartered's Motion to Quash (Dkt 3); Adams County Idaho and Christopher D.

Boyd's Motion to Dismiss or Motion to Quash (Dkt. 6); Mary Grant's, Kimberli

Stretch's and Idaho Legal Aid Services Inc.'s Motion to Dismiss (Dkt. 9); Virginia

Bond's and Bond Law Chartered's Motion to Dismiss (Dkt. 12); Adams County's

and Christopher D. Boyd's Motion to Dismiss (Dkt. 14); and Steven Fisher and Fisher Law Firm's Motion to Dismiss. (Dkt. 22.) These motions are decided without a hearing because the facts and legal arguments are adequately presented in the moving and opposing papers, and the decisional process would not be significantly aided by oral argument. For the following reasons the Court will grant the motions to dismiss, and will find the motions to quash moot.

## BACKGROUND

This case is about the actions of a collection of individuals who, in some way, interacted with Ronald Van Hook during his divorce and child custody proceedings.

In August 2014, Ronald Van Hook filed a *pro se* complaint in Canyon County for custody visitation rights for his three children and to seek a decree of legal separation from his wife, Dawn Van Hook (Dawn Renee Cannon). Dkt. 22-2 at 9; Canyon County Case No. CV-2014-7409-C. In September 2014, Van Hook retained attorney Steven Fisher to represent him in the case. *Id.* Fisher filed a motion for entry of default, which was granted—resulting in a custody visitation award for Van Hook. *Id.* However, in October 2014, Cannon, through her attorney, Mary Grant of Idaho Legal Aid Services, Inc., moved to set aside the order of default, asserting she had never been served with notice of the action. *Id.*

Meanwhile, Cannon filed an action for child protection in Adams County.[1] *Id.*; Adams County Case No. cv-2014-3311. That filing resulted in the issuance of a civil protection order for Cannon. *Id* at 10.

In November 2014, the entry of default judgment in Van Hook's Canyon County case was set aside and the judge in the case set the matter for trial in August 2015. *Id.* However, in March 2015, Fisher filed a motion for leave to withdraw as counsel due to Van Hook's failure to pay his legal bills or follow the attorney's advice. *Id.* at 12. The motion was granted. *Id.* Also in March 2015, Cannon filed for and received a temporary *ex parte* restraining order to prevent Van Hook from having any contact with one of his three children. *Id.* Then, in April 2015, Cannon filed a motion to consolidate the Canyon County case with the case she filed in Adams County. *Id.* Van Hook filed a notice of non-objection and the cases were consolidated in May 2015. *Id.* at 13.

In August 2015, the state court judge conducted a bench trial, which resulted in an order awarding Cannon sole legal custody of the three children. *Id.* at 14. The award was finalized on September 9, 2015, when the court filed a written judgment and decree of divorce. *Id.* A few weeks later, attorney Virginia Bond appeared on

---

[1] The report that issued from the action for protection order noted that the parties' children were scared of their father, wanted to remain with their mother, and that Van Hook had physically struck Cannon on more than one occasion. Dkt. 22-2 at 11.

behalf of Van Hook, and filed motions for a new trial and for reconsideration. *Id.* at 15. The motions were eventually withdrawn by Van Hook. *Id.* In March 2016, attorney Bond filed a motion to withdraw because Van Hook did not trust her and also believed she was acting to somehow protect the judge presiding over the case. *Id.* Bond's motion to withdraw was granted.

Van Hook continued to represent himself in the matter, filing a motion for an order of recusal of the judge, which asserted the judge had improper discussions with Cannon and her counsel. *Id.* After a hearing, the motion was denied. *Id.* at 16. However, Van Hook continued to file motions in the case, including motions arguing Cannon should be held in criminal contempt, motions for a change in venue, and motions for new orders regarding the child custody decision. *Id.*

In addition to the consolidated Adams County case, Van Hook filed at least seven (7) similar complaints in Canyon and Owyhee counties. *Id.* at 18-19. Notably, in a civil case filed in 2016, Van Hook sought damages related to the actions of attorneys and judges involved in his divorce and child custody proceedings. In that case, he claimed his lawyers and the lawyer for his ex-wife conspired to deprive him of the custody of his children and his civil rights. The defendants listed in Van Hook's state court complaint were Kimberli Stretch of Idaho Legal Aid, Mary Grant formerly of Idaho Legal Aid, Virginia Bond, and Steven Fisher. Dkt. 9-2 at 49.

