UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD VAN HOOK;<br><br>Plaintiff,<br><br>v.<br><br>STATE OF IDAHO; IDAHO STATE BAR; STEVEN FISHER; FISHER LAW FIRM; MARY GRANT; KIMBERLI STRETCH; IDAHO LEGAL AID; VIRGINIA BOND; BOND LAW CHARTERED; CHRISTOPHER D. BOYD; ADAMS COUNTY, IDAHO; JOHN DOES 1–100; AND UNKNOWN AGENTS of the IDAHO THIRD JUDICIAL DISTRICT,<br><br>Defendant. | Case No. 1:19-cv-00170-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are three motions: Plaintiff's Motion for Entry of Default Unknown Agents (of Idaho Third Judicial District) (Dkt. 29); Plaintiff's Motion for Reconsideration (Dkt. 30), and Plaintiff's Motion for Leave to Identify

Further Defendants. (Dkt. 32.) For the following reasons the Court will deny all three motions.

## ANALYSIS

### 1. Motion for Entry of Default Judgment

Plaintiff Van Hook has moved the Court for an entry of default against unknown agents of Idaho Third Judicial District. (Dkt. 29.) When a defendant has "failed to plead or otherwise defend," the failure must be shown by affidavit or otherwise, and the plaintiff must request an entry of default by the clerk under Rule 55(a). Before the clerk can enter a default under Rule 55(a), a defendant must fail to appear, and a person can only fail to appear if he or she had proper service of the lawsuit. *Paddock v. Ballou*, 1:18-CV-00005-DCN, 2018 WL 1902678 (D. Idaho Apr. 20, 2018).

Van Hook is not entitled to an entry of default in this matter because he has failed to properly serve the defendants against whom he seeks default judgment. The Unknown Agents of the Idaho Third Judicial District cannot be properly served if they have not been identified. Therefore, Plaintiff is not entitled to default judgment against these defendants under Rule 55 and the Court will deny Plaintiff's Motion for Entry of Default.

## 2. Motion for Leave to Identify Further Defendants

Van Hook filed a motion seeking leave to amend his Complaint to identify defendants currently named as "John Doe." (Dkt. 32.) Federal Rule of Civil Procedure 15(a) allows a party to amend his pleading once as a matter of course within "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Otherwise, a party may only amend its pleading with the opposing party's consent or the court's leave. *Id.* A court may dismiss the complaint of a *pro se* litigant without leave to amend if it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief and this defect cannot be cured by amendments. *See Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000).

The Court has already determined that Van Hook's claims not barred by *res judicata* and collateral estoppel are implausible. Under the most liberal reading of the Complaint, the Court can discern no cognizable set of facts that could plausibly give rise to an entitlement for relief as to these claims. Therefore, Plaintiff's Motion for Leave to Identify Further Defendants is denied.

## 3. Motion to Reconsider

Van Hook argues the Court should reconsider its September 19, 2019 Order granting Defendants' Motions to Dismiss and dismissing the Complaint with

prejudice. (Dkt. 30 at 1.) Plaintiff cites Rule 59 and Rule 60 in support of his motion to reconsider. Rules 59(a) through (d) only apply to motions for a new trial, and Rule 59(e) permits amendment to a final judgment. No judgment has been entered in this case, therefore there is no merit to a motion made under Rule 59.

Next, Federal Rule of Civil Procedure 60(a), states that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." In determining whether a mistake may be corrected under Rule 60(a) the focus is on "'what the court originally intended to do.'" *Tattersalls, Ltd. V. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987)).

Van Hook asks the Court to reconsider its September 19, 2019 Order due to oversights and omissions. Van hook believes the Court failed to review Plaintiff's First Declaration in its entirety and submits a Second Declaration attempting to clarify his claims. However, Van Hook has not pointed to any evidence in the record that the Court overlooked or omitted from consideration in evaluating Defendants' motions to dismiss. Further, the Court previously found that allowing Van Hook to amend his complaint would be futile, and Van Hook's Second failed to plead any additional facts that would give rise to an entitlement for relief within his Second Declaration. (*See* Dkt. 31.) Thus, a correction or clarification to the September 19, 2019 Order is unnecessary.

The Court fully explained its reasoning for dismissing the Complaint with prejudice in its previous order: Van Hook claims are implausible and do not survive Defendants' motions to dismiss. (*See* Dkt. 26.) Furthermore, the Court finds beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief and this defect cannot be cured by amendments. Consequently, Van Hook's motion for reconsideration is denied. A final judgment will issue in line with this order.

## ORDER

**IT IS ORDERED that**

1. Plaintiff's Motion for Entry of Default Unknown Agents (of Idaho Third Judicial District) (Dkt. 29) is **DENIED**.

2. Plaintiff's Motion for Reconsideration (Dkt. 30) is **DENIED**.

3. Defendant's Motion for Leave to Identify Further Defendants (Dkt. 32) is **DENIED**.

DATED: **November 26, 2019**

B. Lynn Winmill
United States District Judge