As a result of such activities in the courts of Idaho, Van Hook was deemed a "vexatious litigant" pursuant to Idaho Court Administrative Rule 59. Dkt. 22-2 at 16; *see* I.C.A.R. 59. Of particular interest, the order found that Van Hook's repeated attempts to "re-litigate" the September 9, 2015 judgment qualified him as a vexatious litigant. *Id.* at 27. The reviewing court's September 2017 order required that Van Hook obtain leave of court prior to any *pro se* filing of new litigation in the state of Idaho. *Id.* at 31.

This background brings us to the present complaint—filed *pro se* by Van Hook in May 2019.[2] Dkt. 1. Van Hook's Complaint is filed on behalf of himself and his minor sons, Gabriel Van Hook and Nathan Van Hook. *Id.* It names as Defendants the State of Idaho, the Idaho Bar Association, Steven Fisher and the Fisher Law Firm, Mary Grant, Kimberli Stretch, Idaho Legal Aid, Virginia Bond, Bond Law Chartered, Christopher D. Boyd and/or Adams County, Idaho, Does, and "Unknown Agents" of Idaho's Third Judicial District. *Id.*

Therein, Van Hook alleges that Defendants violated and conspired to violate the civil rights of himself and his children, that certain Defendants engaged in fraudulent activities in violation of federal anti-racketeering laws, and that the

---

[2] None of the defendants raised the issue of whether the vexatious litigant ruling applies to an action filed *pro se* in a federal court in the State of Idaho. The Court will not take up this issue *sua sponte* because it will dismiss Van Hook's complaint for the reasons argued by Defendants in their various motions.

Idaho State Bar is an unlawful monopoly. *Id.* He alleges also that the Idaho State Bar unlawfully failed to take action on complaints lodged by Van Hook against attorney Defendants and various judicial officers. *Id.*

To support his Complaint, as exhibits to an unsigned declaration, Van Hook attached the complaint in the civil case he filed in 2016, in which he likewise sought damages related to the actions of individuals involved in his divorce and child custody proceedings. Van Hook asserts that all facts and arguments contained in the state court pleading, are facts and arguments he intends to make in this case. *Id.*

By way of various answers and motions, Defendants seek dismissal of each of Van Hook's claims. Defendants assert that many of the claims are barred by the doctrines of *res judicata* and collateral estoppel due to the 2016 state court action. Defendants assert also that Van Hook's claims should be dismissed for implausibility and inadequacies in pleading under Federal Rule of Civil Procedure 12(b)(6). The Court will analyze these arguments below.

## DISCUSSION

### 1. Van Hook can not appear *pro* se on behalf of his minor children.

As an initial matter the Court notes Ronald Van Hook's Complaint alleges all claims on behalf of his minor children. A *pro se* litigant can not file litigation on

behalf of third parties, including minor children, unless the *pro se* litigant is licensed to practice law. *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *Smogonovich v. City of Boise*, No. CV09-011-S-EJL, 2009 WL 3229371, at *2 (D. Idaho Oct. 2, 2009) ("a non-lawyer, may represent his own interests but may not represent those of his children."). As such, the Court will dismiss the minor children from this action and will consider the legal and factual sufficiency of the claims as to Ronald Van Hook only.

**2.      *Res Judicata* and collateral estoppel apply to bar certain claims against seven of the defendants.**

*Res judicata* and collateral estoppel are affirmative defenses used in federal court to give preclusive effect to prior state court judgments. *See* 28 U.S.C. § 1738 (federal courts must afford full faith and credit to state judicial proceedings). Federal courts apply state rules governing preclusion to determine whether a state judgment should have preclusive effect in a federal action. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 at 83-85, 104 (1984)

The doctrine of *res judicata*, or claim preclusion, applies "when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Idaho law provides that the party asserting *res judicata* as an affirmative defense bears the burden of establishing all of the essential elements by

a preponderance of the evidence. *Foster v. City of St. Anthony*, 841 P.2d 413, 419 (Idaho 1992).

On the other hand, a party seeking to apply collateral estoppel, or issue preclusion, must show: (1) the party against whom an earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation. *Ticor Title Co. v. Stanion*, 157 P.3d 613, 618 (Idaho 2007).

In this matter, Defendants Grant, Stretch, Idaho Legal Aid services, Inc., Virginia Bond, Bond Law Chartered, Steven Fisher and Fisher Law Offices, PLLC, each assert many of the claims Van Hook alleges against them are barred by *res judicata*, collateral estoppel, or both. Defendants' arguments are based on the fact that, in the 2016 state court complaint, Van Hook alleged the same complaints against them.

As set forth above, the state court complaint listed as defendants Kimberli Stretch of Idaho Legal Aid, Mary Grant formerly of Idaho Legal Aid, Steven Fisher, and Virginia Bond. Dkt. 9-2 at 49. The statement of claims alleged against the defendants included that they: (1) made false allegations and statements about

or concerning Van Hook; (2) were grossly and contributorily negligent; (3) breached contractual duties owed to Van Hook; (3) failed to comply with the Idaho Rules of Professional Conduct; and (4) that since July 16, 2014, they each violated and/or conspired to violate Van Hook's civil rights. Dkt. 9-2 at 51.

The state court issued three decisions on the merits of separate motions to dismiss brought by (1) Stretch and Grant, (2) Fisher, and (3) Bond. In each decision, the state court found Van Hook's complaint failed to state a defamation claim, a breach of contract claim or negligence claim, a valid claim with respect to alleged violations of the Idaho Rules of Professional conduct, and failed to state a claim for a civil rights violation or conspiracy. *Re: Stretch and Grant*, Dkt. 9-2 at 56-58; *Re: Fisher*, Dkt.12-5 at 4-6; *Re: Bond*, Dkt. 12-6 at 2-3. In August 2017, the state court issued a final judgment, dismissing the complaint with prejudice. *See* Dkt. 12-7 at 2.

In the Complaint presently before this Court, Van Hook brings the same claims of conspiracy to violate his civil rights, breach of the Idaho Rules of Professional Conduct, and breach of contractual duties against Stretch and Grant (and Idaho Legal Aid Services, Inc.), Bond (and Bond Law Chartered), and Fisher (and Fisher Law Office, PLLC). *See* Complaint, Dkt. 1 at 5-10. Like the claims Van Hook made via his state law complaint, the claims alleged here are based on

facts related to the Defendants' involvement in the legal proceedings related to Van Hook's divorce and child custody determination.

Provided the foregoing, the Court finds the doctrine of *res judicata* applies to bar certain claims in this matter. The state court claims against these Defendants—conspiracy to deprive Van Hook of his civil rights, breach of contractual duties owed to Van Hook, and failure to comply with the Idaho Rules of Professional Conduct— are virtually identical to the claims identified herein and are based on the same operative set of facts and circumstances.

Additionally, the doctrine of collateral estoppel also applies to bar claims based on these identical issues because: (1) Van Hook had full and fair opportunity to litigate these issues, (2) the issues identified above are indeed identical to the issues presented in the present action, (3) the issues Defendants now seek to preclude were decided by the state court, (4) the Court issued a final judgment on the merits, and finally, (5) the parties against whom the issues were asserted in the state court complaint are either parties to this matter, or, as is the case with Idaho Legal Aid Service, Inc., Bond Law Chartered, and Fisher Law Office, PLLC, are in privity with Defendants in the present litigation.

For these reasons, the Court will grant the motions to dismiss based on claim and issue preclusion pertaining to Defendants Stretch, Grant, Idaho Legal Aid Services, Inc., Bond, Bond Law Chartered, Fisher, and Fisher Law Office, PLLC.

For clarity, the claims to be dismissed under the doctrines of *res judicata* and collateral estoppel as to each of these Defendants are claims regarding: (1) conspiracy to violate Van Hook's civil rights; (2) breach of the Idaho Rules of Professional Conduct; and (2) breach of contractual duties allegedly owed to Van Hook. The Court will now consider whether the allegations in the Complaint support the remaining claims.

### 3. The allegations in the Complaint do not support Van Hook's remaining claims.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for

the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

Two years after *Twombly* was decided, the Supreme Court identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). First, the tenet that the Court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Notably, a dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009)

The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading

was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted).

Additionally, before a court can dismiss the complaint of a *pro se* litigant, it must provide the litigant "with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992). A court may, however, dismiss a *pro se* litigant's complaint without leave to amend if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief and this defect cannot be cured by amendment. *See Lopez v. Smith,* 203 F.3d 1122, 1130-31 (9th Cir. 2000).

### A.    Claims against the State of Idaho

Van Hook's claims against the State of Idaho are implausible and do not survive Defendant's motion to dismiss.

Van Hook alleges the State of Idaho failed to protect him as required by the Fourteenth Amendment of the United States Constitution. In its answer to the Complaint, the State of Idaho affirmatively asserts that Van Hook's claims should

be dismissed pursuant to Rule 12(b)(6) for failure to state a cause of action for which relief can be granted. Dkt. 4 at 2. The State of Idaho argues it has immunity against the claims set forth in the Complaint based on the Eleventh Amendment to the United States Constitution, and for this reason, that the Court lacks subject matter jurisdiction over the claims. The Court agrees. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2014) (citing *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996)); Fed. R. Civ. P. 12(b)(1). For this reason, and because this defect cannot be cured by amendment, the Court will dismiss any and all claims against the State of Idaho with prejudice.

**B.    Claims specifically alleged against the Idaho State Bar**

Van Hook's claims against the Idaho State Bar are implausible and do not survive Defendant's motion to dismiss.

Van Hook alleges the Idaho State Bar violated Anti-Trust and/or Monopoly Practices per Idaho Code Sections 48-603(7),(9),(17),(18) and 48-603C(2)(a). Dkt. 1 at 4. Van Hook alleges also that the Idaho State Bar is vicariously liable for the actions of its member attorneys and any failures in representing Van Hook. *Id.* at 5. The Court reviews each statute to determine whether Plaintiff may proceed under the facts alleged.

Idaho Code Section 48-603 codifies Idaho's Consumer Protection Act. Subsection (7) declares it unlawful when a person represents "that goods or

services are of a particular standard, quality, or grade…." I.C. § 48-603(7).

Subsection (9) declares it is unlawful when a person advertises "goods or services

with intent not to supply them as advertised." *Id.* at 48-603(9). Subsection (17)

makes it unlawful to engage "in any act or practice which is otherwise misleading,

false, or deceptive to the consumer." *Id.* at 48-603(17). And subsection (18) makes

it unlawful to engage "in any unconscionable method, act or practice in the

conduct of trade or commerce, as provided in section 48-603C." *Id.* at 48-603(18).

Section 603C provides a framework for identifying unconscionable methods, acts

or practices in the conduct of trade and commerce. Van Hook alleges also, that the

Idaho State Bar Association violated federal anti-trust laws, specifically, the

Sherman Act. Dkt. 1 at 9; *see* 15 U.S.C. Chapter 1.  Van Hook's Complaint,

however, does not contain any discernable factual allegations that would satisfy the

elements of these state or federal offenses.

 Although, at the motion to dismiss stage, the Court must accept Van Hook's

factual allegations as true, Court does not treat legal conclusions in the same

manner (i.e. "[t]he Idaho Bar Association has Vicarious Liability for its members

and their failures to represent the interests of their clients and abide by the Idaho

rules of Professional Conduct."). Dkt. 1 at 5. Careful review of Van Hook's

Complaint shows it contains legal conclusions couched as factual allegations. To

the extent that the allegations are indeed factual, even when assumed as true, they

do not plausibly give rise to an entitlement for relief under Idaho's antitrust laws, Idaho's consumer protection laws, or federal antitrust laws.

Furthermore, the Court finds also that it would be futile to allow Van Hook leave to amend his Complaint. The Court can imagine no set of facts that would support a claim that the Idaho State Bar is an unlawful monopoly under either state or federal law. Additionally, the Court can find no legal precedent to support an argument that the Idaho Consumer Protection Act would apply to the review mechanisms employed by the Idaho State Bar to research complaints about attorney-members. For these reasons, the Court will dismiss Van Hook's claims against the Idaho State Bar without leave to amend.

### C.     Claims specifically alleged against Christopher D. Boyd and Adams County, Idaho

Van Hook's claims against Christopher D. Boyd in his capacity as Adams County Prosecutor, and his claims against Adams County, do not survive the Defendants' motion to dismiss.

In the Complaint, Van Hook asserts two specific claims against Christopher D. Boyd, in his capacity as Adams County Prosecutor. The first is that Boyd unlawfully failed to ensure court documents from his Adams County case were sent to Canyon County when the cases were consolidated. Dkt. 1 at 7. The second is that Boyd violated Van Hook's civil rights when he directed him to be arrested

and jailed for a period of approximately twenty-six (26) hours. *Id.* Boyd asks the Court to dismiss these claims – and all others commonly alleged against him – based on absolute prosecutorial immunity (citing *Imbler v. Patchtman*, 424 U.S. 409 (1976), its progeny, and Idaho state law).

As an initial matter, the Court finds there is no basis in law to support a claim against Boyd or Adams County based on alleged failure to have certain court documents sent to Canyon County. Secondly, the Court finds that any potential Section 1983 claims against Boyd for his actions in directing the jailing or determining the time period of the jailing of Van Hook are barred by prosecutorial immunity. *See Imbler* at 427 (prosecuting attorney who acts within the scope of duties in initiating and pursuing a criminal prosecution and in presenting the state's case is absolutely immune from civil suit for damages for alleged deprivations of constitutional rights).

To the extent the claims asserted against Boyd are asserted against Adam's County, and taking all facts alleged in the Complaint as true, the Court finds the Complaint fails to state a claim for a deprivation of a federal constitutional right. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

Boyd argues also that the racketeering allegations leveled against him are barred by Idaho Code § 6-610. Section 6-610 requires a plaintiff to file a bond prior to the institution of legal proceedings against law enforcement officers.

However, because the Court conclusively finds, as explained below, that Plaintiff's Complaint does not contain any factual allegations that would amount to the elements of a racketeering offense, it is not necessary to consider the merits of the Boyd's Section 6-610 defense.[3]

### D. Civil rights claims against all Defendants

Van Hook's claims against all Defendants for violations of his civil rights are implausible and do not survive Defendants' motions to dismiss.

Van Hook accuses all Defendants of conspiracy to violate his First, Fifth, Eighth, Ninth, Thirteenth, and Fourteenth Amendment rights under the Constitution of the United States of America. Dkt. 1 at 7-8. As stated above, Van Hook's claims against the State of Idaho are not legally cognizable, and his constitutionally-based claims against Boyd fail due to prosecutorial immunity. As such, the Court considers Van Hook's blanket claim for civil rights violations as to the remaining Defendants only—Fisher, Fisher Law firm, Bond, Bond Law Chartered, Stretch, Grant, and Idaho Legal Aid Services, Inc. Notably, all of these Defendants are either private individuals or private entities.

---

[3] The Court notes that the application of Section 6-610's bond requirement and waiver is not clear cut. This Court has granted leeway to plaintiffs who fail to meet the requirement if they provide a reason for the failure. *See Bales v. ADA Cty.*, 2016 WL 1275595, at *1 (D. Idaho Mar. 31, 2016); *Cameron v. Owyhee Cty.*, WL 2594953, at *3 (D. Idaho June 22, 2010). *Kucirek for Estate & Heirs of Grossklaus v. Jared*, 2018 WL 4224847, at *10 (D. Idaho Sept. 5, 2018).

"The United States Constitution protects individual rights only from government action, not from private action." *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 746 (9th Cir. 2003). A private individual or entity's action may be treated as the government's action if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (quoting *Brentwood Academy*, 531 U.S. 288, 295 (2001). "The Supreme Court has identified at least four tests for determining whether a private entity's actions "amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus [or pervasive entwinement] test." *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (citation omitted).

Van Hook has alleged no facts showing defendants' actions amount to state action. To this end, Defendant attorneys and Defendant law firms serve their client's interests without involvement or approval of the state. For these reasons, Van Hook's constitutionally-based claims against these private Defendants and private entity Defendants are implausible. Provided the foregoing, the Court will grant the motions to dismiss Van Hook's constitutionally-based claims against all

Defendants and finds also that any amendment of the Complaint would be futile to cure the legal deficiencies in these claims.

### E.  Racketeering acts claims against all Defendants

Van Hook's claims against all Defendants for violations of state and federal racketeering laws are implausible and do not survive Defendants' motions to dismiss.

Van Hook accuses all Defendants of "being Racketeers" under Idaho Code Section 18-7803 and 18 U.S.C. Chapter 96. To state a racketeering claim under Section 1962(c), a plaintiff must allege: (i) conduct (ii) of an enterprise (ii) through a pattern (iv) of racketeering activity, and (v) injury in the plaintiffs' business or property by the conduct constituting the violation. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557, 559 (9th Cir. 2010).

Here, Van Hook's Complaint contains no factual allegations supporting Van Hook's claim that Defendants were jointly engaged or involved in any sort of enterprise connected to a pattern of "racketeering" activity. At most, Van Hook's Complaint states that the Defendants covered up criminal acts by his ex-wife, Dawn Renee Cannon, and two other individuals —Lloyd and Karen Elderedge— who apparently had acted as caretakers for his children at a point in time. (Dkt. 1 at 8-9.) This allegation contains little more than the legal conclusion that Van Hook's wife's actions were criminal or illegal – without describing what those acts were.

Further, the Court finds implausible the claim that all Defendants worked together to cover up the acts of Van Hook's ex-wife. For these reasons, the Court will grant Defendants' motions to dismiss Van Hook's federally-based racketeering claims.

Similarly, the allegations in the Complaint do not support a state law-based racketeering claim. To establish a racketeering claim under Idaho Code Section 18-7803(c), a plaintiff "must prove both the existence of an 'enterprise' and a connected 'pattern of racketeering activity.'" *Mannos v. Moss*, 143 Idaho 927, 935 (Idaho 2007). (internal citations omitted). An "enterprise" is "any sole proprietorship, partnership, corporation, business, labor union, association or other legal entity or any group of individuals associated in fact and not a legal entity…" I.C. § 18-7803(c). A pattern of racketeering activity is shown through engagement in at least two incidents of racketeering conduct that have "the same or similar intents, results, accomplices, victims or methods of commission, or are otherwise interrelated…" *Id.* at § 18-7803(d).

Van Hook's Complaint contains no factual allegations that would plausibly entitle him to relief under state racketeering law. Furthermore, the Court can imagine no set of circumstances where the particular Defendants named in this matter would engage in a pattern of racketeering activity with any similar intent, victim, or interrelated methods. As such, the Court will dismiss all racketeering-based claims without leave to amend.

**F.      Fraud on the court claims against Stretch, Grant, Bond, and Fisher**

Van Hook's claims of "fraud on the court" are implausible and do not survive Defendants' motions to dismiss.

Van Hook accuses attorney Defendants Stretch, Grant, Bond, and Fisher of committing "fraud on the court." Although courts have long "struggled to define the conduct that constitutes fraud on the court" "[m]ost fraud on the court cases involve a scheme by one party to hide a key fact from the court and the opposing party." *United States v. Estate of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011). In reviewing a fraud on the court claim, the determinative issue is not whether fraud existed, but whether there was fraud that attempted or did "defile the court" so that it could not "perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Id.*

There are no facts in Van Hook's Complaint, accepted as true, that state a plausible claim of fraud on the court. Additionally, the Court takes particular notice of the fact that Van Hook has been identified as a vexatious litigant pursuant to Idaho Court Administrative Rule 59. As a part of that finding, the reviewing judge found that Van Hook has repeatedly relitigated issues surrounding his divorce and custody proceedings. To that end, Van Hook has accused judges and attorneys (including those presently accused of committing "fraud of the court") of

acting in concert to deprive him of his rights. No court that has reviewed these claims has found any merit to them. Likewise, this Court finds the claims are implausible and it appears beyond a doubt Van Hook can prove no set of facts that would entitle him to relief. Therefore, this shortcoming cannot be cured by amendment. The Court will grant Defendants' motions to dismiss the fraud on the Court claims without leave to amend.

### G. Claims of emotional distress and for punitive damages against all Defendants

Van Hook's claims of emotional distress and for punitive damages are implausible or legally impossible and do not survive Defendants' motions to dismiss.

Van Hook's Complaint contains a claim for infliction of emotional distress against all Defendants. To prove an intentional infliction of emotional distress claim, a plaintiff must show that (1) a defendant's conduct was intentional or reckless; (2) the conduct was extreme or outrageous; (3) there was a causal connection between the wrongful conduct and the plaintiff's emotional distress; and (4) the distress was severe. *Sadid v. Vailas*, 943 F. Supp. 2d 1125, 1131 (D. Idaho 2013). "Liability for this intentional tort is generated only by conduct that is very extreme. The conduct must be not merely unjustifiable; it must rise to the level of 'atrocious' and 'beyond all possible bounds of decency,' such that it would

cause an average member of the community to believe that it was outrageous." *Id.*
(citing *Edmondson v. Shearer Lumber Prods.*, 75 P.3d 733, 741 (2003)).

Van Hook's Complaint contains no factual allegations that support a claim
of intentional infliction of emotional distress as to any Defendant. Finally, Van
Hook's claim for punitive damages does not hold water due to the failure of each
of his other claims.

## CONCLUSION

The Court finds that Van Hook's claims of conspiracy to violate his civil
rights, breach of the Idaho Rules of Professional Conduct, and breach of
contractual duties alleged against Defendants Stretch, Grant, Idaho Legal Aid
Services, Inc., Bond, Bond Law Chartered, Fisher, Fisher Law Firm, PLLC are
barred by *res judicata* and collateral estoppel. Furthermore, under the most liberal
reading of the Complaint, the Court can discern no cognizable set of facts that
could plausibly give rise to an entitlement for relief as to each of the remaining
claims. Based on these reasons, the Court concludes that the Complaint is subject
to dismissal. Finally, as explained fully herein, the Court finds amendment would
be futile. (*See Lopez v. Smith*, 203 F.3d, 1122 at 1130-33 (9th Cr. 2000)). Van
Hook's Complaint will be dismissed with prejudice. Provided this ruling, the Court
need not reach Defendants' insufficiency of process arguments.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED that:**

1) The minor children plaintiffs are **DISMISSED** from this lawsuit.

2) Defendants' Motions to Dismiss (Dkts. 9, 12, and 14) are **GRANTED**.

3) Defendants' Motions to Quash Service (Dkts. 3, and 6) are **MOOT**.

4) The Clerk is directed to **DISMISS** the Complaint with **PREJUDICE**.

DATED: September 19, 2019

_____
B. Lynn Winmill
U.S. District Court Judge